UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHAN COWANS,<br>　　Plaintiff,<br><br>v.<br><br>CITY OF BOSTON; BOSTON POLICE DEPARTMENNT; DONALD L. DEVINE, Deputy Superintendent of the Bureau of Investigative Services for the Boston Police Department, in his individual capacity; ROBERT FOLIB, Supervisor of the Boston Police Department Identification Unit, in his Individual capacity; GREGORY D. GALLAGHER, in his individual capacity; DENNIS LEBLANC, in his individual capacity; JOHN H. MCCARTHY, in his individual capacity; PAUL T. MCDONOUGH, in his individual capacity; ROSEMARY MCLAUGHLIN, in her individual capacity; HERBERT L. SPELLMAN, in his individual capacity; and DOES 1-10;<br>　　Defendants. | C.A. 05 11574 RGS |

**DEFENDANT ROSEMARY McLAUGHLIN'S ANSWER
TO PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

**FIRST AFFIRMATIVE DEFENSE**

　　The defendant hereby states that the plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

　　The defendant hereby answers the plaintiff's Complaint, paragraph by paragraph as follows:

1

1. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant or the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant or the defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

6. The defendant denies the allegations contained in this paragraph.

7. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

## JURISDICTION

8. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

## VENUE

9. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

## PARTIES

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. The defendant admits the allegations contained in this paragraph.

12. The defendant admits the allegations contained in this paragraph.

13. The defendant admits that Donald L. Devine was a member of the Boston Police Department. The remaining allegations contained in this paragraph either state a conclusion of law to which the defendant need not respond or the defendant is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph.

14. The defendant admits that Robert Foilb was a member of the Boston Police Department. The remaining allegations contained in this paragraph either state a conclusion of law to which the defendant need not respond or the defendant is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph.

15. The defendant admits that Gregory D. Gallagher was a member of the Boston Police Department. The remaining allegations contained in this paragraph either state a conclusion of law to which the defendant need not respond or the defendant is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph.

16. The defendant admits that Dennis LeBlanc was a member of the Boston Police Department. The remaining allegations contained in this paragraph either state a conclusion of law to which the defendant need not respond or the defendant is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph.

17. The defendant admits that John H. McCarthy was a member of the Boston Police Department. The remaining allegations contained in this paragraph either state a conclusion of law to which the defendant need not respond or the defendant is without

sufficient knowledge or information to form a belief as to the allegations contained in this paragraph.

18. The defendant admits that Paul T. McDonough was a member of the Boston Police Department. The remaining allegations contained in this paragraph either state a conclusion of law to which the defendant need not respond or the defendant is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph.

19. The defendant admits that she was a member of the Boston Police Department working in the Identification Unit and was involved in the collection, analysis, and verification of evidence regarding the latent fingerprints collected at the crime scene. The remaining allegations contained in this paragraph state a conclusion of law to which the defendant need not respond.

20. The defendant admits that Herbert L. Spellman was a member of the Boston Police Department. The remaining allegations contained in this paragraph either state a conclusion of law to which the defendant need not respond or the defendant is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph.

21. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## JURY TRIAL DEMAND

22. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

## FACTS

### The Crime

23. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

32. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

33. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

34.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### The False Identification as Stephan Cowans' Fingerprint

35.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

38.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

39.    The defendant is without sufficient knowledge or information to form a belief as to the allegations contained in the first sentence of this paragraph. The defendant denies the allegations contained in the second sentence of this paragraph.

40.    The defendant admits the first line of the allegations contained in this paragraph but is without sufficient knowledge or information to form a belief as to the remaining allegations contained in this paragraph.

41.    The defendant is without sufficient knowledge or information to form a belief as to the allegations contained in the first line of this paragraph. The defendant denies the remaining allegations contained in this paragraph.

42.    The defendant is without sufficient knowledge or information to form a belief as to the allegations contained in the first line of this paragraph. The defendant denies the remaining allegations contained within this paragraph.

