UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05-11574 RGS

STEPHAN COWANS.,
      Plaintiffs,

v.

CITY OF BOSTON, BOSTON POLICE
DEPARTMENT, DONALD L. DEVINE,
ROBERT FOILB, GREGORY D.
GALLAGHER, DENNIS LEBLANC,
JOHN H. MCCARTHY, PAUL T.
MCDONOUGH, ROSEMARY
MCLOUGHLIN, HERBERT L.
SPELLMAN, and DOES 1-10
      Defendants.

**DEFENDANTS CITY OF BOSTON AND BOSTON POLICE DEPARTMENT'S
ANSWER TO THE PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES
AND JURY DEMAND**

NOW COMES the City of Boston and Boston Police Department[1] (hereinafter "Defendant City of Boston"), and hereby answers the Plaintiff's Complaint as follows:

**COMPLAINT**

**INTRODUCTION**

1.      The Defendant City of Boston considers paragraph one of the Complaint as introductory only and not requiring a response. To the extent that paragraph one contains factual allegations, the Defendant admits that Stephen Cowans was convicted of numerous crimes including armed assault with intent to murder Police Sergeant Gregory Gallagher, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph one of the Complaint.

---

[1] The Plaintiff named both the City of Boston and its Police Department as defendants in his Complaint.  The Boston Police Department is not a separate legal entity subject to lawsuits.  Accordingly, a separate answer will not be filed on behalf of the Boston Police Department. See Curran v. City of Boston, 777 F. Supp. 116, 120 (D. Mass. 1991).

2.      The Defendant City of Boston considers paragraph two of the Complaint as introductory only and not requiring a response. To the extent that paragraph two contains factual allegations, the Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two of the Complaint.

3.      The Defendant City of Boston considers paragraph three of the Complaint as introductory only and not requiring a response. To the extent that paragraph three contains factual allegations, the Defendant admits that the Boston Police Department Latent Print Unit was responsible for the collection and analysis of fingerprint evidence in the Cowans case, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph three of the Complaint.

4.      The Defendant City of Boston considers paragraph four of the Complaint as introductory only and not requiring a response.  To the extent that paragraph four contains factual allegations, the Defendant admits that Ron Smith & Associates produced a report dated March 8, 2004, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph four of the Complaint.

5.      The Defendant City of Boston considers paragraph five of the Complaint as introductory only and not requiring a response.  To the extent that paragraph five contains factual allegations against it, the Defendant denies such allegations.  To the extent that paragraph five contains factual allegations against other Defendants, the City alleges that it is without knowledge or information sufficient to form a belief as to the truth of such allegations.

6.      The Defendant City of Boston considers paragraph six of the Complaint as introductory only and not requiring a response.  To the extent that paragraph six contains factual allegations against it, the Defendant denies such allegations.  To the extent that paragraph six contains factual allegations against other Defendants, the City alleges that it is without knowledge or information sufficient to form a belief as to the truth of such allegations.

7.      The Defendant City of Boston considers paragraph seven of the Complaint as introductory only and not requiring a response.  To the extent that paragraph seven contains factual allegations against it, the Defendant denies such allegations.  To the extent that paragraph seven contains factual allegations against other Defendants, the City alleges that it is without knowledge or information sufficient to form a belief as to the truth of such allegations.

## JURISDICTION

8.    The Defendant City of Boston considers paragraph eight as a pure conclusion of law for which no response is required.  To the extent there are factual allegations deemed inherent in the jurisdictional statement, the same are denied.

## VENUE

9.    The Defendant City of Boston considers paragraph nine as a pure conclusion of law for which no response is required.  To the extent there are factual allegations deemed inherent in paragraph nine, the same are denied.

## PARTIES

10.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten of the Complaint.

11.    The Defendant City of Boston admits the allegations contained in paragraph eleven of the Complaint.

12.    The Defendant City of Boston admits the allegations contained in paragraph twelve of the Complaint.

13.    The Defendant City of Boston admits that beginning August 11, 1997 Donald Devine had supervisory responsibility over the Latent Print Unit, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph thirteen of the Complaint.

14.    The Defendant City of Boston admits that Robert Foilb was a sergeant in the Boston Police Department, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen of the Complaint.

15.    The Defendant City of Boston admits that Gregory Gallagher was a sergeant in the Boston Police Department, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen of the Complaint.

16.    The Defendant City of Boston admits that Dennis LeBlanc was a member of the Boston Police Department Identification Unit and was involved in the collection and analysis of evidence regarding latent fingerprints collected at the crime scene, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph sixteen of the Complaint.

