UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11574 RGS

STEPHAN COWANS.,
    Plaintiffs,

v.

CITY OF BOSTON, BOSTON POLICE DEPARTMENT, DONALD L. DEVINE, ROBERT FOILB, GREGORY D. GALLAGHER, DENNIS LEBLANC, JOHN H. MCCARTHY, PAUL T. MCDONOUGH, ROSEMARY MCLOUGHLIN, HERBERT L. SPELLMAN, and DOES 1-10
    Defendants.

## AMENDED ANSWER

## FILED ON BEHALF OF DEFENDANT CITY OF BOSTON

NOW COMES the City of Boston and hereby files the following AMENDED ANSWER to the Plaintiff's Complaint as follows:

## INTRODUCTION

1. The Defendant City of Boston considers paragraph one of the Complaint as introductory only and not requiring a response. To the extent that paragraph one contains factual allegations, the Defendant admits that Stephen Cowans was convicted of numerous crimes including armed assault with intent to murder Police Sergeant Gregory Gallagher, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph one of the Complaint.

AMENDED ANSWER ¶ 1

Defendant incorporates the substance of its initial answer, and further answering, admits that plaintiff's conviction was vacated on the grounds of actual innocence, and that the District Attorney stated that the fingerprint evidence presented against him at trial falsely implicated plaintiff.

2.   The Defendant City of Boston considers paragraph two of the Complaint as introductory only and not requiring a response. To the extent that paragraph two contains factual allegations, the Defendant alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph two of the Complaint.

3.   The Defendant City of Boston considers paragraph three of the Complaint as introductory only and not requiring a response. To the extent that paragraph three contains factual allegations, the Defendant admits that the Boston Police Department Latent Print Unit was responsible for the collection and analysis of fingerprint evidence in the Cowans case, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph three of the Complaint.

AMENDED ANSWER ¶ 3

Defendant incorporates the substance of its initial answer, and further answering, admits that it commissioned an assessment of the Latent Print unit by fingerprint experts subsequent to learning that the fingerprint evidence presented against plaintiff was false.

4.   The Defendant City of Boston considers paragraph four of the Complaint as introductory only and not requiring a response. To the extent that paragraph four contains factual allegations, the Defendant admits that Ron Smith & Associates produced a report dated March 8, 2004, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph four of the Complaint.

AMENDED ANSWER ¶ 4

Defendant incorporates the substance of its initial answer, and further answering, states that the report issued by Ron Smith and Associates speaks for itself.

5.   The Defendant City of Boston considers paragraph five of the Complaint as introductory only and not requiring a response. To the extent that paragraph five contains factual allegations against it, the Defendant denies such allegations. To the extent that paragraph five contains factual allegations against other Defendants, the City alleges that it is without knowledge or information sufficient to form a belief as to the truth of such allegations.

AMENDED ANSWER ¶ 5

>The allegations of this paragraph contain conclusions of law to which no responsive pleading is required. To the extent the allegations contained therein purport to state a claim against the municipal defendant, those allegations are denied.

6. The Defendant City of Boston considers paragraph six of the Complaint as introductory only and not requiring a response. To the extent that paragraph six contains factual allegations against it, the Defendant denies such allegations. To the extent that paragraph six contains factual allegations against other Defendants, the City alleges that it is without knowledge or information sufficient to form a belief as to the truth of such allegations.

AMENDED ANSWER ¶ 6

>Defendant incorporates the substance of its initial answer, and further answering, admits that all officers investigating the attempted murder of Sergeant Gallagher did so under color of law. Defendant further admits that the fingerprint procedures and identification utilized in the investigation were erroneous. Defendant denies the remaining allegations of this paragraph.

7. The Defendant City of Boston considers paragraph seven of the Complaint as introductory only and not requiring a response. To the extent that paragraph seven contains factual allegations against it, the Defendant denies such allegations. To the extent that paragraph seven contains factual allegations against other Defendants, the City alleges that it is without knowledge or information sufficient to form a belief as to the truth of such allegations.

## JURISDICTION

8. The Defendant City of Boston considers paragraph eight as a pure conclusion of law for which no response is required. To the extent there are factual allegations deemed inherent in the jurisdictional statement, the same are denied.

## VENUE

9. The Defendant City of Boston considers paragraph nine as a pure conclusion of law for which no response is required. To the extent there are factual allegations deemed inherent in paragraph nine, the same are denied.

