UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05-11574 RGS

STEPHAN COWANS,
      Plaintiff,

v.

CITY OF BOSTON, BOSTON POLICE
DEPARTMENT, DONALD L. DEVINE,
ROBERT FOILB, GREGORY D.
GALLAGHER, DENNIS LEBLANC,
JOHN H. MCCARTHY, PAUL T.
MCDONOUGH, ROSEMARY
MCLAUGHLIN, HERBERT L.
SPELLMAN, and DOES 1-10,
      Defendants.

Now comes the defendant, City of Boston (the "City"),
pursuant to Fed.R.Civ.P. 26(c), and respectfully requests
that this Honorable Court issue an order protecting the
City from the plaintiff's second set of interrogatories and
certain of the plaintiff's third set of requests for
documents and things, as the inquiries are overly broad,
unduly burdensome and not reasonably calculated to lead to
the discovery of admissible evidence.  See Plaintiff's
Second Set of Interrogatories, attached hereto as Exhibit
A, Plaintiff's Third Set of Requests for Documents and
Things, attached hereto as Exhibit B, Defendant City of
Boston's Answers to Plaintiff's Second Set of

Interrogatories, attached hereto as Exhibit C, and
Defendant City of Boston's Response to Plaintiff's Third
Set of Requests for Documents and Things, attached hereto
as Exhibit D.

## I.    Introduction

The plaintiff's second set of interrogatories and
third requests for documents and things are not tailored in
any meaningful way.  In fact, the scope is so broad the
inquiries seek information about nonparties more than ten
years before any of the alleged incidents, which form the
basis for this suit.  The plaintiff alleges that he was
wrongfully convicted on June 30, 1998, for crimes which
occurred on May 30, 1997, in part, due to the intentional
misconduct of two BPD latent print examiners – defendants
LeBlanc and McLaughlin – and deficiencies within the BPD
Latent Print Unit.  See Complaint.  Nevertheless, the
plaintiff's interrogatories and requests seek information
about non parties and the BPD Identification and Latent
Print Units as far back as 1985.  The City has objected,
see Exhibit C, Exhibit D and now moves for a protective
order.

II.    **Argument**

    A.    Standard

    Discovery, like all matters of procedure, has ultimate

and necessary boundaries.  Oppenheimer Fund v. Sanders, 437

U.S. 340, 351 (1977) *quoting* Hickman v. Taylor, 329 U.S.

495, 507 (1947).  Accordingly, the Court may grant a

protective order and deny discovery requests to protect a

party from oppression, undue burden or expense.  See

Fed.R.Civ.P. 26(c).  While under Fed.R.Civ.P. 26(b)(1) a

party is entitled to discover "relevant" information that

is "reasonably calculated to lead to the discovery of

admissible evidence," there are limitations on pre-trial

discovery.  See Ameristar Jet Charter, Inc. v. Singal

Composites, 244 F.3d 189, 192 (1st Cir. 2001).  Thus, the

First Circuit instructs that discovery shall be limited if

the burden or expense of the proposed discovery outweighs

its likely benefit.  Fed.R.Civ.P. 26(b)(2); See Ameristar

at 192.

    In light of this doctrine, the First Circuit has

admonished that parties "have a[n] obligation to tailor

[discovery requests] to suit the particular exigencies of

the litigation.  They ought not to be permitted to use

broadswords where scalpels will suffice, nor to undertake

wholly exploratory operations in the vague hope that something helpful will turn up."  Mack v. Great Atlantic & Pacific Tea Co., Inc., 871 F.2d 179, 187 (1st Cir. 1989).

Rule 26(c) confers broad powers on the Courts to prevent discovery even though the materials sought are within the scope of 26(b).  Santiago v. Fenton, 891 F.2d 373, 379 (1st Cir. 1989).  Further, such discovery decisions are reviewed for "abuse of discretion" and appellate Courts will only intervene in such matters where a discovery order is "plainly wrong and resulted in substantial prejudice to the aggrieved party."  Id. citing Mack, at 186; Santiago, at 381.

     B.   Plaintiff's discovery requests are overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

The plaintiff's second set of interrogatories and third requests for documents and things are not sufficiently tailored to the issues of this case.  The inquiries seek information about BPD employees not alleged, in any way, to be involved in his claims.  Further, the requests seek information about these employees – from 1985 through 2004 – over ten years before the date of the plaintiff's alleged wrongful conviction in June 1998.

A review of the discovery requests shows how the requests amount to an overbroad "fishing expedition"

prohibited by the First Circuit.  <u>Ameristar</u> at 193.  From
1985 through 2004, the four interrogatories, numbers 15-18,
seek:  1. all individuals assigned to the BPD's
Identification Unit/Latent Print Unit and the reasons for
their assignments and their duties; 2. all training
provided to members of the Identification Unit/Latent Print
Unit; 3. the responsibilities of supervisors, including
policies, procedures and standards regarding training,
instruction, supervision, review and discipline of
subordinates in the Identification and Latent Print Units;
and 4. every complaint, legal action, internal review,
internal investigation or disciplinary action of all
Identification Unit/Latent Print Unit employees.  The
plaintiff further requests case names, numbers, courts
where actions were filed, outcomes, and whether deposition
testimony was given. <u>See</u> <u>Exhibit A</u>.

     Likewise, the document requests seek personnel files
of each person assigned to the Latent Print Unit from 1985
through 2004, including all record of discipline against
each, training provided to each, reasons for their
selection to the unit, efforts made to train and supervise
their work, their resumes, and employment applications.
<u>See</u> <u>Exhibit B.</u>

These requests seek information spanning a nineteen year time period and inquire into the work histories of individuals unrelated to the plaintiff's allegations. The information regarding employees, policies and training which pre-dates the arrest and conviction of the plaintiff by more than a decade is not relevant to the policies in place at the Latent Print Unit in 1997. Further, the plaintiff's requests for "all employees," "all training," "all policies" and "every complaint" is so breathtakingly broad that most information will bear little resemblance to any information relevant to this case. See Bridell v. St. Gobain Abrasives Inc., 233 F.R.D. 57, 61 (D.Mass.2005).

