UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11574-RGS

| | |
|---|---|
| STEPHAN COWANS, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF BOSTON; BOSTON POLICE DEPARTMENT; DONALD L. DEVINE; ROBERT FOILB; GREGORY D. GALLAGHER; DENNIS LEBLANC; JOHN H. MCCARTHY; PAUL T. MCDONOUGH; ROSEMARY MCLAUGHLIN; HERBERT L. SPELLMAN, and JOHN DOES I-10, | ) ) ) ) ) ) ) ) |
| | ) |
|     Defendants | ) |
| | ) |

CITY OF BOSTON'S RESPONSES TO PLAINTIFF'IS OPPOSITION TO ITS
MOTION FOR A PROTECTIVE ORDER AND OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL

The City of Boston respectfully requests that the Court disregard so much of Plaintiff's Opposition to its Motion for a Protective Order that informs the Court of Mr. Cowans' belief that the City's "attempt at mediation was utterly lacking" such that he now "has a difficult time believing the efforts of the City have been sincere" Plaintiff's Opposition at pages 8 – 9,  as well as Plaintiff's representations in his Motion to Compel that the City "was unprepared to make a substantive offer to Mr. Cowans at the mediation…" Motion to Compel, p. 5.

Injection of settlement discussions into this discovery dispute is improper, and furthermore, Plaintiff's opinions about the City's settlement posture has no bearing on the merits of the City's request for protection from discovery requests that seek twenty years'

worth of information from approximately 5,000 personnel files. Plaintiff's suggestion that the request for a Protective Order is made in order to delay litigation is disingenuous, as the City is objecting to the time span covered by Plaintiff's discovery requests propounded just in April 2006. Presumably, the collective wisdom of the six attorneys laboring on plaintiff's behalf was satisfied in October 2005 that a decade's worth of information was a sufficient span of inquiry for discovery requests. Meanwhile, the City has presented the Police Commissioner and a unit supervisor for deposition, and is cooperatively scheduling remaining fact witnesses at the convenience of all counsel.

Plaintiff has not sought to depose any other witness other than those under the control of the City – indeed, has not noticed even the two former officers who were directly involved in the fingerprint identification. Plaintiff has most recently served a subpoena upon the former Corporation Counsel for the City of Boston, an individual with no role whatsoever in the fingerprint analysis or the management of the Police Department (but presumably, a person with knowledge about the City's settlement position).

An unsuccessful mediation effort does not justify using the discovery process as a cudgel to force a more favorable settlement posture. The City respectfully requests that the Court either disregard Plaintiff's representations regarding settlement, or in the alternative, view the objected-to discovery as improperly propounded for the purpose of punishing the City for failing to satisfy Plaintiff's settlement demands and find it as a separate and independent ground for allowing the City's motion for a protective order.

Finally, to the extent that the Plaintiff's Motion to Compel complains that the City's responses to its requests are "just plain confusing," the City requests that the Court order the Plaintiff to make a more definitive statement of the deficiencies of which he complains. To the extent Plaintiff is moving to compel only on those specific requests

listed in his motion, the City states that its response to document requests numbers 7, 11, 15, 16, 17, 21, 24, 25, 27, 28, 31, 32, and 33 specifically identifies the documents that it is producing in response to the requests and any motion to compel further response is frivolous. The City stands by its objection to the production of any deposition testimony ever given by any named defendant as overbroad. The remaining discovery requests are addressed by the City's Motion for a Protective Order.

Respectfully submitted,

Defendant City of Boston

By its attorneys:

    /s/ Mary Jo Harris
Mary Jo Harris, BBO # 561484
Special Assistant Corporation Counsel
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

**Certificate of Service**

    I, Mary Jo Harris, hereby certify that this document was filed through the ECF system on July 11, 2006, and that a true paper copy of this document will be sent to those indicated as non registered participants on the Notice of Electronic Filing by first class mail.

DATED: July 11, 2006        /s/ Mary Jo Harris