UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11574 RGS

STEPHAN COWANS,
    <u>Plaintiff,</u>

v.

CITY OF BOSTON, BOSTON POLICE DEPARTMENT, DONALD L. DEVINE, ROBERT FOILB, GREGORY D. GALLAGHER, DENNIS LEBLANC, JOHN H. MCCARTHY, PAUL T. MCDONOUGH, ROSEMARY MCLAUGHLIN, HERBERT L. SPELLMAN, and DOES 1-10,
    <u>Defendants.</u>

CITY OF BOSTON'S OPPOSITION TO PLAINTIFF'S MOTION
TO HAVE PARAGRAPHS OF THE CITY'S ANSWERS DEEMED ADMITTED

    The City of Boston hereby opposes the Plaintiff's motion to have paragraphs of the Complaint deemed admitted, as the City's answers were properly made to the allegations as pled by the Plaintiff. The City only responds to the Plaintiff's protest to its answers to paragraphs 23 – 33, 35, 38 – 42, 44- 45, 47 – 48, 60 – 71, notwithstanding the three pages devoted to the allegations that were subject to the City's amended answer (answers that presumably, plaintiff has no issue with at present).

    In all paragraphs listed, the plaintiff has explicitly incorporated documents generated during the various investigations into the incidents at issue in this litigation. The City's response has been to state that the referenced documents speak for themselves. In those paragraphs that appeared to contain independent statements of fact, the City

provided additional response. The City submits that its answers are consistent with its obligations under Fed.R.Civ.P. Rule 8 and the Federal Rules of Evidence.

Although research has not revealed a case directly addressing how a party must answer allegations in a complaint that refer to and summarize the facts contained in extant documents, the District of Massachusetts has reviewed the evidentiary rules as they pertain to corporate answers to discovery responses incorporating documents. In Freitas v. Emhart Corp., U.S.M., 715 F.Supp. 1149 (D.Mass. 1989), Judge Tauro struck a discovery answer that summarized information contained in documents, noting:

> Federal Rule of Evidence 1002 provides that "[t]o prove the content of a writing … the original writing … is required." Fed.R.Evid. 1002. A person may not testify, therefore, about the contents of a document if the document itself is available. In such circumstances, the document speaks for itself. The interrogatory answer at issue in this case was based solely on a review of corporate records. A s such, the answer is merely an opinion of the defendant as to the content of the underlying records, something that the best evidence rule prohibits.

Id., 715 F.Supp. 1149, at 1151.

Plaintiff could not seek the City's admission to these allegations in a discovery document, and if he did, the City could properly respond, as it did in its Amended Answer, that the documents speak for themselves. There is no apparent reason why the best evidence rule would preclude a plaintiff's attempt to force admissions based on documents, but not have the same effect when the documents are couched in preliminary pleadings[1]. For this reason, the City requests that Plaintiff's motion be denied.

---

[1] Plaintiff's two cited cases do not counsel a contrary conclusion. Morse v. U.S. Fire Ins. Co., 1993 WL 451431 (N.D.Ill.1993), is an unpublished, one page opinion, the district court demanded admissions or denials to statements of jurisdiction (statements in the custom of the District of Massachusetts are routinely either admitted or denied), then went on to state the Court's "forlorn hope" that a document "will indeed give voice." Id. The City respectfully suggests that this unpublished decision should not be given precedential effect in this Court. And, in IBM Credit Corp. v. Block, 1997 WL 769553 (N.D.Ill. 1997), another unreported decision, the Court deemed allegations admitted not because the response claimed the documents spoke for themselves, but because in the summary judgment context, the opposing party failed to deny with specificity as required by the local rules of that court. 1997 WL 769553 at *2.

