IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHAN COWANS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF BOSTON; BOSTON POLICE )<br>DEPARTMENT; DONALD L. DEVINE, Deputy )<br>Superintendent of the Bureau of Investigative )<br>Services of the Boston Police Department, in his )<br>individual capacity; ROBERT FOILB, Supervisor )<br>of the Boston Police Department Identification )<br>Unit, in his individual capacity; GREGORY D. )<br>GALLAGHER, in his individual capacity; DENNIS )<br>LEBLANC, in his individual capacity; JOHN H. )<br>MCCARTHY, in his individual capacity; PAUL T. )<br>MCDONOUGH, in his individual capacity; )<br>ROSEMARY MCLAUGHLIN, in her individual )<br>capacity; HERBERT L. SPELLMAN, in his )<br>individual capacity; and DOES 1–10; )<br>)<br>Defendants. )<br>) | Civil Action No: 05-11574 (RGS) |

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF
DENNIS LEBLANC AND FOR COSTS**

Plaintiff Stephan Cowans ("Mr. Cowans") hereby moves this Court to compel defendant Dennis LeBlanc ("LeBlanc") to appear for deposition and respond to specific questions posed to him.

As set forth more fully in the accompanying Memorandum in Support of Plaintiff's Motion to Compel Deposition of Dennis LeBlanc and for Costs, on December 4, 2006, LeBlanc appeared at his scheduled deposition, but refused to respond to any specific questions – or to assert his Fifth Amendment rights in response to such specific questions – on the impermissible basis that he planned to assert the Fifth Amendment privilege in response to any question that

LIBA/1748785.2

-2-

was asked of him. Because LeBlanc must claim the privilege with respect to each inquiry, (1) allowing the Court to determine for itself the validity of the claims of privilege, and (2) allowing Mr. Cowans to create a sufficient record to enable appropriate adverse inferences to be drawn, Mr. Cowans seeks to compel LeBlanc to reappear for deposition, and to respond to the specific questions he should have answered at the December 4, 2006 deposition.

Mr. Cowans also respectfully requests that this Court order LeBlanc to pay Mr. Cowans' reasonable costs and attorneys' fees for the deposition conducted on December 4, 2006, and associated with the filing of this motion and the rescheduling of the deposition.

-3-

                          Respectfully submitted,
                          STEPHAN COWANS

                          By his attorneys,


/s/ Sheryl A. Koval_____
Joseph Savage (BBO# 443030)
R. David Hosp (BBO# 634091)
Sheryl A. Koval (BBO# 657795)
Goodwin | Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Robert N. Feldman (BBO# 630734)
Melissa M. Longo (BBO# 647649)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
(617) 307-6100

Dated: December 11, 2006

**CERTIFICATION PURSUANT TO
LOCAL RULE 7.1(A)(2) AND FED. R. CIV. P. 37.1
AND CERTIFICATE OF SERVICE**

      I certify that I conferred with counsel for the defendants in a good faith attempt to resolve or narrow the issues presented by this motion through negotiation at deposition with counsel for LeBlanc.

      I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 11, 2006.

      /s/ Sheryl A. Koval
      Sheryl A. Koval