**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

| | |
|---|---|
| STEPHAN COWANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 05-11574 (RGS) |
| ) | |
| CITY OF BOSTON; BOSTON POLICE ) | |
| DEPARTMENT; DONALD L. DEVINE, Deputy ) | |
| Superintendent of the Bureau of Investigative ) | |
| Services of the Boston Police Department, in his ) | |
| individual capacity; ROBERT FOILB, Supervisor ) | |
| of the Boston Police Department Identification ) | |
| Unit, in his individual capacity; GREGORY D. ) | |
| GALLAGHER, in his individual capacity; DENNIS ) | |
| LEBLANC, in his individual capacity; JOHN H. ) | |
| MCCARTHY, in his individual capacity; PAUL T. ) | |
| MCDONOUGH, in his individual capacity; ) | |
| ROSEMARY MCLAUGHLIN, in her individual ) | |
| capacity; HERBERT L. SPELLMAN, in his ) | |
| individual capacity; and DOES 1–10; ) | |
| ) | |
| Defendants. ) | |

---

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DENNIS LEBLANC AND FOR COSTS

Plaintiff Stephan Cowans ("Mr. Cowans") hereby submits this memorandum in support of his motion to compel defendant Dennis LeBlanc ("LeBlanc") to appear for deposition and respond to specific questions posed to him. On December 4, 2006, LeBlanc appeared at his scheduled deposition, but refused to respond to any specific questions – or to assert his Fifth Amendment rights in response to such specific questions – on the impermissible basis that he planned to assert the Fifth Amendment privilege in response to <u>any</u> question that was asked of him. As a result, LeBlanc claimed that he was not required to sit through any specific

questioning whatsoever, and LeBlanc walked out of the deposition after the first question was asked.

In hiding behind a blanket invocation of privilege, LeBlanc is improperly preventing this Court from assessing for itself the validity of the asserted privilege. Furthermore, LeBlanc is inappropriately employing the Fifth Amendment as a sword to evade discovery necessary to the prosecution of Mr. Cowans' claims, while simultaneously preventing adverse inferences as to specific questions – to which Mr. Cowans is entitled – from being drawn. Accordingly, to enable him to establish a record allowing the Court to assess the validity of the claimed privilege and to draw appropriate adverse inferences with respect to specific questions, Mr. Cowans seeks an order from this Court compelling LeBlanc to reappear for deposition and respond to each question posed to him. Mr. Cowans also seeks costs for the deposition conducted on December 4, 2006, and associated with the filing of this motion and the rescheduling of the deposition.

## PRELIMINARY STATEMENT

In this action, Mr. Cowans sued officers Rosemary McLaughlin ("McLaughlin"), Dennis LeBlanc, the City of Boston and several other Boston police officers for his wrongful conviction based on a fraudulent fingerprint identification. In 1998, Mr. Cowans was wrongfully convicted of shooting Boston Police Department ("BPD") Sergeant Gregory Gallagher. The primary evidence against Mr. Cowans was a fingerprint allegedly left behind at the scene of the crime by the perpetrator. This fingerprint was identified by LeBlanc and verified by McLaughlin as belonging to Mr. Cowans. In 2004, when Mr. Cowans was exonerated based on his actual innocence, which was determined by DNA testing, the BPD reviewed the fingerprint evidence. Based on this review, the BPD conclusively determined that the fingerprint found at the scene did not match that of Mr. Cowans. Independent fingerprint experts hired by the City of Boston

LIBA/1748785.2

audited the Latent Print Unit of the BPD and the fingerprint identification that resulted in Mr.

Cowans conviction.  As a result of this audit, these experts determined that LeBlanc's

identification and McLaughlin's verification were clearly erroneous, known to be erroneous, and

this error was intentionally concealed throughout Mr. Cowans trial and conviction.  Mr. Cowans

spent nearly seven years in prison as a result of this fraudulent misidentification.

In the spring of 2004, Massachusetts Attorney General Thomas Reilly convened a grand

jury to investigate the circumstances surrounding the misidentification of the fingerprint and

possible perjury at Mr. Cowans' trial.  LeBlanc was a target of this grand jury investigation.  No

criminal charges were filed as a result of the grand jury investigation.

