UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
*  *  *  *  *  *  *  *  *  *  *  *  *

STEPHAN COWANS,              *
          PLAINTIFF,
                             *
     V.                         CIVIL ACTION
                             *  NO. 05-11574-RGS
CITY OF BOSTON, ET AL,
          DEFENDANTS.        *

*  *  *  *  *  *  *  *  *  *  *  *  *
```

### DEFENDANT, ROSEMARY MCLAUGHLIN'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND FOR AN ORDER LIMITING PLAINTIFF'S DISCOVERY

Introduction

  After the Defendant produced all documents requested, answered interrogatories and was subjected to a six-hour deposition at the offices of Plaintiff's counsel, Plaintiff brings this Motion to Compel the Defendant to further questioning regarding her financial assets. Counsel for the defendant has informed counsel for Plaintiff that should the Plaintiff prevail on his claims, the Defendant would respond to the line of questions at issue.

  It is important to note that the Plaintiff has settled this Civil Rights

case with the City of Boston and nine other defendants for 3.2 million dollars.

The Defendant asserts that the Motion to Compel should be denied on the grounds that she intends to bring a Motion for Summary Judgment based upon three distinct doctrines of immunity. Moreover, the unlikelihood of the Plaintiff's recovery exceeding the amount he has already collected renders the line of questioning proposed by the Plaintiff to be unreasonable and calculated to embarrass, annoy or oppress the Deponent within the meaning of Rule 30(d)(4). Accordingly, the Defendant seeks an order precluding Plaintiff's counsel from proceeding with the line of questioning.

### ARGUMENT

This circuit has long recognized that Supreme Court precedent on the issue of official immunity in litigation under 42 U.S.C. sec.1983 requires the immunity issue to be decided prior to subjecting the official to the rigors of litigation:

> As the Court said in ***Mitchell,*** qualified immunity is more than an immunity from money damages; it is an **immunity from suit.. which is effectively lost if a case is erroneously permitted to go to trial.** This is so, the court said, because,
>
> > the "consequences" with which we were concerned in Harlow are not limited to liability for money damages; they also include "the general costs of subjecting officials to the risks of trial—distraction of officials from their official duties,

> inhibition of discretionary action, and deterrence of able people from government service."

*DeAbadia v. Mora, 792 F.2d 1187, 1189 (1st Cir. 1986)citing Mitchell v. Forsyth, 472 U.S. 511 (1985) and Harlow v. Fitzgerald, 457 U.S. 800 (1982) Emphasis in the original*

*Mitchell, supra,* recognized that decisions involving immunity from suit must be resolved early in order to prevent public officials from being subjected needlessly to "the burdens of litigation itself"- including discovery of the type sought here.  See *McIntyre v. United States, 336 F. Supp. 2d 87, 100 (D. Mass. 2004) citing Mitchell v. Forsyth, supra, and Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987)*

In short, the Plaintiff in this case has obtained more discovery than that to which he is entitled.  His Motion to Compel is completely without merit; it should be denied and this Court should order all further discovery stayed until the defendants' Motions for Summary Judgment have been decided. [1]

In addition, in spite of her clear right not to do so, the Defendant McLaughlin has provided every form of discovery sought from the Plaintiff with the exception of a detailed listing of her assets.  In order for this so-called "discovery" to become relevant to the Plaintiff's case, Plaintiff would have to prevail before a jury in an amount in excess of the

---

[1] The defendant McLaughlin is filing a Motion for Summary Judgment in which she will raise issues of qualified immunity, as well as absolute immunity based upon testimonial privilege and statutory immunity under M.G.L. C.272 sec,20E et. seq.

4

three million two hundred thousand dollars he has already collected for the damages he has claimed.  This seems unlikely.  However, in the event that he does prevail to such an extent, counsel has represented that she will respond to the questions Plaintiff seeks to put to her. (See Transcript, Deposition of Defendant McLaughlin, annexed to Plaintiff's Motion to Compel)

In these circumstances, compelling her to respond to a probe into her family finances is clearly being sought in bad faith and for the purpose of harassing her.

                Respectfully submitted,

                By her attorney,

                Frances L. Robinson
                Davis Robinson & White, LLP
                One Faneuil Hall Market, 3d Floor
                South Market Building
                Boston, MA  02109
                (617)723-7339
                BBO#422910