IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHAN COWANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 05-11574 (RGS) |
| ) | |
| CITY OF BOSTON; BOSTON POLICE ) | |
| DEPARTMENT; DONALD L. DEVINE, Deputy ) | |
| Superintendent of the Bureau of Investigative ) | |
| Services of the Boston Police Department, in his ) | |
| individual capacity; ROBERT FOILB, Supervisor ) | |
| of the Boston Police Department Identification ) | |
| Unit, in his individual capacity; GREGORY D. ) | |
| GALLAGHER, in his individual capacity; DENNIS ) | |
| LEBLANC, in his individual capacity; JOHN H. ) | |
| MCCARTHY, in his individual capacity; PAUL T. ) | |
| MCDONOUGH, in his individual capacity; ) | |
| ROSEMARY MCLAUGHLIN, in her individual ) | |
| capacity; HERBERT L. SPELLMAN, in his ) | |
| individual capacity; and DOES 1–10; ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
DEPOSITION OF DENNIS LEBLANC AND FOR COSTS**

Plaintiff Stephan Cowans ("Mr. Cowans") hereby submits this Reply Memorandum in Support of his Motion to Compel Defendant Dennis LeBlanc ("LeBlanc") to appear for deposition and respond to specific questions posed to him. LeBlanc's conclusory assertions in his Opposition to Plaintiff's Motion to Compel Deposition of Dennis LeBlanc and For Costs ("Opp.") that he has a valid claim to the Fifth Amendment completely fail to respond to any of the arguments set forth in Mr. Cowans' opening memorandum, and are contrary to established law entitling Mr. Cowans to responses to specific questions posed during a deposition, allowing an adverse inference to be drawn against <u>all</u> remaining defendants in this action.

## ARGUMENT

First, LeBlanc fails to address controlling First Circuit law holding that Mr. Cowans is *entitled* to ask LeBlanc specific questions in deposition even if LeBlanc plans to assert the Fifth Amendment in response to every question. *United States v. Castro*, 129 F.3d 226, 229 (1st Cir. 1997) (the Fifth Amendment privilege "operates question by question" and "cannot be invoked on a blanket basis") (citing *In re Grand Jury Matters*, 751 F.2d 13, 17 n.4 (1st Cir. 1984); *Femia v. McLaughlin*, 126 F.R.D. 426, 431 (D. Mass. 1989) ("[a]ny challenge to the assertion of the privilege against self-incrimination . . . requires that all questions to which the answers are sought be put to the witness and the witness be forced to either answer the question or assert the privilege").

Second, even accepting his concession that adverse inferences "may be drawn against him on all matters pertaining to his involvement in this case," responses to specific questions are appropriate where, as here, such adverse inferences may be drawn not merely against LeBlanc but also against Rosemary McLaughlin, the other remaining defendant in this action. *Libutti v. United States*, 107 F.3d 110, 123-124 (2nd Cir. 1997) (adverse inference may be drawn against a party based on another's assertion of the Fifth Amendment); *Lentz v. Metropolitan Property and Cas. Ins. Co.*, 437 Mass. 23, 28 (2002) (same). *Cf. S.E.C. v. Peretz*, 317 F.Supp.2d 58, 64 n.3 (D. Mass. 2004) (adverse inference from another's assertion of privilege may be drawn where evidence is submitted that the defendant had been in conspiracy with him).

Third, LeBlanc incorrectly assumes that he is entitled to assert the Fifth Amendment in response to each question that Mr. Cowans may ask. *See* Opp. at 7 ("It would amount to harassment . . . should the defendant be subjected to two hours [of questions]. . . to which the defendant would be validly asserting his rights against self-incrimination."). LeBlanc

-3-

completely ignores the fact that he is not entitled to decide for himself whether he is protected by the Fifth Amendment privilege. *Hoffman v. United States*, 341 U.S. 479, 488 (1951) ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself – his say-so does not of itself establish the hazard of incrimination. It is for the court to decide whether his silence is justified."). This assertion is all the more inappropriate in light of LeBlanc's own acknowledgement that Mr. Cowans is entitled to, and has expressly reserved his right to challenge LeBlanc's invocation of the Fifth Amendment to specific questions. Opp. at 5.

## CONCLUSION

For the foregoing reasons, Mr. Cowans respectfully requests that this Court compel LeBlanc to appear for deposition and answer every question posed to him at that deposition. Mr. Cowans respectfully requests that this Court order LeBlanc to pay Mr. Cowans' reasonable costs and attorneys' fees for the deposition conducted on December 4, 2006, and associated with the filing of this motion and the rescheduling of the deposition.

Respectfully submitted,
STEPHAN COWANS

By his attorneys,


/s/ Sheryl A. Koval
Joseph Savage (BBO# 443030)
R. David Hosp (BBO# 634091)
Sheryl A. Koval (BBO# 657795)
Goodwin | Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Robert N. Feldman (BBO# 630734)
Melissa M. Longo (BBO# 647649)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
(617) 307-6100

Dated:  December 28, 2006

-4-

-5-

## CERTIFICATE OF SERVICE

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 28, 2006.

                              /s/ Sheryl A. Koval
                              Sheryl A. Koval

LIBA/1752777.1