UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHAN COWANS<br><br>       Plaintiff,<br><br>  - against -<br><br>CITY OF BOSTON; BOSTON POLICE DEPARTMENT; DONALD L. DEVINE, Deputy Superintendent of the Bureau of Investigative Services of the Boston Police Department, in his individual capacity; ROBERT FOILB, Supervisor of the Boston Police Department Identification Unit, in his individual capacity; GREGORY D. GALLAGHER, in his individual capacity; DENNIS LEBLANC, in his individual capacity; JOHN H. MCCARTHY, in his individual capacity; PAUL T. MCDONOUGH, in his individual capacity; ROSEMARY MCLAUGHLIN, in her individual capacity; HERBERT L. SPELLMAN, in his individual capacity; and DOES 1-10;<br><br>       Defendants. | Civil Action No.05-11574 (RGS) |

## PLAINTIFF'S PROPOSED JURY INSTRUCTION ON ADVERSE INFERENCES AGAINST DEFENDANT LEBLANC

Pursuant to the Court's Memorandum and Order on Plaintiff's Motion to Compel Deposition and for Costs, entered January 4, 2007, plaintiff respectfully requests that the Court give the jury the following instruction:

**PROPOSED JURY INSTRUCTION**

**ADVERSE INFERENCES AGAINST DEFENDANT LEBLANC FOR INVOCATION OF FIFTH AMENDMENT PRIVILEGE**

You have heard that defendant LeBlanc declined to answer questions on the grounds of his Fifth Amendment privilege against self-incrimination.

The Fifth Amendment of the United States Constitution affords every person the right to decline to answer any questions if he or she believes that the answers may tend to incriminate them. However, in civil cases, you are permitted to draw the inference that the withheld information would have been unfavorable to the defendant.

Any inference you may draw should be based upon all of the facts and circumstances in this case as you may find them. You may infer any of the following:

At all relevant times, LeBlanc was performing his regular duties as a Boston Police Officer.

At all relevant times, LeBlanc was acting in his official capacity as a Boston Police Officer.

At all relevant times, LeBlanc acted under the color of state law.

LeBlanc's conduct deprived Mr. Cowans of his constitutional rights.

LeBlanc acted in bad faith, or with the intent to violate Mr. Cowans' constitutional rights, or with deliberate indifference to those rights.

LeBlanc failed to disclose material information to the prosecutor and defense attorney that was favorable to Mr. Cowans.

LeBlanc acted with deliberate indifference by withholding material, exculpatory, and impeachment evidence.

LeBlanc's suppression of evidence directly and proximately caused Mr. Cowans to be wrongfully convicted and to suffer injuries and damages.

LeBlanc fabricated his testimony that the second latent fingerprint on the glass mug came from Mr. Cowans.

LeBlanc knowingly or recklessly identified Mr. Cowans as the perpetrator of the Gallagher shooting when he knew or should have known that this was not the case.

-2-

LeBlanc's fabrication of inculpatory evidence was the direct and proximate cause of Mr. Cowans wrongful conviction, directly and proximately causing Mr. Cowans' injuries and damages.

LeBlanc commenced or caused to be commenced a criminal prosecution, instituted with malice or without probable cause, against Mr. Cowans.

LeBlanc acted to secure a conviction of Mr. Cowans regardless of the evidence.

LeBlanc ignored, failed to disclose, or misrepresented the evidence that indicated Mr. Cowans' innocence.

As a proximate result of LeBlanc's conduct, Mr. Cowans was arrested, was prosecuted, was forced to endure an unfair trial and wrongful conviction, and was wrongly imprisoned for nearly seven years.

LeBlanc rendered a fingerprint opinion with deliberate falsity or reckless disregard for the truth.

LeBlanc acted in concert with and between the Latent Print and Homicide Units to deprive Mr. Cowans of his constitutional due process rights by failing to disclose exculpatory evidence, fabricating inculpatory evidence and failing to properly investigate the claims against Mr. Cowans.

LeBlanc affirmatively agreed to act together with others to conceal the misidentification of the second latent fingerprint as belonging to Mr. Cowans, in failing to investigate other exculpatory leads and in misidentifying Mr. Cowans as the perpetrator.

LeBlanc undertook overt acts in furtherance of a conspiracy to misidentify and conceal the misidentification of the second latent fingerprint as belonging to Mr. Cowans.

LeBlanc agreed and acted to withhold and conceal information from the prosecutor so it would not be disclosed to Mr. Cowans.

LeBlanc's conspiratorial acts directly caused the constitutional deprivations suffered by Mr. Cowans' false arrest, malicious prosecution, unfair trial, wrongful conviction and unlawful confinement, and all the other grievous permanent damages and injuries.

