UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 2005-11574 RGS

| | |
|---|---|
| STEPHAN COWANS,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| CITY OF BOSTON, BOSTON POLICE DEPARTMENT, DONALD L. DEVINE, DEPUTY SUPERINTENDENT OF THE BUREAU OF INVESTIGATIVE SERVICES OF THE BOSTON POLICE DEPARTMENT, IN HIS INDIVIDUAL CAPACITY, ROBERT FOILB, SUPERVISOR OF THE BOSTON POLICE DEPARTMENT IDENTIFICATION UNIT, IN HIS INDIVIDUAL CAPACITY, GREGORY D. GALLAGHER, IN HIS INDIVIDUAL CAPACITY, DENNIS LEBLANC, IN HIS INDIVIDUAL CAPACITY, JOHN H. MCCARTHY, IN HIS INDIVIDUAL CAPACITY, PAUL T. MCDONOUGH, IN HIS INDIVIDUAL CAPACITY, ROSEMARY MCLAUGHLIN, IN HER INDIVIDUAL CAPACITY, HERBERT L. SPELLMAN, IN HIS INDIVIDUAL CAPACITY; AND DOES 1-10,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT DENNIS LEBLANC'S OPPOSITION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION ON ADVERSE INFERENCES AGAINST DENNIS LEBLANC**

Now comes the defendant, Dennis LeBlanc, and pursuant to the Court's Memorandum and Order of January 4, 2007, respectfully opposes the plaintiff's proposed jury instruction on adverse inferences against defendant LeBlanc. In further support hereof, the defendant states the following.

BACKGROUND

This case pertains to, *inter alia*, an alleged civil rights violation allegedly committed by defendant Dennis LeBlanc while the defendant was employed as a fingerprint technician with the

Boston Police Department.[1] During the investigation into the shooting of Boston Police Officer Gregory Gallagher, the defendant misidentified a crime scene fingerprint as being that of the plaintiff, which evidence, supported by eye-witness identifications, resulted in the conviction and subsequent incarceration of the plaintiff. Defendant LeBlanc, the target of a subsequent grand jury investigation into this mistaken fingerprint identification conducted by the Massachusetts Attorney General's Office, invoked his federal and state rights to remain silent at his deposition, which assertion was challenged by the plaintiff.

In the Court's Memorandum and Order dated January 4, 2007 affirming the defendant's invocation of his right to remain silent, the Court invited the plaintiff to file "the specific adverse inference instruction that he intends to seek at trial," noting that the Court was "persuaded that the instruction may include factual references to the specific subject areas that were proper matters of inquiry at LeBlanc's deposition." In response to this invitation, the plaintiff submitted a proposed jury instruction with 48 exceedingly broad, opinion laden requests for adverse inferences that stray well beyond factual assertions and contain opinion evidence, legal conclusions on ultimate issues in this case, statements of proximate cause, and assertions not supported by the evidence in this case. Additionally, three of the plaintiff's 48 proposed inferences incorporate by reference the findings or opinions of supposed experts whose reports were not attached to the plaintiff's proposed instructions.[2] Given the overbreadth and overreaching scope of the plaintiff's proposed instruction

---

[1] The plaintiff has already settled his claims against the City of Boston, a Boston Police Deputy Superintendent, three Boston Police Homicide Unit Detectives, and shooting victim P.O. Gregory Gallagher for $3.2 million. The only remaining defendants are Dennis LeBlanc and Rosemary McLaughlin, another former fingerprint technician.

[2] These three proposed adverse inferences include the following: "LeBlanc admits all findings or conclusions reached by Robert Hazen in Mr. Hazen's report dated February 3,

on adverse inferences, defendant LeBlanc objects to all of these plaintiff's proposed inferences, and asks the Court to give a generic instruction on adverse inferences similar to the one set forth below.

As noted above, the plaintiff's proposed adverse inferences contain assertions straying far beyond factual evidence that seek to draw causal connections and legal conclusions on ultimate issues that are to be determined by the jury in this case. Examples of some of these instructions are as follows.[3]

> LeBlanc's suppression of evidence *directly and proximately caused* Mr. Cowans to be wrongfully convicted and to suffer injuries and damages. (Emphasis added.)
>
> LeBlanc's fabrication of inculpatory evidence *was the direct and proximate cause of* Mr. Cowans wrongful conviction, *directly and proximately causing* Mr. Cowans' injuries and damages. (Emphasis added.)
>
> *As a proximate result of LeBlanc's conduct*, Mr. Cowans was arrested, was prosecuted, was forced to endure an unfair trial and wrongful conviction, and was wrongfully imprisoned for nearly seven years. (Emphasis added.)

