UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHAN COWANS

          Plaintiff,

    - against -

CITY OF BOSTON; BOSTON POLICE
DEPARTMENT; DONALD L. DEVINE,
Deputy Superintendent of the Bureau of
Investigative Services of the Boston Police
Department, in his individual capacity;
ROBERT FOILB, Supervisor of the Boston
Police Department Identification Unit, in his
individual capacity; GREGORY D.
GALLAGHER, in his individual capacity;
DENNIS LEBLANC, in his individual capacity;
JOHN H. MCCARTHY, in his individual
capacity; PAUL T. MCDONOUGH, in his
individual capacity; ROSEMARY
MCLAUGHLIN, in her individual capacity;
HERBERT L. SPELLMAN, in his individual
capacity; and DOES 1-10;

          Defendants.

Civil Action No.05-11574 (RGS)

## REVISED PLAINTIFF'S PROPOSED JURY INSTRUCTION ON ADVERSE INFERENCES AGAINST DEFENDANT LEBLANC[1]

      Pursuant to the Court's Memorandum and Order on Plaintiff's Motion to Compel

Deposition and for Costs, entered January 4, 2007, plaintiff respectfully requests that the Court

give the jury the following instruction:

---

[1]      This proposed jury instruction is revised to comply with the court's Sua Sponte Response to Plaintiff's Proposed Jury Instruction on Adverse Inferences.

## PROPOSED JURY INSTRUCTION

## ADVERSE INFERENCES AGAINST DEFENDANT LEBLANC FOR INVOCATION OF FIFTH AMENDMENT PRIVILEGE

Defendant LeBlanc declined to answer questions on the grounds of his Fifth Amendment privilege against self-incrimination, which allows defendants to decline to answer questions if they believe the answers may incriminate them. In civil cases, you may assume that the withheld answers would have been unfavorable to the defendant. In this case, you may infer:

The allegations in Mr. Cowans's Complaint are true.

LeBlanc was performing his regular duties and acting in his official capacity as a Boston Police Officer, and was acting under the color of state law.

LeBlanc withheld information favorable to Mr. Cowans, including that the fingerprint in the Gallagher shooting belonged to Bryant McEwan.

LeBlanc knowingly or recklessly falsely identified Mr. Cowans as the perpetrator of the Gallagher shooting, when he knew or should have known that this was not the case.

LeBlanc breached his duty to Mr. Cowans to properly investigate the crime and refrain from fabricating or concealing evidence by his misidentification and false testimony.

LeBlanc knew or should have known that the falsification of fingerprint testimony would inflict severe emotional distress on Mr. Cowans.

LeBlanc, by his false identification, commenced or caused to be commenced a criminal prosecution of Mr. Cowans, with malice and without probable cause.

LeBlanc intended to cause Mr. Cowans to be wrongfully and falsely imprisoned.

Respectfully submitted,

Stephan Cowans

By his attorneys,


  /s/ Sheryl A. Koval
Joseph F. Savage Jr. (443030)
R. David Hosp (634091)
Sheryl A. Koval (657735)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Robert N. Feldman (BBO# 630734)
Melissa N. Longo (BBO# 647649)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
(617) 307-6100

Dated: February 2, 2007

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 2, 2007.

/s/ Sheryl A. Koval
Sheryl A. Koval

LIBA/1761351.1

-4-