43.    The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

44. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

45. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

46. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

47. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

48. The defendant admits the allegations contained in this paragraph.

49. The defendant denies the allegations contained in this paragraph.

50. The defendant admits the allegations contained in this paragraph.

51. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Mr. Cowans' Exoneration**

52. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

53. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

54. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

55. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

56. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## The Internal Investigation of the Boston Police Department Identification Unit

57. The defendant is without sufficient knowledge or information to form a belief as to the allegation contained in the first sentence of this paragraph. The defendant admits that the Boston Police Department hired Ron Smith & Associates, Inc. to conduct an internal investigation.

58. The defendant admits that Ron Smith is a Certified Latent Print Examiner but is without sufficient knowledge or information to form a belief as to the remaining allegations contained in this paragraph.

59. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

60. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

61. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

62. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

63. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

64. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

65. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

66. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

67.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

68.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

69.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

70.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

71.  The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### Damages

72.  The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

### CLAIMS

#### Count I—42 U.S.C. § 1983

**Due Process Claims against Defendants LeBlanc, McLaughlin, Foilb, McCarthy, McDonogh, Spellman, Gallagher and Doe Defendants for Failing to Disclose Evidence; Due Process Claims against Defendants LeBlanc, McLaughlin, Foilb, Gallagher and Doe Defendants for Fabricating Evidence; and Due Process Claims Against Defendants McCarthy, McDonough, Spellman and Doe Defendants for Failure to Investigate.**

73.  The defendant hereby repeats her responses to the preceding paragraphs 1-72 of the plaintiff's Complaint.

A.   **Fourteenth Amendment Brady Claims**

74.  The defendant denies the allegations contained in this paragraph.

75. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

76. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant or the defendant is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph.

77. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant or the defendant is without sufficient knowledge or information to form a belief as to the allegations contained in this paragraph.

**B.     Fabricating False Inculpatory Evidence**

78. The defendant denies the allegations contained in this paragraph.

79. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

80. The defendant denies the allegations contained in this paragraph.

**C.     Failure to Investigate**

81. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

### Count II—42 U.S.C. § 1983

### Claims against Defendants LeBlanc, McLaughlin, Foilb, McCarthy, McDonough, Spellman, Gallagher and Doe Defendants for Malicious Prosecution

82. The defendant hereby repeats her responses to the preceding paragraphs 1-81 of the plaintiff's Complaint.

83. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

84. The defendant denies the allegations contained in this paragraph.

85. The defendant admits that the criminal action ultimately terminated in the plaintiff's favor but is without sufficient knowledge or information to form a belief as to the allegations contained in the remaining portion of this paragraph.

86. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

87. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

88. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

### Count III—42 U.S.C. § 1983

### Monell Claim against the City of Boston and the Boston Public Department

89. The defendant hereby repeats her responses to the preceding paragraphs 1-88 of the plaintiff's Complaint.

90. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

91. The allegations contained in this paragraph state a conclusion of law to which the defendant need not respond. To the extent necessary, the defendant denies the allegations contained within this paragraph.

92. The allegations contained in this paragraph state a conclusion of law to which the defendant need not respond. To the extent necessary, the defendant denies the allegations contained within this paragraph.

### Count IV-- 42 U.S.C. § 1983
### Supervisory Liability Claims against defendants Foilb, Spellman and Doe Defendants, Supervisors in the Boston Police Department

93. The defendant hereby repeats her responses to the preceding paragraphs 1-92 of the plaintiff's Complaint.

94. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

95. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

### Count V--42 U.S.C. § 1983

### Conspiracy Claims against defendants LeBlanc, McLaughlin, Foilb, McCarthy, McDonough, Spellman, Gallagher and Doe Defendants

96. The defendant hereby repeats her responses to the preceding paragraphs 1-95 of the plaintiff's Complaint.

97. The defendant denies the allegations contained in this paragraph.

98. The defendant denies the allegations contained within the first sentence of this paragraph. The allegations contained in the remaining paragraphs state a conclusion of law to which the defendant need not respond.