3

17.     The Defendant City of Boston admits that John McCarthy was a member of the Boston Police Department working in the Homicide Division and was involved in the investigation of the Cowans case, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph seventeen of the Complaint.

18.     The Defendant City of Boston admits that Paul McDonough was a member of the Boston Police Department working in the Homicide Division and was involved in the investigation of the Cowans case, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph eighteen of the Complaint.

19.     The Defendant City of Boston admits that Rosemary McLaughlin was a member of the Boston Police Department Identification Unit and was involved in the collection and analysis of evidence regarding latent fingerprints collected at the crime scene, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph nineteen of the Complaint.

20.     The Defendant City of Boston admits that Herbert Spellman was a member of the Boston Police Department and had supervisory responsibility over the Homicide Division investigation and detectives who investigated the Cowans case, and alleges that it without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph twenty of the Complaint.

21.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one of the Complaint.

## JURY TRIAL AND DEMAND

22.     The Defendant City of Boston considers paragraph twenty-two as one for which no response is required.  To the extent there are factual allegations deemed inherent in paragraph twenty-two, the same are denied.

## FACTS

### The Crime

23.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-three of the Complaint.

24.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-four of the Complaint.

4

25.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-five of the Complaint.

26.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-six of the Complaint.

27.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-seven of the Complaint.

28.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-eight of the Complaint.

29.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-nine of the Complaint.

30.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty of the Complaint.

31.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-one of the Complaint.

32.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-two of the Complaint.

33.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-three of the Complaint.

34.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-four of the Complaint.

### The False Identification as Stephan Cowans' Fingerprint

35.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-five of the Complaint.

36.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-six of the Complaint.

37.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-seven of the Complaint.

38.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-eight of the Complaint.

39.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-nine of the Complaint.

40.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty of the Complaint.

41.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-one of the Complaint.

42.     The Defendant City of Boston admits that Detectives John McCarthy, Paul McDonough, and Sergeant Detective Herbert L. Spellman investigated the shooting of Gregory Gallagher, but alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph forty-two of the Complaint.

43.     The Defendant City of Boston admits that as part of the investigation into Gregory Gallagher's shooting, he interviewed with Sergeant Detective Kevin E. Waggett, but alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph forty-three of the Complaint.

44.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-four of the Complaint.

45.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-five of the Complaint.

46.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-six of the Complaint.

47.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-seven of the Complaint.

48.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-eight of the Complaint.

49.     To the extent that paragraph forty-nine contains factual allegations against it, the Defendant City of Boston denies such allegations.  To the extent that paragraph forty-nine contains factual allegations against other Defendants, the City alleges that it is without knowledge or information sufficient to form a belief as to the truth of such allegations.

50.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty of the Complaint.

51.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-one of the Complaint.

## Mr. Cowans' Exoneration

52.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-two of the Complaint.

53.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-three of the Complaint.

54.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-four of the Complaint.

55.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-five of the Complaint.

56.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-six of the Complaint.

### The Internal Investigation of the Boston Police Department Identification Unit

57.    The Defendant City of Boston admits that it hired Ron Smith & Associates to conduct and internal investigation, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-seven of the Complaint.

58.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-eight of the Complaint.

59.    The Defendant City of Boston admits that it received a report from Ron Smith & Associates dated March 8, 2004, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-nine of the Complaint.

60.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty of the Complaint.

61.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-one of the Complaint.

62.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-two of the Complaint.

63.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-three of the Complaint.

64.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-four of the Complaint.

65.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-five of the Complaint.

66.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-six of the Complaint.

67.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-seven of the Complaint.

68.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-eight of the Complaint.

69.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-nine of the Complaint.

70.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventy of the Complaint.

71.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventy-one of the Complaint.

**Damages**

72.     The Defendant City of Boston denies that it acted in an unconstitutional manner, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph seventy-two of the Complaint.

**CLAIMS**

**Count I – 42 U.S.C. §1983**

73-81.  Paragraphs seventy-three through eighty-one contain allegations against Defendants other than the City of Boston, and therefore no response from the City of Boston is required.  To the extent paragraphs seventy-three through eighty-one are construed to allege facts, Defendant City of Boston denies the same.

## Count II – 42 U.S.C. §1983
## Malicious Prosecution

82-88. Paragraphs eighty-two through eighty-eight contain allegations against Defendants other than the City of Boston, and therefore no response from the City of Boston is required. To the extent paragraphs eighty-two through eighty-eight are construed to allege facts, Defendant City of Boston denies the same.