## **PARTIES**

10. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten of the Complaint.

11. The Defendant City of Boston admits the allegations contained in paragraph eleven of the Complaint.

12. The Defendant City of Boston admits the allegations contained in paragraph twelve of the Complaint.

13. The Defendant City of Boston admits that beginning August 11, 1997 Donald Devine had supervisory responsibility over the Latent Print Unit, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph thirteen of the Complaint.

AMENDED ANSWER ¶ 13

Defendant denies that Donald Devine had supervisory authority over the Bureau of Investigative Services (hereafter "BIS") at all times relevant to this action, and denies that Devine was a "Deputy Superintendent" of the BIS at any time. Further answering, defendant states that Devine was named Superintendent of BIS on August 11, 1997 and remained in this position until January 24, 2000. Defendant admits that during the period Devine was the Superintendent of BIS, he was the commander of the BIS, and admits that the Latent Print Unit fell within this Bureau's responsibilities. To the extent this paragraph purports to allege that Devine had direct supervisory responsibility over the Unit, those allegations are denied.

14. The Defendant City of Boston admits that Robert Foilb was a sergeant in the Boston Police Department, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fourteen of the Complaint.

AMENDED ANSWER ¶ 14

Defendant adopts the substance of its initial answer, and further answering, states that to the extent the allegations of paragraph 14 purport to allege that Foilb was the direct supervisor of the Latent Print Unit, those allegations are denied.

15. The Defendant City of Boston admits that Gregory Gallagher was a sergeant in the Boston Police Department, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen of the Complaint.

4

AMENDED ANSWER ¶ 15

>Defendant adopts the substance of its initial answer, and further answering states that to the extent the allegations of this paragraph purport to allege that, as a result of his position as a Boston Police Sergeant, Gallagher had a legal duty to investigate the identity of the perpetrator who shot him, those allegations are denied. Further answering, to the extent the allegations of this paragraph suggest or imply that Gallagher willfully misidentified Cowans, those allegations are denied.

16. The Defendant City of Boston admits that Dennis LeBlanc was a member of the Boston Police Department Identification Unit and was involved in the collection and analysis of evidence regarding latent fingerprints collected at the crime scene, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph sixteen of the Complaint.

AMENDED ANSWER ¶ 16

>Defendant adopts the substance of its initial answer, and further answering admits that LeBlanc testified in the criminal case brought against Cowans. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

17. The Defendant City of Boston admits that John McCarthy was a member of the Boston Police Department working in the Homicide Division and was involved in the investigation of the Cowans case, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph seventeen of the Complaint.

AMENDED ANSWER ¶ 17

>Defendant adopts the substance of its initial answer, and further answering states that the terms "primary responsibility" and "directly involved" are undefined and too vague to admit an intelligent response. Defendant denies that McCarthy was "directly involved in the collection, analysis and provision of evidence and testimony at trial that was used to convict Mr. Cowans."

18. The Defendant City of Boston admits that Paul McDonough was a member of the Boston Police Department working in the Homicide Division and was involved in the investigation of the Cowans case, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph eighteen of the Complaint.

AMENDED ANSWER ¶ 18

>Defendant adopts the substance of its initial answer, and further answering states that the terms "primary responsibility" and "directly involved" are undefined and too vague to admit an intelligent response. Defendant denies that McDonough was "directly involved in the collection, analysis and provision of evidence and testimony at trial that was used to convict Mr. Cowans."

19. The Defendant City of Boston admits that Rosemary McLaughlin was a member of the Boston Police Department Identification Unit and was involved in the collection and analysis of evidence regarding latent fingerprints collected at the crime scene, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph nineteen of the Complaint.

AMENDED ANSWER ¶ 19

>Defendant adopts the substance of its initial answer, and further answering admits that McLaughlin testified in the criminal case brought against Cowans. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

20. The Defendant City of Boston admits that Herbert Spellman was a member of the Boston Police Department and had supervisory responsibility over the Homicide Division investigation and detectives who investigated the Cowans case, and alleges that it without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph twenty of the Complaint.

AMENDED ANSWER ¶ 20

>Defendant adopts the substance of its initial answer, and further answering denies that Spellman "oversaw the detectives who collected, analyzed and provided evidence and testimony at trial that was used to convict Mr. Cowans."

21. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-one of the Complaint.

**JURY TRIAL AND DEMAND**

22. The Defendant City of Boston considers paragraph twenty-two as one for which no response is required. To the extent there are factual allegations deemed inherent in paragraph twenty-two, the same are denied.