The burden and hardship on the City to produce such information, if it is able, would be extraordinary. In order to identify each employee who was assigned to the Latent Print Unit, the City will have to review each personnel file of each employee that has been associated with the Department during that nineteen year span. A conservative estimate, just to identify all who have served in the Unit, would require the review of more than 5,000 personnel files. See Affidavit of Edward Callahan, attached as Exhibit E. The burden of this review is not justified, especially since there is little likelihood that

relevant information will be revealed by this scrutiny[1].
Such a burden clearly outweighs any slight benefit to
plaintiff from receiving such remote and irrelevant
evidence.  See Ameristar, supra, at 192.  Accordingly, the
Court should grant the protective order sought by the City.

    C.    The City has made full and complete discovery
          disclosures

    The City has gone to great lengths to adequately
respond to the plaintiff's discovery requests.  Over 12,000
pages of documents (including personnel files, Internal
Affairs Division files, the Homicide Investigatory file,
training records of each individual defendant, all extant
training materials, rules and procedures, and information
shared with the City by the Attorney General regarding its
Grand Jury investigation into the Cowans conviction) have
been produced by the City.  The departing Police
Commissioner, Kathleen O'Toole, has been produced for
deposition, and the plaintiff has noticed the depositions
of all named defendants, state police experts, and the
auditors who reviewed the Latent Print Unit after the mis-
identification of Cowans' print became known.  Any

---

[1] The City notes that plaintiff has asked for reasons why personnel were transferred into the Latent Print Unit.  As the personnel files of the individual defendants have revealed, decisions to move employees from unit to unit rarely are accompanied by a written record of the decisionmaking.  In one case, involving defendant McLaughlin, a report indicates that the transfer was at the request of a Superintendent Barry, who has since passed away.  The City anticipates that even if a record of the transfer requests made in 1985 are found, it is unlikely that the decisionmaker will be available to outline the reasons therefor.

suggestion that the City has failed to be open and transparent in its efforts to produce discoverable evidence to the plaintiff is simply inaccurate.

The materials sought by the plaintiff in his second set of requests have no relationship to his claims, and the City has produced all evidence that is temporally significant to his arrest, conviction and eventual exoneration.  The City should be protected against plaintiff's efforts to recover information that is remote in time, relates to individuals who have no relationship with his claims, and has no evidentiary significance to the operation of the Latent Print Unit in 1997.

## III. Conclusion

Defendant City of Boston respectfully moves this Honorable Court to grant its motion and issue an order protecting it from the plaintiff's second set of interrogatories and third set of requests for documents and things, as the requests are overly broad, unduly burdensome and not reasonably calculated to lead to admissible evidence.

**ORAL ARGUMENT IS REQUESTED FOR THIS MOTION**

```
                                    Respectfully submitted:
                                    DEFENDANT, CITY OF BOSTON
                                    William F. Sinnott
                                    Corporation Counsel




                                    ___/s/ Mary Jo Harris _____
                                    Mary Jo Harris (BBO# 561484)
                                    Special Assistant Corporation
                                    Counsel
                                    Morgan, Brown & Joy, LLP
                                    200 State Street
                                    Boston, MA 02109
                                    (617) 523-6666

                                    Thomas R. Donohue, Esq.
                                    BBO# 643483
                                    Assistant Corporation Counsel
                                    City of Boston Law Department
                                    Room 615, City Hall
                                    Boston, MA 02201
                                    (617) 635-4039
```

**Certificate of Service**

I, Mary Jo Harris, hereby certify that this document was filed through the ECF system on June 23, 2006, and that a true paper copy of this document will be sent to those indicated as non registered participants on the Notice of Electronic Filing on June 23, 2006 by first class mail.

DATED:  June 23, 2006              /s/  Mary Jo Harris_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05-11574 RGS

STEPHAN COWANS.,
      Plaintiffs,

v.

CITY OF BOSTON, BOSTON POLICE
DEPARTMENT, DONALD L. DEVINE,
ROBERT FOILB, GREGORY D.
GALLAGHER, DENNIS LEBLANC,
JOHN H. MCCARTHY, PAUL T.
MCDONOUGH, ROSEMARY
MCLAUGHLIN, HERBERT L.
SPELLMAN, and DOES 1-10
      Defendants.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to L.R. D. Mass. 7.1(A)(2), I hereby certify that I, Mary Jo Harris, communicated with David Hosp, attorney for the plaintiff, concerning Defendant City of Boston's Motion For A Protective Order Pursuant To Fed.R.Civ.P. 26(c) and we were unable to resolve or narrow the issues prior to the filing of the motion.

10

```
                              Respectfully submitted:
                              DEFENDANT, CITY OF BOSTON
                              William F. Sinnott
                              Corporation Counsel




                              __/s/ Mary Jo Harris _____
                              Mary Jo Harris (BBO# 561484)
                              Special Assistant Corporation
                              Counsel
                              Morgan, Brown & Joy, LLP
                              200 State Street
                              Boston, MA 02109
                              (617) 523-6666

                              Thomas R. Donohue, Esq.
                              BBO# 643483
                              Assistant Corporation Counsel
                              City of Boston Law Department
                              Room 615, City Hall
                              Boston, MA 02201
                              (617) 635-4039
```

**Certificate of Service**

I, Mary Jo Harris, hereby certify that this document was filed through the ECF system on June 23, 2006, and that a true paper copy of this document will be sent to those indicated as non registered participants on the Notice of Electronic Filing on June 23, 2006 by first class mail.