2

Examples of the disputed averments follow:

1. Paragraphs 23 – 33, 35, 38 – 42  (allegations relating to the shooting incident and subsequent investigation)

Paragraphs 23 – 29 all begin with the phrase "According to police reports…" followed by a partial summary of what those reports contain.  Many of the allegations recite information provided to the police by third parties, information that was not witnessed first hand by any City employee or official.  See  Paragraph 27:  "According to police reports, during the confrontation, Benjamin Pitre, a resident of 7 School Street Place, the home where Gallagher and the Perpetrator struggled in the backyard, came to his window.  Upon seeing Pitre, the Perpetrator fired several shots toward Pitre and his home."    See also paragraph 30:  "While in the Lacy home, the Perpetrator removed his sweatshirt and used it to wipe his fingerprints from Gallagher's firearm."    It is entirely appropriate for the City to answer as it did.  In stating that the reports speak for themselves, the City is acknowledging the reports issued, without taking a position on the truthfulness or falsity of the information provided by third parties.  It can hardly do otherwise, as no City employee has personal knowledge to attest to the truthfulness of those allegations.

Other allegations made by plaintiff concern the actions of the two defendants who analyzed the evidence in this case, neither of whom have cooperated with the City.  See, for example, paragraph 38:  "According to police reports and trial testimony, LeBlanc searched the Automatic Fingerprint Identification System ("AFIS") fingerprint database for a match to the allegedly unknown second latent fingerprint on the glass mug.  The search revealed no match to any prints in the AFIS database."    The police reports and trial testimony do recite these facts; however, LeBlanc has refused to answer questions concerning his analysis of the fingerprints in this case, instead invoking his rights against

3

self-incrimination. The City cannot admit the truth or falsity of these allegations because that information is not available to it.

Still other allegations refer to reports, then summarize conclusions that may be drawn therefrom. See paragraph 40: "According to trial testimony, in mid-June 1997, the name "Stephan Cowans" was provided to the Latent Print Unit, including Officers LeBlanc and McLaughlin, as the name of a possible suspect in the shooting of Sergeant Gallagher. Trial testimony and police reports provide no indication of who provided Mr. Cowans' name to the Latent Print Unit. Cowans' name was provided on, at best, a third-party statement responding to a physical description given by the investigating officers that did not match the description provided by Bonnie Lacy, Bryant McEwen and Jacqueline McEwen, and also did not match the description initially provided by Pitre." The City's answer fairly acknowledges the documents referenced, and fairly states that it cannot admit or deny plaintiff's conjectures as to the meaning of the summarized reports as they are too vague to allow for an intelligent response.

2.   Paragraphs 60 – 71 (The "Smith" Report)

The City admits that Ron Smith was an expert hired by it to review the Cowans fingerprint identification, see paragraph 58 – 59 and the City's answers thereto. Allegations summarizing these documents go on to contain conclusions as to the ultimate facts in this case. See, for example, paragraph 68: "The Smith report went on to conclude that LeBlanc understood the latent print process and should have been able to make a proper identification in this case" and paragraph 70: "After an exhaustive inquiry, this team of experts unanimously concluded that, at some point after the erroneous identification of the latent print as that of Mr. Cowans, LeBlanc discovered his misidentification and actively concealed it throughout the trial." The Plaintiff cannot expect and demand the City to admit or deny summary conclusions drawn by those

4

experts about LeBlanc's "understanding," or to admit or deny opinions about LeBlanc's consciousness of guilt during the Cowans trial especially where, as here, the City has no access to LeBlanc's motivations.

For the reasons stated herein, the City requests that the Court deny Plaintiff's motion to have paragraphs of the answer deemed admitted.

Respectfully submitted:
DEFENDANT, CITY OF BOSTON
William F. Sinnott
Corporation Counsel


___/s/ Mary Jo Harris_____
Mary Jo Harris (BBO# 561484)
Special Assistant Corporation Counsel
Morgan, Brown & Joy, LLP
200 State Street
Boston, MA 02109
(617) 523-6666

Thomas R. Donohue, Esq.
BBO# 643483
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4039

### Certificate of Service

I, Mary Jo Harris, hereby certify that this document was filed through the ECF system on July 17, 2006, and that a true paper copy of this document will be sent to those indicated as non registered participants on the Notice of Electronic Filing by first class mail.

DATED: July 17, 2006         _/s/  Mary Jo Harris_____