## FACTUAL BACKGROUND

Mr. Cowans was scheduled to depose LeBlanc on Monday, December 4, 2006.  On

Thursday, November 30, 2006, counsel for LeBlanc faxed a letter to counsel for Mr. Cowans,

stating that LeBlanc intended to assert his rights under the Fifth Amendment of the United States

Constitution and Article XII of the Massachusetts Declaration of Rights in response to every

question posed to him.  Letter from Kenneth Anderson to Sheryl Koval, dated November 30,

2006, attached hereto as Exhibit A.  The letter inquired as to whether LeBlanc needed to appear

at the deposition or whether the letter indicating his intent to assert the privilege would suffice.

*Id*.  Counsel for Mr. Cowans responded by letter dated December 1, 2006 that LeBlanc needed to

attend the deposition, as scheduled, and invoke his rights on the record in response to the

questions posed to him as appropriate.  Letter from Sheryl Koval to Kenneth Anderson, dated

December 1, 2006, attached hereto as Exhibit B.

On December 4, 2006, LeBlanc and his counsel appeared for the scheduled deposition.

Counsel for co-defendant McLaughlin, Frances Robinson, also appeared.

In response to counsel's first question regarding whether LeBlanc had taken any medication that may affect his ability to testify, LeBlanc asserted his Fifth Amendment privilege.[1]  Deposition of Dennis LeBlanc, dated December 4, 2006 ("LeBlanc Dep.") attached hereto as Exhibit C, at 5:19-6:1.  Counsel for Mr. Cowans explained that, while she was aware that Mr. Cowans planned to invoke his Fifth Amendment privilege in response to each of her questions, Mr. Cowans has the right to depose LeBlanc and needs to establish a record including specific questions and answers.[2]  LeBlanc Dep. at 6:2-4; 8:2-6.  Counsel further explained that because an adverse inference may be drawn in civil cases where the Fifth Amendment is invoked, she needs to ask specific questions for the record, stating:  "There can't just be hypothetical questions out there . . . I actually need to ask these questions so . . . we can have the adverse inference drawn against these questions."  LeBlanc Dep. at 8:22-9:5.  Counsel for Mr. Cowans explained that the deposition would likely last no more than two hours, and suggested that the deposition proceed, "instead of involving the Court, because we think we have a right to ask these questions."  LeBlanc Dep. at 9:18-10:1.

Counsel for LeBlanc nonetheless refused to allow his client to answer any further questions, stating: "I think we're going to have to involve the Court, because we're not going to have him sit here for two hours when he's going to give the same answer to every single question. . . . We'll come back if we have to do that."  LeBlanc Dep. at 10:7-20.

---

[1]      Q:  LeBlanc, have you taken any medication today that would impair your ability to testify?

A:  On advice of counsel, I hereby invoke my rights guaranteed by the Fifth Amendment of the United States Constitution and Article XII of the Massachusetts Declaration of Rights and decline to answer.

LeBlanc Dep. at 5:19-6:1.  While Mr. Cowans does not challenge it in this motion, the invocation of the Fifth Amendment privilege in response to this question is improper as it is not reasonable to believe the requested information could be used against LeBlanc or lead to other evidence that could be used against him in a criminal proceeding.

[2]      Mr. Cowans expressly reserved his right to challenge LeBlanc's invocation of his Fifth Amendment Rights in the future.  LeBlanc Dep. at 10:21-11:7.

LIBA/1748785.2

## **ARGUMENT**

A blanket invocation of the Fifth Amendment privilege is insufficient to relieve a civil litigant of his responsibility to answer the questions put to him during a deposition; rather, he must claim the privilege with respect to each inquiry, (1) allowing the court to determine for itself the validity of the claims of privilege, and (2) allowing Mr. Cowans to create a sufficient record to enable appropriate adverse inferences to be drawn.   Mr. Cowans seeks to compel LeBlanc to reappear for deposition, and to respond to the specific questions he should have answered at the initial December 4, 2006 deposition.[3]