LeBlanc, as a member of the team responsible for investigating the Gallagher shooting, had a duty to Mr. Cowans to properly investigate crimes put before him and refrain from fabricating evidence against Mr. Cowans.

LeBlanc breached this duty by purposefully misidentifying the second latent print and concealing the misidentification.

LeBlanc knew that his breach of duty would inflict great emotional distress on Mr. Cowans.

LeBlanc knew that a reasonable person in Mr. Cowans' situation, having suffered wrongful arrest, prosecution and conviction would have experienced severe emotional distress.

LeBlanc intended to inflict emotional distress or should have known that emotional distress would have resulted from the falsification of evidence against Mr. Cowans and the wrongful arrest, prosecution and conviction resulting from that falsification.

LeBlanc's conduct was "extreme and outrageous" and "beyond all possible bounds of decency" and was "utterly intolerable in a civilized community."

LeBlanc knew that his conduct would inflict great emotional distress on Mr. Cowans.

LeBlanc knew that a reasonable person in Mr. Cowans' situation, having suffered wrongful arrest, prosecution and conviction would have experienced emotional distress and Mr. Cowans has.

LeBlanc's conduct was the cause of Cowans' distress which was severe and of a nature that no reasonable person should be expected to endure.

LeBlanc intentionally caused Mr. Cowans to be wrongfully and unjustifiably imprisoned. LeBlanc's conduct was a proximate cause of Mr. Cowans' arrest, prosecution, wrongful conviction, and wrongful imprisonment.

Bryant McEwan's elimination prints were available at the time LeBlanc misidentified the print on the glass mug as belonging to Mr. Cowans.

LeBlanc did not compare Bryant McEwan's elimination prints to the print on the glass mug, or if he did compare such prints, he deliberately misrepresented the results of such comparison.

LeBlanc did not run the print from the glass mug through the Automated Fingerprint Identification System before misidentifying it as Mr. Cowans' print.

LeBlanc purposely did not reverse the color on the latent print from the glass mug before comparing the print to Mr. Cowans' inked print.

LeBlanc knew that the failure to reverse the color on the latent print before making a comparison is improper and more likely to lead to a misidentification.

The envelopes found in LeBlanc's desk bearing Rosemary McLaughlin's signature were given to him by Rosemary McLaughlin in violation of department practice and policy, and were used by him to falsely indicate that McLaughlin verified prints he had identified when in fact she had not verified such prints.

LeBlanc knew prior to Mr. Cowans' criminal trial that the print on the glass mug did not, in fact, belong to Mr. Cowans.

LeBlanc concealed his knowledge that the print on the glass mug did not belong to Mr. Cowans throughout Mr. Cowans' trial.

LeBlanc provided erroneous testimony in court during the criminal trial of Mr. Cowans and was not prepared to provide accurate data pertaining to the matter.

LeBlanc prepared a trial exhibit, which was used at trial, showing the latent print from the mug and Mr. Cowans print without color-reversing the latent print, knowing that the failure to color-reverse the print would likely confuse the jury.

LeBlanc does not dispute that the fingerprint of Mr. Cowans does not match the fingerprint taken from the glass mug.

LeBlanc does not dispute that the fingerprint taken from the glass mug in fact belongs to Bryant McEwan.

LeBlanc admits all findings or conclusions reached by Robert Hazen in Mr. Hazen's report dated February 3, 2004 (O'Toole Exhibit 1).

LeBlanc admits all findings or conclusions reached by Pat Wertheim in Mr. Wertheim's report dated June 15, 2004 (McLaughlin Exhibit 33).

LeBlanc admits all findings or conclusions reached by Ron Smith or Ron Smith & Associates, Inc. in all Ron Smith & Associates, Inc. reports (including O'Toole Exhibits 5-8).

At all relevant times, LeBlanc was a highly talented latent print examiner, highly regarded for his ability and his talent as an examiner by his fellow officers.

At all relevant times, LeBlanc had issues with drugs and alcohol, used prescription drugs at work, drank at work, and his drinking interfered with his work.

Respectfully submitted,

Stephan Cowans

By his attorneys,

  /s/ Sheryl A. Koval
Joseph F. Savage Jr. (443030)
R. David Hosp (634091)
Sheryl A. Koval (657735)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Robert N. Feldman (BBO# 630734)
Melissa N. Longo (BBO# 647649)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
(617) 307-6100

Dated: January 16, 2007

**CERTIFICATE OF SERVICE**

      I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 16, 2007.

                                              /s/ Sheryl A. Koval
                                              Sheryl A. Koval

LIBA/1757535.2

-7-