Additionally, the plaintiff has submitted numerous proposed inferences alleging conspiratal acts LeBlanc allegedly committed with others, which assertions are not supported by any evidence:[4]

---

2004 (O'Toole Exhibit 1)"; "LeBlanc admits all findings or conclusions reached by Pat Wertheim and Mr. Wertheim's report dated June 15, 2004 (McLaughlin Exhibit 33)"; and "LeBlanc admits all findings or conclusions reached by Ron Smith or Ron Smith and Associates, Inc. in all Ron Smith and Associate, Inc. reports (including O'Toole Exhibits 5-8)." Surely, the Court cannot properly evaluate these supposed findings and conclusions of Mr. Hazen, Mr. Wertheim, and Ron Smith and Associates when they have not been presented to the court for the review.

[3]   By citing specific examples of the plaintiff's proposed adverse inferences, the defendant does not waive his objection to all 48 proposed inferences. To specifically object to each proposed inference (not to mention the opinions contained in the reports of Robert Hazen, Pat Wertheim, and Ron Smith) in writing would be excessively time consuming and greatly redundant.

[4]   In Footnote 6 of the Court's Memorandum and Order of January 4, 2007, the Court noted that no showing had been made in this case that LeBlanc's assertion of his rights

> LeBlanc *acted in concert with and between the Latent Print and Homicide Units* to deprive Mr. Cowans of his constitutional due process rights by failing to disclose exculpatory evidence, fabricating inculpatory evidence and failing to properly investigate the claims against Mr. Cowans. (Emphasis added.)
>
> LeBlanc affirmatively *agreed to act together with others* to conceal the misidentification of the second latent fingerprint as belonging to Mr. Cowans, and failing to investigate other exculpatory leads and misidentifying Mr. Cowans as the perpetrator. (Emphasis added.)
>
> LeBlanc undertook *overt acts in furtherance of a conspiracy* to misidentify and conceal the misidentification of the second latent fingerprint as belonging to Mr. Cowans. (Emphasis added.)

The plaintiff's proposed jury instructions also have numerous proposed instructions setting forth legal conclusions, some of which include the following:

> LeBlanc's conduct *deprived Mr. Cowans of his constitutional rights.* (Emphasis added.)
>
> LeBlanc acted *with deliberate indifference* by withholding material, exculpatory, and impeachment evidence. (Emphasis added.)
>
> LeBlanc rendered a fingerprint opinion *with deliberate falsity or reckless disregard for the* truth. (Emphasis added.)
>
> LeBlanc's conduct was *"extreme and outrageous" and "beyond all possible bounds of decency" and was "utterly intolerable in a civilized community."* (Emphasis added.)

Moreover, the plaintiff's proposed jury instruction contains proposed inferences not supported by the evidence. For instance, one proposed assertion states "LeBlanc *commenced or caused to be commenced a criminal prosecution* instituted with malice or without probable cause, against Mr. Cowans." (Emphasis added.) In this context, there has been absolutely no evidence produced that defendant LeBlanc, a fingerprint technician, had any role whatsoever in formulating decisions about

---

would permit an adverse inference "with respect to the relationship of LeBlanc and any other defendant, including Rosemary McLaughlin."

4

who was to be charged in a criminal case investigated by a Sergeant Detective and Detectives from the Homicide Unit and presented to a grand jury by the Suffolk County District Attorney's Office. As a patrol officer, the reality is LeBlanc had no such authority, and this proposed instruction again overreaches and asserts facts not in evidence.

## LEGAL STANDARD

As conceded in the defendant's opposition to the plaintiff's motion to compel his deposition, the defendant acknowledges that the invocation of his Fifth Amendment rights (and his Article 12 rights under the Massachusetts Declaration of Rights) at his deposition warrants an adverse inference being drawn against him at trial. The defendant, however, disputes the mechanism by which this inference is to be drawn. It is well settled that adverse inferences may be drawn in a civil case from a party's assertion of a Fifth Amendment privilege. *Baxter* v. *Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551 (1976); *In Re: Carp*, 340 F.3d 15, 23 (1st Cir. 2003)("in a civil proceeding, the drawing of a negative inference is a permissible, but not ineluctable, concomitant of a party's invocation of the Fifth Amendment."). While the law does not forbid adverse inferences against civil litigants who refuse to testify on Fifth Amendment grounds, *Baxter* v. *Palmigiano*, supra at 318, 96 S.Ct. 1551, "it does not mandate such inferences." *In Re: Carp*, 340 F.3d at 23. Because the privilege against self-incrimination is constitutionally based, the trial court should "strive to accommodate a party's Fifth Amendment interest," while at the same time, ensuring that "the opposing party is no unduly advantaged." *Serafino* v. *Hasbro, Inc.*, 82 F.3d 515, 518 (1st Cir. 1996). Since, in the civil context, parties are "on a somewhat equal footing, one party's assertion of his constitutional right should not obliterate another party's right to a fair trial," and "the balance must be weighed to safeguard the Fifth Amendment privilege. *Ibid*.