99.
   A. The defendant denies the allegations contained in this paragraph.
   B. The defendant denies the allegations contained in this paragraph.
   C. The defendant denies the allegations contained in this paragraph.

100. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

### Count VI---State Tort Law

### Claims against Defendant LeBlanc, McLaughlin, Foilb, McCarthy, McDonough, Spellman, Gallagher and Doe Defendants for Malicious Prosecution and Abuse of Process

101. The defendant hereby repeats her responses to the preceding paragraphs 1-100 of the plaintiff's Complaint.

102. The defendant denies the allegations contained in this paragraph.

103. The defendant admits that the criminal action ultimately terminated in the plaintiff's favor but is without sufficient knowledge or information to form a belief as to the allegations contained in the remaining portions of this paragraph.

104. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

105. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

**Count VIII—State Tort Law**

**Claims against Defendants LeBlanc, McLaughlin, Foilb, McCarthy, McDonough, Spellman, Gallagher and Doe Defendants for Negligent Infliction of Emotional Distress**

106. The defendant hereby repeats her responses to the preceding paragraphs 1-105 of the plaintiff's Complaint.

107. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

108. The defendant denies the allegations contained in this paragraph.

109. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

110. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

111. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

112. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

113. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

## Count IX—State Tort Law
## Claims against Defendants LeBlanc, McLaughlin, Foilb, McCarthy, McDonough, Spellman, Gallagher and Doe Defendants for Intentional Infliction of Emotional Distress

114. The defendant hereby repeats her responses to the preceding paragraphs 1-113 of the plaintiff's Complaint.

115. The defendant denies the allegations contained in this paragraph.

116. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

117. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

118. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

119. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

## Count X—State Tort Law
## Claims against Defendants LeBlanc, McLaughlin, Foilb, McCarthy, McDonough, Spellman, Gallagher, Doe Defendants, the City of Boston and the Boston Police Department for False Imprisonment

120. The defendant hereby repeats her responses to the preceding paragraphs 1-119 of the plaintiff's Complaint.

121. The defendant denies the allegations contained in this paragraph.

122. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

## Count XI—State Tort Law
### Claims against Defendant City of Boston and the Boston Police Department for Negligent Training and Supervision

123. The defendant hereby repeats her responses to the preceding paragraphs 1-122 of the plaintiff's Complaint.

124. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

125. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

126. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

## CLAIMS FOR DAMAGES

127. The allegations in this paragraph call for a legal conclusion and, therefore require no response from the defendant.

128. The defendant denies the allegations contained in this paragraph.

129. The defendant denies the allegations contained in this paragraph.

## DEMAND FOR JUDGMENT

WHEREFORE, the defendant denies that the plaintiff is entitled to judgment in any amount against the defendant and, furthermore, the defendant asks this Honorable Court to enter judgment for the defendant and against the plaintiff along with interest, costs and attorney's fees.

## THIRD AFFIRMATIVE DEFENSE

The defendant is entitled to qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

The defendant states that her actions are immune from suit as she was engaging in discretionary functions.

## FIFTH AFFIRMATIVE DEFENSE

The defendant states that she was privileged in her conduct and acts and therefore the plaintiff cannot recover.

## SIXTH AFFIRMATIVE DEFENSE

The defendant states that the action is barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The defendant states that her actions are entitled to a qualified good-faith immunity.

## JURY CLAIM

The defendant claims a trial by jury as to all issues properly triable to a jury.

Respectfully submitted,
Rosemary McLaughlin,
By Her Attorneys,

/s/ Jeremy Silverfine
Leonard H. Kesten, BBO# 542042
Jeremy I. Silverfine, BBO#542779
BRODY, HARDOON, PERKINS & KESTEN, LLP
One Exeter Plaza
Boston, MA 02116
617-880-7100

Dated: September 21, 2005