## Count III – 42 U.S.C. §1983
## Monell Claim

89.     The Defendant City of Boston repeats and incorporates its answers to paragraphs one through eighty-eight.

90.     The Defendant City of Boston denies the allegations contained in paragraph ninety of the Complaint.

91.     The Defendant City of Boston denies the allegations contained in paragraph ninety-one of the Complaint.

92.     The Defendant City of Boston denies the allegations contained in paragraph ninety-two of the Complaint.

## Count IV – 42 U.S.C. §1983
## Supervisory Liability Claims

93-95. Paragraphs ninety-three through ninety-five contain allegations against Defendants other than City of Boston, and therefore no response from City of Boston is required. To the extent that paragraphs ninety-three through ninety-five are construed to allege facts, Defendant City of Boston denies the same.

## Count V – 42 U.S.C. §1983
## Conspiracy Claims

96-100. Paragraphs ninety-six through one hundred contain allegations against Defendants other than City of Boston, and therefore no response from City of Boston is required. To the extent that paragraphs ninety-three through ninety-five are construed to allege facts, Defendant City of Boston denies the same.

## Count VI – State Tort Law
## Malicious Prosecution and Abuse of Process

101-105. Paragraphs one hundred one through one hundred five contain allegations against Defendants other than City of Boston, and therefore no response from City of Boston is required. To the extent that paragraphs one hundred one through one hundred five are construed to allege facts, Defendant City of Boston denies the same.

## Count VIII – State Tort Law
## Negligent Infliction of Emotional Distress

106-113.  Paragraphs one hundred six through one hundred thirteen contain allegations against Defendants other than the City of Boston, and therefore no response from the City of Boston is required.  To the extent that paragraphs one hundred six through one hundred thirteen are construed to allege facts, Defendant City of Boston denies the same.

## Count IX – State Tort Law
## Intentional Infliction of Emotional Distress

114-119.  Paragraphs one hundred fourteen through one hundred nineteen contain allegations against Defendants other than City of Boston, and therefore no response from City of Boston is required.  To the extent that paragraphs one hundred fourteen through one hundred nineteen are construed to allege facts, Defendant City of Boston denies the same.

## Count X – State Tort Law
## False Imprisonment

120.    The Defendant City of Boston repeats and incorporates its answers to paragraphs one through one-hundred nineteen and states that it cannot be held liable for the intentional torts of its employees.

121.    The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-one of the Complaint.

122.    The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-two of the Complaint.

## Count XI – State Tort Law
## Negligent Training and Supervision

123.    The Defendant City of Boston repeats and incorporates its answers to paragraphs one through one-hundred twenty-three.

124.    The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-four of the Complaint.

125.    The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-five of the Complaint.

126.    The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-six of the Complaint.

## CLAIMS FOR DAMAGES

127.    The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-seven of the Complaint.

128.    The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-eight of the Complaint.

129.    The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-nine of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Defendant City of Boston states that the injury or damage alleged in Plaintiff's Complaint was neither caused nor proximately caused by the Defendant City of Boston.

### Second Affirmative Defense

The Defendant City of Boston states that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

The Defendant City of Boston states that the injuries and damages alleged were caused by a person or entity over whom the Defendant City of Boston has no responsibility or control.

### Fourth Affirmative Defense

The Defendant City of Boston states that the injuries and damages alleged were caused by the Plaintiff's own intentional conduct and not the conduct of the Defendant City of Boston.

### Fifth Affirmative Defense

The Defendant City of Boston states that the Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States or Commonwealth of Massachusetts.

### Sixth Affirmative Defense

The Defendant City of Boston states that the complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983 because it fails to show any factual connection between alleged, unconstitutional custom, policy or practice of the City and the violation of the Plaintiff's constitutional rights.

### Seventh Affirmative Defense

The Defendant City of Boston states that at all times relevant hereto, the City of Boston acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

### Eighth Affirmative Defense

The Defendant City of Boston states that it is a municipality against which punitive damages may not be assessed.

### Ninth Affirmative Defense

The Defendant City of Boston states that it cannot be held liable for the intentional torts of its employees pursuant to M.G.L.A. ch. 258.

### **Jury Claim**

The Defendant City of Boston hereby demands a trial by jury on all counts and causes of action.

DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel
By its attorneys,

/s/ Thomas R. Donohue

_____
Stephen G. Cox - BBO# 566943
Thomas R. Donohue - BBO# 643483
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4064 - Cox
(617) 635-4039 - Donohue

13