## **FACTS**

### **The Crime**

23. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-three of the Complaint.

24. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-four of the Complaint.

25. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-five of the Complaint.

26. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-six of the Complaint.

27. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-seven of the Complaint.

28. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-eight of the Complaint.

29. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-nine of the Complaint.

AMENDED ANSWER, ¶ ¶ 23 – 29

Defendant states that the police reports referenced speak for themselves.

30. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty of the Complaint.

31. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-one of the Complaint.

AMENDED ANSWER ¶ 31

    Defendant states that the police reports referenced speak for themselves.

32.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-two of the Complaint.

AMENDED ANSWER ¶ 32

    Defendant states that the police reports referenced speak for themselves, and further answering, admits that the perpetrator has not been identified.

33.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-three of the Complaint.

AMENDED ANSWER ¶ 33

    Defendant states that the police reports referenced speak for themselves.

34.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-four of the Complaint.

### The False Identification as Stephan Cowans' Fingerprint

35.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-five of the Complaint.

AMENDED ANSWER ¶ 35

    Defendant states that the police reports referenced speak for themselves.

36.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-six of the Complaint.

AMENDED ANSWER ¶ 36

    Defendant admits that McLaughlin, LeBlanc collected fingerprint evidence at the crime scene and admits that a glass mug was collected as evidence. Defendant admits

       that Foilb was a supervisor in the Latent Print Unit, but to the extent the allegations in this paragraph purport to allege that Foilb supervised the physical collection of the fingerprint evidence at the scene, those allegations are denied.

37.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-seven of the Complaint.

AMENDED ANSWER ¶ 37

       Defendant admits that Callahan collected fingerprints from members of the Lacy household, and admits that "elimination prints" are generally understood to be prints taken of known donors for comparison to fingerprint evidence taken from a crime scene.

38.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-eight of the Complaint.

AMENDED ANSWER ¶ 38

       Defendant states that the police reports and transcripts referenced speak for themselves.

39.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-nine of the Complaint.

40.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty of the Complaint.

AMENDED ANSWER ¶ 40

       Defendant states that the police reports and transcripts referenced speak for themselves. Further answering, defendant states that the remaining allegations in this paragraph are too vague and conjectural to allow for intelligent response.

41.     The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-one of the Complaint.

AMENDED ANSWER ¶ 41

>Defendant states that the police reports speak for themselves.  Further answering, defendant states that subsequent review of the fingerprint evidence establishes that the identification of Cowans as the source for the fingerprints recovered in the Lacy home was erroneous.  Defendant admits that LeBlanc indicated that the recovered print was Cowans', and that McLaughlin confirmed this.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

42. The Defendant City of Boston admits that Detectives John McCarthy, Paul McDonough, and Sergeant Detective Herbert L. Spellman investigated the shooting of Gregory Gallagher, but alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph forty-two of the Complaint.

AMENDED ANSWER ¶ 42

>Defendant states that the police reports referenced speak for themselves.  Further answering, defendant states that the allegations contained in the second sentence of paragraph 42 are too vague to allow an intelligent response;  to the extent these allegations suggest that McCarthy, McDonough, Spellman and /or unnamed officers had either the duty to discover that the fingerprint identification was erroneous or knew or should have known of same, those allegations are denied.  Defendant denies the allegations contained in the third sentence of this paragraph.

43. The Defendant City of Boston admits that as part of the investigation into Gregory Gallagher's shooting, he interviewed with Sergeant Detective Kevin E. Waggett, but alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph forty-three of the Complaint.

AMENDED ANSWER ¶ 43

>Defendant admits that a number of individuals were interviewed regarding the shooting of Sergeant Gallagher, including Gallagher, Lacy and Bryant McEwen; defendant admits that Sergeant Detective Kevin Waggett was among those interviewing witnesses.

44. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-four of the Complaint.

AMENDED ANSWER ¶ 44

    Defendant states that the police reports referenced speak for themselves.  Further answering, defendant states that a photo array was shown to witnesses, and that Lacy, McEwens, and Pitre did not make an identification; Gallagher made a partial identification.

45.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-five of the Complaint.

AMENDED ANSWER ¶ 45

    Defendant states the police reports referenced speak for themselves.

46.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-six of the Complaint.

AMENDED ANSWER ¶ 46

    Denied.

47.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-seven of the Complaint.