DATED: June 23, 2006          _/s/ Mary Jo Harris_____

11

GOODWIN PROCTER LLP
Joseph Savage
R. David Hosp
Erin N. Jackson
Sheryl A. Koval
53 State Street
Boston, MA 02109
(617) 570-1000

BIRNBAUM & GODKIN, LLP
Robert N. Feldman
Melissa M. Longo
280 Summer Street
Boston, MA 02210
(617) 307-6100

*Attorneys for Plaintiff*
*Stephan Cowans*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHAN COWANS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BOSTON; BOSTON POLICE DEPARTMENT; DONALD L. DEVINE, Deputy Superintendent of the Bureau of Investigative Services of the Boston Police Department, in his individual capacity; ROBERT FOILB, Supervisor of the Boston Police Department Identification Unit, in his individual capacity; GREGORY D. GALLAGHER, in his individual capacity; DENNIS LEBLANC, in his individual capacity; JOHN H. MCCARTHY, in his individual capacity; PAUL T. MCDONOUGH, in his individual capacity; ROSEMARY MCLAUGHLIN, in her individual capacity; HERBERT L. SPELLMAN, in his individual capacity; and DOES 1–10; <br><br> Defendants. | Civil Action No: 05-11574 (RGS) |

## PLAINTIFF'S SECOND SET OF INTERROGATORIES

Plaintiff Stephan Cowans, by his undersigned counsel, hereby serves written interrogatories upon the Defendants pursuant to Rule 33 of the Federal Rules of Civil Procedure. Pursuant to Rule 33, Mr. Cowans requests that each Interrogatory be answered separately and fully in writing under oath, and that a copy of the answers be submitted to Mr. Cowans in care of his attorneys at the offices of Goodwin Procter, 53 State Street, Exchange Place, Boston, Massachusetts 02109, within thirty days of the date of service of these Interrogatories.

## DEFINITIONS

The following definitions shall apply to this set of Interrogatories:

1. The terms "you" and "your" mean and refer to the Defendants and their agents or attorneys.

2. The term "document(s)" is used herein in its customary broad sense to include all materials discoverable under the applicable rules, including the following items:  writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of this term.

3. The term "communication(s)" is used herein to mean, refer to, and include any and all transmittals or transfers of information in the form of facts, ideas, inquiries, or otherwise.

4. The terms "concern" and "concerning" mean referring to, describing, evidencing, or constituting.

5. The terms "relating to" or "related to" have the same meaning as the terms "concern" and "concerning," as those terms are defined herein.

6. The terms "and," "or," and "and/or" are used herein in their general sense, and are not intended to limit the scope of any Interrogatories. The terms shall be construed as broadly as possible to bring within their scope all discoverable information that might otherwise be excluded. To the extent necessary to bring within the scope of the Interrogatories contained herein any information or document that might otherwise be construed to be outside said scope, (a) the word "and" means "or"; and (b) the word "or" means "and."

7. To the extent necessary to bring within the scope of the Interrogatories contained herein any information or document that might otherwise be construed to be outside said scope, (a) the word "any" means "any and all"; and (b) the word "all" means "any and all."

8. To the extent necessary to bring within the scope of the Interrogatories contained herein any information or document that might otherwise be construed to be outside said scope, the singular includes the plural and the plural includes the singular.

9. The term "including" shall mean "including but not limited to."

10. The term "Complaint" means and refers to the Complaint filed by Mr. Cowans in this action.

11. The term "Latent Print Unit of the Boston Police Department" refers to the unit by that or a similar name within the Boston Police Department (the "BPD") that existed throughout and following the investigation into the shooting of Sergeant Gregory Gallagher of the BPD on May 30, 1997.

12. The term "elimination fingerprints" means fingerprints taken from individuals who are non-suspects in a criminal investigation but may have touched items of evidence in the investigation.

3

## INSTRUCTIONS

1. Unless otherwise indicated, these Interrogatories seek information concerning the period January 1985 to 2004.

2. The information sought in these Interrogatories is not limited to your personal knowledge, but extends as well to any knowledge or information available to you or known to your agents, employees, and attorneys. If you cannot answer these Interrogatories in full, answer the same to the extent possible and explain your inability to answer the remainder.

3. In answering each Interrogatory:

    a. identify by date, sender, recipient, location, and custodian, each document relied upon or which forms a basis for the answer given to the Interrogatory;

    b. state whether the information furnished is within the personal knowledge of the person answering or his or her employees, agents, or attorneys, and, if not, the name of each person to whom the information is a matter of personal knowledge;

    c. identify each person who assisted or participated in preparing or supplying any of the information given in answer to or relied upon in preparing answers to these Interrogatories; and

    d. if you maintain that any document or record which refers or relates to anything about which these Interrogatories ask has been destroyed, set forth the content of the document, the location of any copies of the document, the date of destruction, and the name of the person who ordered or authorized its destruction.

4. In the event that any information requested is known to be within the knowledge of any person who cannot now be located, identify that individual and his or her last known whereabouts and/or contact information.

5. These Interrogatories are propounded on a continuing basis. If at any time during the discovery period in this action you acquire possession, custody, or control of any additional information responsive to these Interrogatories, you shall promptly amend your responses hereto

LIBA/1569988.1

as and when you obtain any additional or other information that renders your answers incomplete or inaccurate.

6. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, all grounds for an objection to an Interrogatory shall be stated with specificity, and you shall answer the Interrogatory to the extent that it is not objectionable.

7. If you contend that any information sought by these Interrogatories is protected by the attorney/client privilege, another claimed privilege, or the work product doctrine, such claim shall be made expressly and shall be supported by a description of the nature of the information withheld that is sufficient to enable Mr. Cowans to evaluate and contest the claim. Such information shall include the basis of the claim of privilege or immunity.

## INTERROGATORIES

15. For all individuals assigned to the BPD's Identification Unit and/or the former Latent Print Unit, describe in detail the reasons and circumstances surrounding their respective assignments, and the duties with which they were charged.

16. Describe in detail the training provided to members of the Identification Unit and/or the former Latent Print Unit of the BPD.

17. Describe in detail the responsibilities of supervisors of the BPD Identification Unit, including any policies, procedures and standards, with respect to training, instruction, supervision, review, and discipline of subordinates in the Identification Unit and/or the former Latent Print Unit of the BPD.