### 1.     **LeBlanc Improperly Invoked the Fifth Amendment on a Blanket Basis, Usurping this Court's Role of Assessing the Validity of the Claimed Privilege.**

A blanket invocation of the Fifth Amendment at a deposition is improper.  *United States v. Castro*, 129 F.3d 226, 229 (1st Cir. 1997) ("[t]he [Fifth Amendment] privilege cannot be invoked on a blanket basis") (citing *In re Grand Jury Matters*, 751 F.2d 13, 17 n.4 (1st Cir. 1984).  Rather, the privilege "operates question by question." *Castro*, 129 F.3d at 229 (affirming district court's decision to compel witness to answer some preliminary questions which it deemed non-incriminating).  Even where the danger of self-incrimination is great, a party's remedy is to present himself for questioning, "and as to each question . . . elect to raise or not to raise the defense." *SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981) (quotations and citations omitted).

A response to each question is necessary to allow the court to determine the validity of the asserted privilege:

---

[3]        LeBlanc's refusal to answer questions is just the latest in a series of tactics the defendants have engaged in to frustrate Mr. Cowans' ability to develop and prosecute his case.  Defendants have continually acted in an unfounded and obstructionist manner to impede the discovery process in this case.  For example, in the deposition of co-defendant McLaughlin, defendants' counsel improperly instructed Mr. McLaughlin not to answer relevant questions, in contravention of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 30(d).

LIBA/1748785.2

Requiring a party to object with specificity to the information sought from him permits the district court to rule on the validity of his claim of privilege. *A party is not entitled to decide for himself whether he is protected by the fifth amendment privilege.* Rather, this question is for the court to decide after conducting a particularized inquiry, deciding, in connection with each specific area that the questioning party seeks to explore, whether or not the privilege is well founded.

*Id.* at 668 (quotations and citations omitted and emphasis added). *See also Hoffman v. United States*, 341 U.S. 479, 488 (1951) ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination. It is for the court to decide whether his silence is justified."). Parties claiming a privilege must therefore claim the privilege as to each question asked to allow the court to rule with specificity. *In re Grand Jury Matters*, 751 F.2d 13, 17 n.4 (1st Cir. 1984); *Femia v. McLaughlin*, 126 F.R.D. 426, 431 (D. Mass. 1989) ("[a]ny challenge to the assertion of the privilege against self-incrimination . . . requires that all questions to which the answers are sought be put to the witness and the witness be forced to either answer the question or assert the privilege").

2.    **LeBlanc Improperly Invoked the Fifth Amendment on a Blanket Basis, Preventing Mr. Cowans from Creating the Record Necessary to Allow Adverse Inferences to be Drawn as to Specific Questions.**

Mr. Cowans is entitled to establish a record that will enable the Court to draw adverse inferences with respect to specific questions, appropriately offsetting the disadvantage to Mr. Cowans' ability to gather evidence and present his case created by LeBlanc's assertion of the privilege.

Although LeBlanc has the right to refuse to reveal information properly subject to the Fifth Amendment privilege, that refusal frustrates Mr. Cowans' ability to develop and prosecute his case. *SEC v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3d Cir. 1994) (not allowing the inference to be drawn "poses substantial problems for an adverse party who is deprived of a

-6-

source of information that might conceivably be determinative in a search for the truth").

Therefore, in this civil case, LeBlanc's claim of privilege as to specific questions warrants the

drawing of an adverse inference with respect to those questions. *See, e.g., In re Carp*, 340 F.3d

15, 23 (1st Cir. 2003) (in a civil proceeding, trial court may draw a negative inference where a

party invokes the Fifth Amendment privilege); *Serafino v. Hasbro, Inc.*, 82 F.3d 515, 518 (1st

Cir. 1996) (because, in a civil proceeding, "the parties are on a somewhat equal footing, one

party's assertion of his constitutional right should not obliterate another party's right to a fair

proceeding"); *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (an adverse inference may be

drawn against parties in civil actions who invoke the privilege against self-incrimination).[4]

Without an adequate record including specific questions and responses, Mr. Cowans is

unfairly deprived of the opportunity to have adverse inferences drawn as to each specific

question of importance. *See Femia v. McLaughlin*, 126 F.R.D. 426, 431 (D. Mass. 1989) ("[a]ny

challenge to the assertion of the privilege against self-incrimination . . . requires that all questions

to which the answers are sought be put to the witness and the witness be forced to either answer

the question or assert the privilege"). As the record stands, Mr. Cowans would be forced to ask

the Court to draw an adverse inference as to a floating, hypothetical question that could have

been, but was not, asked of the witness.