In addition to balancing the rights of the parties in drawing an adverse inference against the party asserting their Fifth Amendment privilege, the court must conduct an analysis of the other evidence in the case in determining the appropriate inference(s) to be drawn. *LaSalle Bank Lake View* v. *Seguban*, 54 F.3d 387, 390-392 (7th Cir. 1995)(discussing general issue of how court weighs a defendant's Fifth Amendment silence in civil case when considering summary judgment motion brought against that defendant). In *LaSalle*, the Seventh Circuit noted that in the context of a summary judgment motion that, although it was permissible to draw an adverse inference against a party who remains silent in the face of incriminating evidence, a judgment may not be based directly, automatically, or solely based on Fifth Amendment silence. *Id*. See also *Baxter* v. *Palmigiano*, supra at 317-318 (party's silence "in the face of evidence that incriminate him" was given "no more evidentiary value than was warranted by the facts surrounding the case.") As such, in the present context, the court should and must view the plaintiff's proposed jury instructions on adverse inferences in the actual context of this case, and should reject all proposed inferences that assert facts not supported by evidence, that seek conclusions of law that should ultimately be decided by a jury, that seek to create causal connections between fact evidence and ultimate issues, that assert conspiracies and interactions between parties that are not supported by other evidence, and that otherwise overreach or misstate the evidence. For this reason, defendant LeBlanc objects to all of the plaintiff's 48 proposed adverse inferences, and requests the Court give a generic instruction similar to the one set forth below.

PROPOSED ADVERSE INFERENCE INSTRUCTION

The defendant asks that the Court reject the plaintiff's proposed jury instructions and give an instruction similar to the one set forth below:

You have heard that the defendant Dennis LeBlanc asserted his Fifth Amendment privilege against self-incrimination and refused to testify at his deposition and at this trial. The Fifth Amendment privilege is a right available to all parties, and I instruct you that there was nothing improper with Mr. LeBlanc asserting this constitutional right in this context. However, since this is a civil case as opposed to a criminal case, you, as finders of fact, are permitted to draw an adverse inference against Mr. LeBlanc for refusing to testify on Fifth Amendment grounds.[5] While the law permits you to draw adverse inferences against parties who assert their Fifth Amendment rights in civil cases, the law "does not mandate such inferences."[6] Because Mr. LeBlanc did not testify, you may infer from such failure to testify that had he testified, his testimony would have been adverse to the position of Mr. LeBlanc. You cannot draw an unfavorable inference against the other defendant in this case because Mr. LeBlanc himself did not testify.[7] Any adverse inferences you draw must be based upon your analysis of all of the other evidence that has been presented in this case,[8] and your verdict in this case may not be based directly, automatically, or solely on Mr. LeBlanc's Fifth Amendment silence.[9]

---

[5] *Baxter* v. *Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551 (1976).

[6] *In Re: Carp*, 340 F.3d 15, 23 (1st Cir. 2003).

[7] *State of New York* v. *Hendrickson Bros., Inc.*, 840 F.2d 1065, 1085-1086 (2d Cir.) cert. denied, 488 U.S. 848, 109 S.Ct. 128 (1988).

[8] *LaSalle Bank Lake View* v. *Seguban*, 54 F.3d 387, 390-392 (7th Cir. 1995).

[9] *Id*.

## CONCLUSION

For the foregoing reasons, the defendant moves that the court reject the plaintiff's proposed jury instruction on adverse inferences, and that the court instruct the jury with an adverse inference instruction similar to the one proposed herein.

    Respectfully submitted,

    Defendant,
    DENNIS LEBLANC
    By his Attorney,

    */s/ Kenneth H. Anderson*
    Kenneth H. Anderson, Esq.
    B.B.O. #556844
    FINNERAN, BYRNE & DRECHSLER, L.L.P.
    Eastern Harbor Office Park
    50 Redfield Street
    Boston, MA  02122
    (617) 265-3900

DATED: January 26, 2007

**Certificate of Service**

     I, Kenneth H. Anderson, Esq., hereby certify that a true copy of the foregoing document has been served the above date, electronically through the ECF system, upon:

Sheryl A. Koval, Esq.
Goodwin, Procter LLP
Exchange Place
53 State Street
Boston, MA 02109

Frances Robinson, Esq.
Davis, Robinson & White
One Faneuil Hall Marketplace, 3rd Floor
Boston, MA 02109

                                                    /s/ *Kenneth H. Anderson, Esq.*
                                                    Kenneth H. Anderson, Esq.