AMENDED ANSWER ¶ 47

    Defendant states that the police reports referenced speak for themselves; further answering, defendant admits that neither Lacy nor the McEwens identified Cowans as the perpetrator.  The remaining allegations in this paragraph are denied.

48.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-eight of the Complaint.

AMENDED ANSWER ¶ 48

    Admitted.

49. To the extent that paragraph forty-nine contains factual allegations against it, the Defendant City of Boston denies such allegations. To the extent that paragraph forty-nine contains factual allegations against other Defendants, the City alleges that it is without knowledge or information sufficient to form a belief as to the truth of such allegations.

AMENDED ANSWER ¶ 49

Defendant denies that McCarthy and McDonough "actively concealed the fact that the fingerprint identified as belonging to Stephan Cowans did not, in fact, belong to Mr. Cowans and presented false evidence to the contrary at trial." Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 49.

50. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty of the Complaint.

AMENDED ANSWER ¶ 50

Admitted.

51. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-one of the Complaint.

**Mr. Cowans' Exoneration**

52. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-two of the Complaint.

53. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-three of the Complaint.

54. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-four of the Complaint.

55. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-five of the Complaint.

AMENDED ANSWER ¶ 55

    Defendant admits that DNA testing performed on the sweatshirt and cap left by the perpetrator, and on the glass mug, do not match Cowans.  Defendant also admits that the fingerprint on the mug actually belonged to Bryant McEwen and not Stephan Cowans.

56.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-six of the Complaint.

AMENDED ANSWER ¶ 56

    Defendant admits that Cowans was released from prison and his conviction vacated on grounds of actual innocence, and that he had been in prison for crimes he did not commit.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**The Internal Investigation of the Boston Police Department Identification Unit**

57.    The Defendant City of Boston admits that it hired Ron Smith & Associates to conduct and internal investigation, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-seven of the Complaint.

AMENDED ANSWER ¶ 57

    Defendant admits that the City hired Ron Smith & Associates to conduct a review of the Latent Print Unit.  Defendant denies that this review was an "internal investigation."

58.    The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-eight of the Complaint.

59.    The Defendant City of Boston admits that it received a report from Ron Smith & Associates dated March 8, 2004, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifty-nine of the Complaint.

AMENDED ANSWER ¶ 59

    Admitted.

60. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty of the Complaint.

61. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-one of the Complaint.

62. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-two of the Complaint.

63. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-three of the Complaint.

64. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-four of the Complaint.

65. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-five of the Complaint.

66. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-six of the Complaint.

67. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-seven of the Complaint.

68. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-eight of the Complaint.

69. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixty-nine of the Complaint.

70. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventy of the Complaint.

71. The Defendant City of Boston alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph seventy-one of the Complaint.

AMENDED ANSWER ¶¶ 60 – 71

Defendant states that the March 8, 2004 Smith & Associates Report speaks for itself.

**Damages**

72. The Defendant City of Boston denies that it acted in an unconstitutional manner, and alleges that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph seventy-two of the Complaint.

**CLAIMS**

**Count I – 42 U.S.C. §1983**

73-81. Paragraphs seventy-three through eighty-one contain allegations against Defendants other than the City of Boston, and therefore no response from the City of Boston is required. To the extent paragraphs seventy-three through eighty-one are construed to allege facts, Defendant City of Boston denies the same.

**Count II – 42 U.S.C. §1983**
**Malicious Prosecution**

82-88. Paragraphs eighty-two through eighty-eight contain allegations against Defendants other than the City of Boston, and therefore no response from the City of Boston is required. To the extent paragraphs eighty-two through eighty-eight are construed to allege facts, Defendant City of Boston denies the same.

**Count III – 42 U.S.C. §1983**
**Monell Claim**

89. The Defendant City of Boston repeats and incorporates its answers to paragraphs one through eighty-eight.

90. The Defendant City of Boston denies the allegations contained in paragraph ninety of the Complaint.

91. The Defendant City of Boston denies the allegations contained in paragraph ninety-one of the Complaint.

92. The Defendant City of Boston denies the allegations contained in paragraph ninety-two of the Complaint.

### Count IV – 42 U.S.C. §1983
### Supervisory Liability Claims

93-95. Paragraphs ninety-three through ninety-five contain allegations against Defendants other than City of Boston, and therefore no response from City of Boston is required. To the extent that paragraphs ninety-three through ninety-five are construed to allege facts, Defendant City of Boston denies the same.