18. Identify and describe in detail the circumstances, including the dates and names of the individuals involved, of each instance in which a complaint, legal action, internal review, internal investigation or disciplinary action was taken against any member of the BPD

LIBA/1569988.1

Identification Unit and/or the former Latent Print Unit of the BPD in connection with his or her

employment by the BPD (whether prior to, during or following their assignment to those units)

and/or any other law enforcement agency.  If legal action was taken, identify the case name and

number, the court where it was filed, the outcome, and whether trial or deposition testimony was

given by the Defendant.

RESPECTFULLY SUBMITTED,

STEPHAN COWANS

By his attorneys,

Joseph Savage (BBO# 443030)
R. David Hosp (BBO# 634091)
Erin N. Jackson (BBO# 647375)
Sheryl A. Koval (BBO# 657795)
Goodwin | Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Robert N. Feldman (BBO# 630734)
Melissa M. Longo (BBO# 647649)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
(617) 307-6100

Dated: April 27, 2006

LIBA/1569988.1

## CERTIFICATE OF SERVICE

I, the undersigned, a member of the Bar of this Court, hereby certify that on

April 27, 2006, I caused true copies of the foregoing PLAINTIFF STEPHAN COWANS' SECOND SET

OF INTERROGATORIES, to be served upon the following counsel of record in this action:

BY MAIL:

Kenneth H. Anderson
Finneran, Byrne & Drechler, L.L.P.
Eastern Harbor Office Park
50 Redfield Street
Boston, MA 02122

*Attorney for defendant LeBlanc*

Thomas Donahue
City of Boston Law Department
City Hall Plaza
Boston, MA 02201

*Attorney for defendants City of Boston,
Boston Police Department, Devine,
Gallagher, McCarthy, McDonough and
Spellman*

Frances Robinson, Esq.
Davis, Robinson & White, L.L.P.
One Faneuil Hall Market Place
Boston, MA 02109

*Attorney for defendant McLaughlin*

Mary Jo Harris
Morgan, Brown & Joy
200 State Street
Boston, MA 02109

*Attorney for defendants City of Boston, Boston
Police Department, Devine,
Gallagher, McCarthy, McDonough and
Spellman*

_____
Sheryl Koval

GOODWIN PROCTER LLP
Joseph Savage
R. David Hosp
Erin N. Jackson
Sheryl A. Koval
53 State Street
Boston, MA 02109
(617) 570-1000

BIRNBAUM & GODKIN, LLP
Robert N. Feldman
Melissa M. Longo
280 Summer Street
Boston, MA 02210
(617) 307-6100

*Attorneys for Plaintiff*
*Stephan Cowans*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHAN COWANS, )<br><br>     Plaintiff, )<br><br>v. )<br><br>CITY OF BOSTON; BOSTON POLICE )<br>DEPARTMENT; DONALD L. DEVINE, Deputy )<br>Superintendent of the Bureau of Investigative )<br>Services of the Boston Police Department, in his )<br>individual capacity; ROBERT FOILB, Supervisor )<br>of the Boston Police Department Identification )<br>Unit, in his individual capacity; GREGORY D. )<br>GALLAGHER, in his individual capacity; DENNIS )<br>LEBLANC, in his individual capacity; JOHN H. )<br>MCCARTHY, in his individual capacity; PAUL T. )<br>MCDONOUGH, in his individual capacity; )<br>ROSEMARY MCLAUGHLIN, in her individual )<br>capacity; HERBERT L. SPELLMAN, in his )<br>individual capacity; and DOES 1–10; )<br><br>     Defendants. )<br> ) | Civil Action No: 05-11574 (RGS) |

## PLAINTIFF'S THIRD SET OF DOCUMENT REQUESTS

Plaintiff Stephan Cowans, by his undersigned counsel, requests that Defendants produce for inspection and copying the documents and things described herein. The documents specified are to be produced to Mr. Cowans, pursuant to Federal Rule of Civil Procedure 34, by Defendants for inspection and copying at the offices of Goodwin Procter LLP, 53 State Street, Exchange Place, Boston, Massachusetts 02109, within thirty days of the date of service of these Requests.

## DEFINITIONS

The following definitions shall apply to this set of Requests:

1. The term "document(s)" is used herein in its customary broad sense to include all materials discoverable under the applicable rules, including the following items: writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of this term.

2. The term "communication(s)" is used herein to mean, refer to, and include any and all transmittals or transfers of information in the form of facts, ideas, inquiries, or otherwise.

3. The terms "concern" and "concerning" mean referring to, describing, evidencing, or constituting.

4. The terms "relating to" or "related to" have the same meaning as the terms "concern" and "concerning," as those terms are defined herein.

5. The terms "and," "or," and "and/or" are used herein in their general sense, and are not intended to limit the scope of any Requests. The terms shall be construed as broadly as possible

2

to bring within their scope all discoverable information that might otherwise be excluded. To the extent necessary to bring within the scope of the Requests contained herein any information or document that might otherwise be construed to be outside said scope, (a) the word "and" means "or"; and (b) the word "or" means "and."

6. To the extent necessary to bring within the scope of the Requests contained herein any information or document that might otherwise be construed to be outside said scope, (a) the word "any" means "any and all"; and (b) the word "all" means "any and all."

7. To the extent necessary to bring within the scope of the Requests contained herein any information or document that might otherwise be construed to be outside said scope, the singular includes the plural and the plural includes the singular.

8. The term "including" shall mean "including but not limited to."

9. The term "Complaint" means and refers to the Complaint filed by Mr. Cowans in this action.

10. The term "Latent Print Unit of the Boston Police Department" refers to the unit by that or a similar name within the Boston Police Department (the "BPD") that existed throughout and following the investigation into the shooting of Sergeant Gregory Gallagher of the BPD on May 30, 1997.

11. The term "elimination fingerprints" means fingerprints taken from individuals who are non-suspects in a criminal investigation but may have touched items of evidence in the investigation.

## INSTRUCTIONS

12. Unless otherwise indicated, these Requests seek documents generated or received during the period January 1992 to the present.

3

13. These discovery requests are of a continuing nature. If at any time during the discovery period in this action you acquire possession, custody, or control of any additional documents or other things responsive to these Requests, you shall promptly furnish such documents or things to counsel for Mr. Cowans.