Allowing LeBlanc to avoid responding to each question posed to him would convert the

Fifth Amendment from a shield into a sword – enabling LeBlanc both to avoid revealing

discovery critical to Mr. Cowans' case, and prevent the creation of an adequate record from

which adverse inferences can be drawn. *See United States v. Hastings*, 461 U. S. 499, 515

---

[4]    The court may emphasize adverse inferences that may be drawn in giving jury instructions, and may use adverse inferences in considering dispositive motions. *See, e.g., SEC v. Colello*, 139 F.3d 674, 677-78 (9th Cir. 1998) (giving effect to the adverse inference in deciding a summary judgment motion).

LIBA/1748785.2

(1983) (Stevens, J., concurring) (the protective shield of the Fifth Amendment should not be converted into a sword) (citation omitted); *Serafino*, 893 F. Supp. at 108 (Fifth Amendment shield may not be turned into a sword); *cf. Mid-America's Process Serv. v. Ellison*, 767 F.2d at 686, 684 (10th Cir. 1985) (by asserting the Fifth Amendment privilege in a civil case, a party "may have to accept certain bad consequences that flow from that action") (citations omitted). While Mr. Cowans would suffer great prejudice in the absence of an order compelling LeBlanc to respond to specific questions at his deposition, LeBlanc would in no way be prejudiced as his rights under the Fifth Amendment are fully protected by the assertion of that privilege in response to each question.

## CONCLUSION

For the foregoing reasons, Mr. Cowans respectfully requests that this Court compel LeBlanc to appear for deposition and answer every questions posed to him at that deposition. Mr. Cowans respectfully requests that this Court order LeBlanc to pay Mr. Cowans' reasonable costs and attorneys' fees for the deposition conducted on December 4, 2006, and associated with the filing of this motion and the rescheduling of the deposition.

## REQUEST FOR ORAL ARGUMENT

Mr. Cowans requests oral argument on this Motion pursuant to Local Rule 7.1(D).

Respectfully submitted,
STEPHAN COWANS

By his attorneys,


/s/ Sheryl A. Koval
Joseph Savage (BBO# 443030)
R. David Hosp (BBO# 634091)
Sheryl A. Koval (BBO# 657795)
Goodwin | Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Robert N. Feldman (BBO# 630734)
Melissa M. Longo (BBO# 647649)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
(617) 307-6100

Dated:  December 11, 2006

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 11, 2006.