### Count V – 42 U.S.C. §1983
### Conspiracy Claims

96-100. Paragraphs ninety-six through one hundred contain allegations against Defendants other than City of Boston, and therefore no response from City of Boston is required. To the extent that paragraphs ninety-three through ninety-five are construed to allege facts, Defendant City of Boston denies the same.

### Count VI – State Tort Law
### Malicious Prosecution and Abuse of Process

101-105. Paragraphs one hundred one through one hundred five contain allegations against Defendants other than City of Boston, and therefore no response from City of Boston is required. To the extent that paragraphs one hundred one through one hundred five are construed to allege facts, Defendant City of Boston denies the same.

### Count VIII – State Tort Law
### Negligent Infliction of Emotional Distress

106-113. Paragraphs one hundred six through one hundred thirteen contain allegations against Defendants other than the City of Boston, and therefore no response from the City of Boston is required. To the extent that paragraphs one hundred six through one hundred thirteen are construed to allege facts, Defendant City of Boston denies the same.

### Count IX – State Tort Law
### Intentional Infliction of Emotional Distress

114-119. Paragraphs one hundred fourteen through one hundred nineteen contain allegations against Defendants other than City of Boston, and therefore no response from City of Boston is required. To the extent that paragraphs one hundred fourteen through one hundred nineteen are construed to allege facts, Defendant City of Boston denies the same.

## Count X – State Tort Law
## False Imprisonment

120. The Defendant City of Boston repeats and incorporates its answers to paragraphs one through one-hundred nineteen and states that it cannot be held liable for the intentional torts of its employees.

121. The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-one of the Complaint.

122. The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-two of the Complaint.

## Count XI – State Tort Law
## Negligent Training and Supervision

123. The Defendant City of Boston repeats and incorporates its answers to paragraphs one through one-hundred twenty-three.

124. The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-four of the Complaint.

125. The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-five of the Complaint.

126. The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-six of the Complaint.

## **CLAIMS FOR DAMAGES**

127. The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-seven of the Complaint.

128. The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-eight of the Complaint.

129. The Defendant City of Boston denies the allegations contained in paragraph one-hundred and twenty-nine of the Complaint.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Defendant City of Boston states that the injury or damage alleged in Plaintiff's Complaint was neither caused nor proximately caused by the Defendant City of Boston.

### Second Affirmative Defense

The Defendant City of Boston states that the Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Third Affirmative Defense

The Defendant City of Boston states that the injuries and damages alleged were caused by a person or entity over whom the Defendant City of Boston has no responsibility or control.

### Fourth Affirmative Defense

The Defendant City of Boston states that the injuries and damages alleged were caused by the Plaintiff's own intentional conduct and not the conduct of the Defendant City of Boston.

### Fifth Affirmative Defense

The Defendant City of Boston states that the Plaintiff has not been deprived of any rights secured by either the Constitution or the laws of the United States or Commonwealth of Massachusetts.

### Sixth Affirmative Defense

The Defendant City of Boston states that the complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983 because it fails to show any factual connection between alleged, unconstitutional custom, policy or practice of the City and the violation of the Plaintiff's constitutional rights.

### Seventh Affirmative Defense

The Defendant City of Boston states that at all times relevant hereto, the City of Boston acted in accordance with all relevant laws of the United States and the Commonwealth of Massachusetts.

<u>Eighth Affirmative Defense</u>

The Defendant City of Boston states that it is a municipality against which punitive damages may not be assessed.

<u>Ninth Affirmative Defense</u>

The Defendant City of Boston states that it cannot be held liable for the intentional torts of its employees pursuant to M.G.L.A. ch. 258.

**Jury Claim**

The Defendant City of Boston hereby demands a trial by jury on all counts and causes of action.

DEFENDANT, CITY OF BOSTON
William F. Sinnott
Corporation Counsel
By its attorneys,

　　　/s/ Mary Jo Harris
Mary Jo Harris – BBO # 561484
MORGAN BROWN & JOY, LLP
200 State Street
Boston, MA 02109-2605
(617) 523-6666

**Certificate of Service**

I, Mary Jo Harris, hereby certify that this document was filed through the ECF system on May 9, 2006, and that a true paper copy of this document will be sent to those indicated as non registered participants on the Notice of Electronic Filing on May 9, 2006 by first class mail.

DATED:  May 9, 2006　　　　　　　  /s/  Mary Jo Harris