14. If any document, part of a document, or other material responsive hereto is withheld on the basis of privilege or other immunity from discovery, such claim shall be made expressly, and shall be supported by a description of the nature of the document not produced that is sufficient to enable Mr. Cowans to evaluate and contest the claim. Such information shall include the following:

    a. a description of the type of document (e.g., letter, inter-office memorandum, note, etc.), title, date, and the number of pages thereof;

    b. the author of the document, and his or her title and employer;

    c. all addressees or recipients of the document, and their titles and employers;

    d. a general summary of the subject matter of the document; and

    e. the basis of the claim of privilege or immunity.

15. In the event that any requested document is known to have existed and cannot now be located or has been destroyed or discarded, that document shall be identified by:

    a. the last known custodian;

    b. date of destruction or discard;

    c. the manner of destruction or discard;

    d. the reason(s) for destruction or discard;

    e. as to lost or misplaced documents, the efforts made to locate such documents;

    f. a statement describing the document, including a summary of its contents;

    g. the identity of its author(s); and

4

h.  persons to whom it was sent or shown.

## **REQUESTS FOR PRODUCTION**

38.  All documents concerning the policies, procedures, and circumstances under which any officer was assigned as a member of the Identification Unit and/or the former Latent Print Unit of the BPD from 1985 until 2004 (to the extent that such documents have not been produced in response to Request 12).

39.  All documents concerning the training provided to any member of the Identification Unit and/or the former Latent Print Unit of the BPD from 1985 until 2004 (to the extent that such documents have not been produced in response to Request 13).

40.  All documents concerning the duties of any and all members of the Identification Unit and/or the former Latent Print Unit of the BPD, including their duties with respect to the investigation of the shooting of Sergeant Gallagher, from 1985 until 2004 (to the extent that such documents have not been produced in response to Request 14).

41.  All documents concerning the responsibilities of supervisors of the BPD Identification Unit and/or former Latent Print Unit with respect to training, instruction, supervision, review, and discipline of subordinates in the Identification Unit and the former Latent Print Unit of the BPD from 1985 until 2004 (to the extent that such documents have not been produced in response to Request 21).

42.  All documents concerning the policies, procedures, and standards by which supervisors oversaw the fingerprint identification work undertaken by the Identification Unit and/or the former Latent Print Unit of the BPD from 1985 until 2004 (to the extent that such documents have not been produced in response to Request 22).

5

43.  All documents concerning any efforts to supervise and verify the accuracy of the fingerprint identifications made by members of the Identification Unit and/or the former Latent Print Unit of the BPD from 1985 until 2004 (to the extent that such documents have not been produced in response to Request 23).

44.  All documents maintained and/or archived by the BPD as part of the personnel file and/or record for each individual who worked in the Identification Unit and/or the former Latent Print Unit of the BPD between 1985 and 2004.

45.  All documents concerning the law enforcement background, credentials, and expertise of each individual who worked in the Identification Unit and/or the former Latent Print Unit of the BPD between 1985 and 2004, including applications for employment, résumés, and curriculum vitae.

46.  All documents concerning complaints filed, legal action taken, or disciplinary action taken against any individual who worked in the Identification Unit and/or the former Latent Print Unit of the BPD between 1985 and 2004 in connection with his or her employment by the BPD and/or any other law enforcement agency.

47. The fingerprint enlargements and/or charts created for and/or used at trial by Defendants LeBlanc or McLaughlin in the matter of *Commonwealth of Massachusetts v. Stephan Cowans*, Suffolk County Superior Court, Criminal Division No. 97-11231 (to the extent that such documents have not been produced in response to Request 16).

RESPECTFULLY SUBMITTED,

STEPHAN COWANS

By his attorneys,

Joseph Savage (BBO# 443030)
R. David Hosp (BBO# 634091)
Erin N. Jackson (BBO# 647375)
Sheryl A. Koval (BBO# 657795)
Goodwin | Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Robert N. Feldman (BBO# 630734)
Melissa M. Longo (BBO# 647649)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
(617) 307-6100

Dated: April 27, 2006

7

## CERTIFICATE OF SERVICE

I, the undersigned, a member of the Bar of this Court, hereby certify that on

April 27, 2006, I caused true copies of the foregoing PLAINTIFF STEPHAN COWANS' THIRD SET OF

DOCUMENT REQUESTS, to be served upon the following counsel of record in this action:

**BY MAIL:**

Kenneth H. Anderson
Finneran, Byrne & Drechler, L.L.P.
Eastern Harbor Office Park
50 Redfield Street
Boston, MA 02122

*Attorney for defendant LeBlanc*

Thomas Donahue
City of Boston Law Department
City Hall Plaza
Boston, MA 02201

*Attorney for defendants City of Boston,
Boston Police Department, Devine,
Gallagher, McCarthy, McDonough and
Spellman*

Frances Robinson, Esq.
Davis, Robinson & White, L.L.P.
One Faneuil Hall Market Place
Boston, MA 02109

*Attorney for defendant McLaughlin*

Mary Jo Harris
Morgan, Brown & Joy
200 State Street
Boston, MA 02109

*Attorney for defendants City of Boston, Boston
Police Department, Devine,
Gallagher, McCarthy, McDonough and
Spellman*

_____
Sheryl Koval

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05-11574 RGS

STEPHAN COWANS.,
          Plaintiffs,

v.

CITY OF BOSTON, BOSTON POLICE
DEPARTMENT, DONALD L. DEVINE,
ROBERT FOILB, GREGORY D.
GALLAGHER, DENNIS LEBLANC,
JOHN H. MCCARTHY, PAUL T.
MCDONOUGH, ROSEMARY
MCLAUGHLIN, HERBERT L.
SPELLMAN, and DOES 1-10
          Defendants.

## DEFENDANT CITY OF BOSTON'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORYS

## GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's Definitions and Instructions to the extent they are inconsistent with, or impose obligations not authorized by the applicable rules of civil procedure.