<u>/s/ Sheryl A. Koval                    </u>
Sheryl A. Koval

LIBA/1748785.2

# Finneran, Byrne & Drechsler, L.L.P.

Attorneys at Law

Eastern Harbor Office Park
50 Redfield Street
Boston, Massachusetts 02122

James E. Byrne
Thomas Drechsler
~~~~~~~
Of Counsel
Thomas M. Finneran

Kenneth H. Anderson
Richard P. Mazzocca
Eric S. Goldman
Jonathan E. Tobin
Susan E. Devlin

Telephone (617) 265-3900
Telefax (617) 265-3627

November 30, 2006

*Via Fax To: (617) 523 - 1231*

Sheryl A. Koval, Esq.
Goodwin, Procter LLP
Exchange Place
53 State Street
Boston, MA 02109

RE:    Stephan Cowans
VS:    City of Boston, Dennis LeBlanc, Rosemary McLaughlin, et al.
        United States District Court, Docket No. 2005 - 11574 RGS
        Our File No. 04-5668

Dear Attorney Koval:

Please be advised that it is Dennis LeBlanc's intention to assert his Fifth Amendment and Article 12 rights against self incrimination and to decline to answer questions at the deposition currently scheduled for Monday, December 4, 2006. Kindly advise me if you intend to challenge this assertion of his rights. Also please advise if this letter will suffice as invocation of these rights. Since he will be declining to answer questions, I would prefer not to have to come in person to this deposition. However, if you would like to have him assert his rights on the record, we will do so on Monday.

Thank you for your attention to this correspondence.

Very truly yours,

Kenneth H. Anderson

KHA: kk
cc:    Frances Robinson, Esq.
        Via Fax To: (617) 723 - 7731
cc:    Dennis LeBlanc

GOODWIN | PROCTER

Sheryl A. Koval
617.570.1147
skoval@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

December 1, 2006

Kenneth H. Anderson, Esq.
Finneran, Byrne & Drechler, L.L.P.
Eastern Harbor Office Park
50 Redfield Street
Boston, MA 02122

Re:    *Cowans v. City of Boston, et al.*, Civ. A. No. 05-11574 (D. Mass.)

Dear Attorney Anderson:

I am in receipt of your letter dated November 30, 2006 regarding Dennis' LeBlanc's intended invocation of his 5th Amendment rights. While, at this time, we do not intend to challenge that invocation, we will need to have Mr. LeBlanc attend the deposition, as scheduled, and invoke his rights on the record in response to our questions.

Therefore, this letter will serve to confirm that Mr. LeBlanc's deposition will take place at 10:00 a.m. on Monday, December 4, 2006 in our offices.

Please let me know if you have any questions.

Very Truly Yours,

Sheryl A. Koval

cc:  Frances Robinson, Esq.

ORIGINAL

1

Volume 1, Pages 1-12

Exhibits: None

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHAN COWANS,

        Plaintiff

v.                    Docket No. 05-11576 (RGS)

CITY OF BOSTON, et al.

        Defendants

(Full caption on Page 2)

- - - - - - - - - - - - - - - - - - - - - - - - - - -

DEPOSITION OF DENNIS E. LeBLANC

Monday, December 4, 2006, 10:21 a.m.

Goodwin Procter LLP

53 State Street

Boston, Massachusetts

- - - - Reporter:  Alan H. Brock, RPR, CRR - - - -

abrock@fabreporters.com    www.fabreporters.com

Farmer Arsenault Brock LLC

50 Congress Street, Suite 415

Boston, Massachusetts 02109

617.728.4404   fax 617.728.4403

2

1                UNITED STATES DISTRICT COURT

2             FOR THE DISTRICT OF MASSACHUSETTS

3             - - - - - - - - - - - - - - - - - - - - - - - - - - -

4    STEPHAN COWANS,

5                    Plaintiff

6    v.                          Docket No. 05-11576 (RGS)

7    CITY OF BOSTON; BOSTON POLICE DEPARTMENT; DONALD

8    L. DEVINE, Deputy Superintendent of the Bureau

9    of Investigative Services of the Boston Police

10   Department, in his individual capacity; ROBERT

11   FOILB, Supervisor of the Boston Police

12   Department Identification Unit, in his

13   individual capacity; GREGORY D. GALLAGHER, in

14   his individual capacity; DENNIS LEBLANC, in his

15   individual capacity; JOHN H. MCCARTHY, in his

16   individual capacity; PAUL T. MCDONOUGH, in his

17   individual capacity; ROSEMARY MCLAUGHLIN, in her

18   individual capacity; HERBERT L. SPELLMAN, in his

19   individual capacity; and DOES 1-10,

20                    Defendants

21

22

23

24

FARMER ARSENAULT BROCK LLC

3

1    APPEARANCES:

2        Goodwin Procter LLP

3        Sheryl A. Koval, Esq.

4        Michelle Gonnam, Esq.

5        Exchange Place

6        53 State Street

7        Boston, Massachusetts 02109

8        617.570.1000  Fax: 617.523.1231

9        skoval@goodwinprocter.com

10       mgonnam@goodwinprocter.com

11       for the Plaintiff

12

13       Finneran, Byrne & Drechsler, L.L.P.

14       Kenneth H. Anderson, Esq.

15       Eastern Harbor Office Park