2.      Defendant objects to Plaintiff's Second Set of Interrogatories to the extent it seeks information: (a) protected by the attorney-client privilege; (b) prepared in anticipation of litigation or trial; (c) constituting attorney work-product; or (d) otherwise privileged.

3.      Defendant objects to Plaintiff's Definitions and Instructions to the extent the Plaintiff seeks information beyond the scope of discovery.  Such "definitions" and "instructions" are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Defendant objects to Plaintiff's Second Set of Interrogatories to the extent it seeks confidential or proprietary documentation or information, including trade secrets, private customer information, or other material or information protected from disclosure by law, contract or otherwise.

5.      Defendant objects to Plaintiff's Second Set of Interrogatories as it seeks information spanning nineteen years, see Instruction No. 1, and as such are in violation of Rule 26(c) in that they are oppressive, and impose undue burden and expense on the Defendant;

6.      As used herein, the term "irrelevant" means that an interrogatory calls for information that is not relevant to the subject matter of this action and that is not reasonably calculated to lead to the discovery of admissible evidence.

7.      As used herein, the term "unduly burdensome" means that it would be unreasonably oppressive, annoying, time consuming and expensive to compile and furnish the information called for in view of the degree of relevancy and materiality, if any.

8.      As used herein, the term "over broad" means that an interrogatory is unreasonably general, vague, and non specific.

**<u>Reservation of Rights</u>**

1.      Defendant's  Objections and Answers are based upon information now known to it.  Because discovery is continuing, Defendant reserves the right to amend, modify, or supplement their objections and answers if they learn of new information.

2.      In providing these objections and answers, Defendant does not in any way waive: (a) all objections as to competency, relevancy, materiality and admissibility; (b) all objections as to vagueness, ambiguity, and undue burdensomeness; (c) all rights to object on any ground to the use of responses contained herein in any proceeding; and (d) all

rights to object on any ground to any further discovery request or demand related to any

of the interrogatories addressed herein.

3.     Defendant objects to these Interrogatories inasmuch as they purport to pose

inquiries to each of the named defendants, without specifying which query is posed to

which defendant.  The majority of these Interrogatories are directed toward records

maintained by the City, and accordingly, the City provides the following answers

pursuant to Fed.R.Civ.P. Rule 33(a) and (d), providing such information as is available to

it and signed by an Official of the Boston Police Department as its Keeper of Records.

## SPECIFIC OBJECTIONS AND ANSWERS

Subject to and without waiving the foregoing General Objections and Reservation

of Rights, which are incorporated by reference into each of the following answers,

Defendant City of Boston states as follows:

INTERROGATORY NO. 15

For all individuals assigned to the BPD's Identification Unit and/or the former
Latent Print Unit, describe in detail the reasons and circumstances surrounding their
respective assignments, and the duties with which they were charged.

ANSWER:

OBJECTION.  Defendant objects to this Interrogatory on the grounds that it is overly
broad, unduly burdensome, and is not reasonably calculated to lead to admissible
evidence in that it seeks information spanning a nineteen year time period and inquires
into the work histories of individuals unrelated to this case.  Further answering,
Defendant refers to its Answer to Plaintiff's First Set of Interrogatories, Number 3.

INTERROGATORY NO. 16

Describe in detail the training provided to members of the Identification Unit
and/or the former Latent Print Unit of the BPD.

3

ANSWER:

OBJECTION.  Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and is not reasonably calculated to lead to admissible evidence in that it seeks information spanning a nineteen year time period and inquires into the work histories of individuals unrelated to this case.  Further answering, Defendant refers to its Answer to Plaintiff's First Set of Interrogatories, Number 4.


INTERROGATORY NO. 17

        Describe in detail the responsibilities of supervisors of the BPD Identification Unit, including any policies, procedures and standards, with respect to training, instruction, supervision, review and discipline of subordinates in the Identification Unit and/or the former Latent Print Unit of the BPD.


ANSWER:

OBJECTION.  Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and is not reasonably calculated to lead to admissible evidence in that it seeks information spanning a nineteen year time period and inquires into the work histories of individuals unrelated to this case.  Further answering, Defendant refers to its Answer to Plaintiff's First Set of Interrogatories, Number 7.


INITERROGATORY NO. 18

        Identify and describe in detail the circumstances, including the dates and names of the individuals involved, of each instance in which a complaint, legal action, internal review, internal investigation or disciplinary action was taken against any member of the BPD Identification Unit and/or the former Latent Print Unit of the BPD in connection with his or her  employment by the BPD (whether prior to, during or following their assignment to those units) and/or any other law enforcement agency.  If legal action was taken, identify the case name and number, the court where it was filed, the outcome, and whether trial or deposition testimony was given by the Defendant.


ANSWER:

OBJECTION.  Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and is not reasonably calculated to lead to admissible evidence in that it seeks information spanning a nineteen year time period and inquires into the work histories of individuals unrelated to this case.  Further answering, Defendant refers to its Answer to Plaintiff's First Set of Interrogatories, Number 10.

Objections by:
William F. Sinnott
Corporation Counsel


_____

Mary Jo Harris (BBO# 561484)
Special Assistant Corporation Counsel
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

Thomas R. Donohue, Esq.
BBO# 643483
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4039


<u>CERTIFICATE OF SERVICE</u>

        I, Mary Jo Harris, counsel for the Defendant City of Boston hereby certify that a copy of the attached document has been sent to all counsel of record this _____ day of May, 2006.


_____

Mary Jo Harris

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05-11574 RGS

STEPHAN COWANS.,
         Plaintiffs,

v.

CITY OF BOSTON, BOSTON POLICE
DEPARTMENT, DONALD L. DEVINE,
ROBERT FOILB, GREGORY D.
GALLAGHER, DENNIS LEBLANC,
JOHN H. MCCARTHY, PAUL T.
MCDONOUGH, ROSEMARY
MCLOUGHLIN, HERBERT L.
SPELLMAN, and DOES 1-10
         Defendants.