16       50 Redfield Street

17       Boston, Massachusetts  02122

18       617.723-7339  Fax:  617.265.3627

19       kanderson@fbdlegal.com

20       for Defendant LeBlanc

21

22

23

24

FARMER ARSENAULT BROCK LLC

4

1    Davis, Robinson & White, L.L.P.

2    Frances L. Robinson, Esq.

3    One Faneuil Hall Market Place

4    Boston, Massachusetts  02109

5    617.723-7339  Fax: 617.723.7731

6    for Defendant McLaughlin

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

5

1              December 4, 2006        10:21 a.m.

2              P R O C E E D I N G S

3              DENNIS E. LeBLANC, Sworn

4              EXAMINATION

5    BY MS. KOVAL:

6        Q.   Would you please state your name for the

7    record.

8        A.   Dennis E. LeBlanc.

9              MS. KOVAL:  Just as to preliminary

10   stipulations, we'll proceed in the way that we've

11   been proceeding in the past:  Federal Rules of Civil

12   Procedure, objections except as to form waived until

13   trial?

14             MR. ANDERSON:  That's fine.

15             MS. KOVAL:  Would you like him to read

16   and sign?

17             MR. ANDERSON:  No, we'll waive the

18   reading and signing.

19       Q.   Mr. LeBlanc, have you taken any medication

20   today that would impair your ability to testify?

21       A.   On advice of counsel, I hereby invoke my

22   rights guaranteed by the Fifth Amendment of the

23   United States Constitution and Article XII of the

24   Massachusetts Declaration of Rights and decline to

6

1    answer.

2       Q.   It's our understanding today that you plan

3    to invoke your Fifth Amendment rights in response to

4    my questions?

5              MR. ANDERSON:   That's correct.   And just

6    to kind of recap or put on the record what we

7    discussed out in the hallway beforehand:   I faxed a

8    letter over on Thursday indicating that it was our

9    intention, based upon advice of counsel, after

10   meeting with Mr. LeBlanc, that he was going to

11   assert his Fifth Amendment and Article XII rights to

12   each and every question you asked him.  We asked if

13   we needed to produce him or not.  You said you

14   needed him here to create a record, which I

15   understand, and we're here in person.

16             I don't think anyone can contest the

17   fact that he does have these rights.  He was the

18   target of grand jury investigation by the

19   Massachusetts Attorney General.  They went so far as

20   to immunize Rosemary McLaughlin, and that grand jury

21   did not return any indictment.  But I have not heard

22   that he has been cleared, that anything has ceased.

23   And given that posture, he will be asserting Fifth

24   Amendment and Article XII rights to each and every

FARMER ARSENAULT BROCK LLC

7

1  question asked hereafter.

2      MS. KOVAL:  While we are not challenging

3  Dennis LeBlanc's assertion of his rights at this

4  point, we understand that he will answer each

5  question in kind, similar to what he just said.  If

6  we want to create a shortcut for that statement in

7  response to my questions -- because, as I said, I do

8  have a number of questions to go through with him --

9  if we want to make this a little bit easier, we can

10  agree on some shortcut version of it.

11      MR. ANDERSON:  Would you agree that he

12  can just say "same answer"?

13      MS. KOVAL:  I'd rather have him say

14  something more to the effect of "I assert my rights"

15  or "I invoke the Fifth Amendment," something to that

16  effect, instead of "same answer."

17      MR. ANDERSON:  I know we discussed it

18  before:  In every other case I've seen done this

19  way, after four or five questions it was asked, "Is

20  it your intention to continue asserting your

21  rights?"

22      MS. ROBINSON:  I don't understand, for

23  the record, why the letter from Mr. Anderson doesn't

24  suffice.

FARMER ARSENAULT BROCK LLC

8

1          MS. KOVAL:  This is to recap our

2    conversation we had off the record, Ken:  We have

3    the right to ask him whatever questions we choose,

4    and he can choose to invoke his Fifth Amendment.  I

5    need a clean record, which includes my questions,

6    his answers.  If it's going to be the same answer,

7    that's fine.  But he needs to say that answer in

8    response to all of my questions.

9          MS. ROBINSON:  Again, just from my

10    client's point of view, if you would be so kind when

11    you ask these questions as to let us know on the

12    record why the letter doesn't suffice to make a

13    record, because it's costing my client money for me