**DEFENDANT CITY OF BOSTON'S RESPONSES TO PLAINTIFF'S
THIRD SET OF DOCUMENT REQUESTS**

**GENERAL OBJECTIONS**

1.      Defendant objects to Plaintiff's Definitions and Instructions to the extent they are

inconsistent with, or impose obligations not authorized by the applicable rules of civil

procedure.

2.      Defendant objects to Plaintiff's First Set of Document Requests to the extent it

seeks information: (a) protected by the attorney-client privilege; (b) prepared in

anticipation of litigation or trial; (c) constituting attorney work-product; or (d) otherwise

privileged.

3.      Defendant objects to Plaintiff's Definitions and Instructions to the extent the

Plaintiff seeks information beyond the scope of discovery.  Such "definitions" and

"instructions" are overly broad, unduly burdensome and not reasonably calculated to lead

to the discovery of admissible evidence.

4.      Defendant objects to Plaintiff's First Set of Document Requests to the extent it seeks confidential or proprietary documentation or information, including trade secrets, private customer information, or other material or information protected from disclosure by law, contract or otherwise.

5.      As used herein, the term "irrelevant" means that a document request calls for information that is not relevant to the subject matter of this action and that is not reasonably calculated to lead to the discovery of admissible evidence.

6.      As used herein, the term "unduly burdensome" means that it would be unreasonably oppressive, annoying, time consuming and expensive to compile and furnish the information called for in view of the degree of relevancy and materiality, if any.

7.      As used herein, the term "over broad" means that a document request is unreasonably general, vague, and non specific.

## <u>Reservation of Rights</u>

1.      Defendant's  Objections and Answers are based upon information now known to it.  Because discovery is continuing, Defendant reserves the right to amend, modify, or supplement their objections and answers if they learn of new information.

2.      In providing these objections and answers, Defendant does not in any way waive: (a) all objections as to competency, relevancy, materiality and admissibility; (b) all objections as to vagueness, ambiguity, and undue burdensomeness; (c) all rights to object on any ground to the use of responses contained herein in any proceeding; and (d) all rights to object on any ground to any further discovery request or demand related to any of the interrogatories addressed herein.

3.      Defendant objects to these Document Requests inasmuch as they purport to pose

inquiries to each of the named defendants, without specifying which query is posed to

which defendant.  The majority of these Document Requests are directed toward records

maintained by the City, and accordingly, the City provides the following answers

pursuant to Fed.R.Civ.P. Rule 33(a) and (d), providing such information as is available to

it after a reasonable and diligent search of the records maintained by the Boston Police

Department.

## SPECIFIC RESPONSES

### REQUEST NO. 38

All documents concerning the policies, procedures, and circumstances under
which any officer was assigned as a member of the Identification Unit and/or the former
Latent Print Unit of the BPD from 1985 – 2004 (to the extent that such documents have
not been produced in response to Request 12).

### RESPONSE:

OBJECTION.  Defendant objects to the request on the grounds that it is overly broad,
unduly burdensome and not reasonably calculated to lead to the discovery of admissible
evidence, in that it seeks information over a nineteen year period, and any extant
documents existing twelve years prior to the shooting of Gallagher have no possible
relevance to the practices in place in 1997; nor do policies instituted subsequent to the
discovery of the erroneous fingerprint identification have any bearing on the practices in
place from 1997 – 2004.  Further, in its Response to Plaintiff's First Document Request,
the City produced all information regarding assignments to positions within in its
possession, custody or control for the time period at issue.

### REQUEST NO. 39

All documents concerning the training provided to any member of the
Identification unit and/or the former Latent Print Unit of the BPD from 1985 until 2004
(to the extent that such documents have not been produced in response to Request 13).

### RESPONSE

OBJECTION.  Defendant objects to the request on the grounds that it is overly broad,
unduly burdensome and not reasonably calculated to lead to the discovery of admissible
evidence, in that it seeks information over a nineteen year period, and any extant
documents existing twelve years prior to the shooting of Gallagher have no possible

relevance to the training practices in place in 1997; nor do training practices instituted subsequent to the discovery of the erroneous fingerprint identification have any bearing on the practices in place from 1997 – 2004.  Further, in its Response to Plaintiff's First Document Request, the City produced all responsive information regarding training of the named defendants in its possession, custody or control for the time period at issue.

**REQUEST NO. 40**

All documents concerning the duties of any and all members of the Identification Unit and /or the former Latent Print Unit of the BPD, including their duties with respect to the shooting of Sergeant Gallagher, from 1985 until 2004 (to the extent that such documents have not been produced  in response to Request 14).

**RESPONSE**

OBJECTION.  Defendant objects to the request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information over a nineteen year period, and any extant documents existing twelve years prior to the shooting of Gallagher have no possible relevance to the training practices in place in 1997.  Further, in its Response to Plaintiff's First Document Request, the City produced all responsive information regarding the duties of the named defendants with regard to their assignments and the investigation into the shooting of Gallagher that are in its possession, custody or control.

**REQUEST NO. 41**

All documents concerning the responsibilities of supervisors of the BPD Identification Unit and /or the former Latent Print Unit with respect to training, instruction, supervision, review, and discipline of subordinates in the Identification Unit and the former Latent Print Unit of the BPD from 1985 until 2004  (to the extent that such documents have not been produced  in response to Request 21).

**RESPONSE**

OBJECTION.  Defendant objects to the request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information over a nineteen year period, and any extant documents existing twelve years prior to the shooting of Gallagher have no possible relevance to the supervisory practices in place in 1997.  Further, in its Response to Plaintiff's First Document Request, the City produced all responsive information regarding the duties of the named supervisory officers with regard to their assignments and the investigation into the shooting of Gallagher that are in its possession, custody or control.

**REQUEST NO. 42**

All documents concerning the policies, procedures and standards by which supervisors oversaw fingerprint identification work undertaken by the Identification Unit and /orthe former Latent Print Unit of the BPD from 1985 until 2004 (to the extent that such documents have not been produced  in response to Request 22).