14    to be here.  I've got to sit here through this.

15          He sent you a letter.  Every case I've

16    ever been involved in -- there have been several --

17    where my client has taken the Fifth or somebody else

18    has, a representation, even when you go in to get

19    immunity, a representation from the attorney that

20    the client will take the Fifth in regard to that

21    matter suffices as a showing.

22          MS. KOVAL:  Well, it's my position that

23    there is an adverse inference drawn in civil cases

24    where a Fifth Amendment is invoked.  I need to ask

FARMER ARSENAULT BROCK LLC

9

1    the question to have the inference drawn.  There

2    can't just be hypothetical questions out there that

3    I don't get to ask.  I actually need to ask these

4    questions so this we can have the adverse inference

5    drawn against these questions.

6                MS. ROBINSON:  And his assertion that

7    he's going to take the Fifth as to each and every

8    question that deals with the Stephan Cowans matter

9    is insufficient for your purposes?

10               MS. KOVAL:  It is, because the questions

11   aren't on the record.

12               MR. ANDERSON:  I suggest at this point

13   that we suspend, and if you want to go get an order

14   compelling us to come back and have him read that

15   same script for each and every question thereafter,

16   we'll come back.  But I just think it's a pointless

17   exercise at this point.

18               MS. KOVAL:  My position is -- this is

19   going to take about maybe two hours at the most.  We

20   can just do it and get through it, instead of

21   involving the Court, because we think we have a

22   right to ask these questions.  We think the Court is

23   going to agree with us, particularly with seven

24   hours of deposition of him to ask him whatever is

FARMER ARSENAULT BROCK LLC

10

1    nonharassment.

2              This isn't harassment.  This is us

3    establishing a record that's appropriate for summary

4    judgment.  We can keep him for two hours and get

5    through it, or we can involve the Court

6    unnecessarily.

7              MR. ANDERSON:  I think we're going to

8    involve the Court, because we're not going to have

9    him sit here for two hours when he's going to give

10   the same answer to every single question.

11             Is that correct, Mr. LeBlanc?

12             THE WITNESS:  Yes.

13             MS. KOVAL:  We'll have to move to compel

14   him.  I understand he's going to take the Fifth

15   Amendment to ask every question, but the questions

16   are floating out there nebulously, that are

17   undefined.  I need to ask the questions and go

18   through them.

19             MR. ANDERSON:  We'll come back if we

20   have to do that.

21             MS. KOVAL:  We want to reserve all of

22   our rights to a full day of deposition with him,

23   reserve all rights to challenge his immunity in the

24   future if we deem appropriate.

FARMER ARSENAULT BROCK LLC

11

1                MS. ROBINSON:  Challenge his what?

2                MS. KOVAL:  I'm sorry, challenge his

3    invocation of his Fifth Amendment rights if we deem

4    that to be appropriate.  But I think our positions

5    are clear on the record, and we just will agree to

6    disagree on this point, and we'll move to compel

7    with Judge Stearns.

8                (10:27 a.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

12

1          CERTIFICATE OF COURT REPORTER

2          I, Alan H. Brock, Registered Diplomate

3   Reporter and Certified Realtime Reporter, do certify

4   that the deposition of Dennis E. LeBlanc, in the

5   matter of Stephen Cowans v. City of Boston, et al.,

6   on December 4, 2006, was stenographically recorded

7   by me; that the witness provided satisfactory

8   evidence of identification, as prescribed by

9   Executive Order 455 (03-13) issued by the Governor

10  of the Commonwealth of Massachusetts, before being

11  sworn by me, a Notary Public in and for the

12  Commonwealth of Massachusetts; that the transcript

13  produced by me is a true and accurate record of the

14  proceedings to the best of my ability; that I am

15  neither counsel for, related to, nor employed by any

16  of the parties to the above action; and further that

17  I am not a relative or employee of any attorney or

18  counsel employed by the parties thereto, nor

19  financially or otherwise interested in the outcome

20  of the action.

21

22  December 4, 2006 _____

23                   Alan H. Brock, RDR, CRR

24

FARMER ARSENAULT BROCK LLC