**RESPONSE**


OBJECTION.  Defendant objects to the request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information over a nineteen year period, and any extant documents existing twelve years prior to the shooting of Gallagher have no possible relevance to the supervisory practices in place in 1997.  Further, in its Response to Plaintiff's First Document Request, the City produced all responsive information regarding the duties of the named supervisory officers with regard to their assignments and the investigation into the shooting of Gallagher that are in its possession, custody or control.

**REQUEST NO. 43**

All documents concerning any efforts to supervise and verify the accuracy of fingerprint identifications made by members of the Identification Unit and/or the former Latent Print Unit of the BPD from 1985 until 2004 (to the extent that such documents have not been produced  in response to Request 23).


**RESPONSE**


OBJECTION.  Defendant objects to the request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks information over a nineteen year period, and any extant documents existing twelve years prior to the shooting of Gallagher have no possible relevance to the supervisory practices in place in 1997.  Further, in its Response to Plaintiff's First Document Request, the City produced all responsive information regarding the duties of the named supervisory officers with regard to their assignments and the investigation into the shooting of Gallagher that are in its possession, custody or control.

**REQUEST NO. 44**

All documents maintained and/or archived by the BPD as part of the personnel file and/or record for each individual who worked in the Identification Unit and/or the former Latent Print Unit of the BPD from 1985 until 2004.

**RESPONSE**

OBJECTION.  Defendant objects to the request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks personnel information of past and present employees spanning a nineteen year period, and any extant personnel documents relating to the named defendants have been identified and produced.

**REQUEST NO. 45**

All documents concerning the law enforcement background, credentials, and expertise of each individual who worked in the Identification Unit and/or the former Latent Print Unit of the BPD from 1985 until 2004, including applications for employment, resumes, and curriculum vitae.

**RESPONSE**

OBJECTION.  Defendant objects to the request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks personnel information of past and present employees spanning a nineteen year period, and any extant personnel documents relating to the named defendants have been identified and produced.

**REQUEST NO. 46**

All documents concerning complaints filed, legal action taken, or disciplinary action taken against any individual who worked in the Identification Unit and/or the former  Latent Print Unit of the BPD from 1985 until 2004 in connection with his or her employment by the BPD and/or any other law enforcement agency.

**RESPONSE**

OBJECTION.  Defendant objects to the request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks personnel information of past and present employees spanning a nineteen year period, and any extant, sustained disciplinary action taken against any named defendant has been identified and produced.

**REQUEST NO. 48**

The fingerprint enlargements and/or charts created for and/or used at trial by Defendants LeBlanc or McLaughlin in the matter of *Commonwealth of Massachusetts v. Stephan Cowans*, Suffolk Superior Court Criminal Division No. 97-11231 (to the extent that such documents have not been produced in response to Request 16).

**RESPONSE**

The Defendant will make the requested  materials available for inspection at a mutually convenient time.

DEFENDANT CITY OF BOSTON
By its attorneys:
William F. Sinnott
Corporation Counsel


_____
Mary Jo Harris (BBO# 561484)
Special Assistant Corporation Counsel
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

Thomas R. Donohue, Esq.
BBO# 643483
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4039


CERTIFICATE OF SERVICE

I, Mary Jo Harris, counsel for Defendant City of Boston hereby certify that a copy of the attached document has been served upon all counsel of record this _____ day of May, 2006 by first class mail.


_____
Mary Jo Harris

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  05-11574 RGS

STEPHAN COWANS.,
        Plaintiffs,

v.

CITY OF BOSTON, BOSTON POLICE
DEPARTMENT, DONALD L. DEVINE,
ROBERT FOILB, GREGORY D.
GALLAGHER, DENNIS LEBLANC,
JOHN H. MCCARTHY, PAUL T.
MCDONOUGH, ROSEMARY
MCLAUGHLIN, HERBERT L.
SPELLMAN, and DOES 1-10
        Defendants.

## AFFIDAVIT OF EDWARD M. CALLAHAN

1.      My name is Edward Callahan, and I make the following declarations based upon my personal knowledge.

2.      I am employed by the Boston Police Department, and have been so employed since 1986. I currently hold the position of Deputy Chief of the Bureau of Administrative Services, a position I have held since 2004. In this capacity, I have oversight and management of administrative offices within the Boston Police Department, including Human Resources.

3.      Prior to being appointed to my current position, I was the Director of Human Resources for the Boston Police Department, and was appointed to this position in September 1986. Among my responsibilities as the Director of Human Resources was the maintenance of personnel files, including the documentation of personnel hires, transfers, and resignations, and issuance of personnel orders in regard to each move.

4.      Each time an employee is transferred, a personnel order is issued and is copied to the employee's personnel file. On average, in the course of one calendar year, 650 personnel orders are issued.  On average, since 1985, the Department has employed approximately 2,500 – 3,000 persons.  Approximately 3,000 people have left the Department's employ since 1985.

5.      The Department does not maintain a running list of all personnel assigned to each unit or division, since this would be logistically impossible and would serve no practical administrative purpose.

6.      In order to determine who was assigned to the Latent Print Unit from 1985 to the present, one would have to physically review each personnel order issued since 1985, many of which may have been destroyed as being beyond the record maintenance period required by the Secretary of State's Office public record retention policy; and/or review each personnel file maintained by the Department on each current and former employee.

7.      An alternative to the hand searches described in the preceding paragraph may be a review of the Latent Print Unit's daily attendance logs; however the accuracy of these logs are not guaranteed as they are not formal documents of the Department and are maintained at the discretion of each unit commander for their convenience only.

8.      I understand that the plaintiff in this case seeks documentation about the reasons for transfer. Subject to labor restrictions, not at issue in this case, personnel are assigned to positions at the will of the Police Commissioner. From time to time, an employee may request a transfer, or may be formally recommended for a position, but the overwhelming majority of personnel moves are not documented beyond the personnel order itself. Thus, based on my twenty years of experience with the Human Resources division, it is unlikely that any personnel file will contain a statement of reasons for transfer or assignment to a particular unit.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY
THIS 23RD DAY OF JUNE, 2006

Edward P. Callahan