# EXHIBIT ONE

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

* * * * * * * * * * * * *

STEPHAN COWANS,                              *
            PLAINTIFF,
                                             *
        V.                                   CIVIL ACTION
                                             *   NO. 05-11574-RGS
CITY OF BOSTON, ET AL,
            DEFENDANTS.                       *

* * * * * * * * * * * * *

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY DEADLINES

Now come the defendants, Dennis LeBlanc and Rosemary
McLaughlin and submit this opposition to the Plaintiffs' Motion
to Extend Deadlines. As reason therefore, defendants submit that
the extension is not necessary and that the Plaintiff has caused
undue delay in discovery as follows:

1. Following a partial settlement in July of 2006,
remaining defendants LeBlanc and McLaughlin attempted
to schedule the Plaintiffs' deposition. A date of October
17, 2006 was agreed to by the parties. (See Exhibit One, Affidavit of
Attorney James Gaudette, annexed hereto).

PAGE   03

2

     2. On or about October 3rd, the defendant McLaughlin
appeared for a deposition scheduled by Plaintiff's counsel. The
deposition lasted six hours. At its conclusion, Attorney Koval informed
Counsel for both defendants that Mr. Cowans would not be produced on
the October 17th date because a scheduling conflict prevented any of his
four attorneys from attending. (See Exhibit 2, Affidavit of Attorney
Robinson). Counsel for the defendants accommodated this request and a
date of November 14,2006 was agreed to by all counsel. (See Exhibit
Five).

     3. In fact, counsel for defendants later discovered, the Plaintiff
had been arrested for narcotics, assault and traffic charges (including
leaving the scene after personal injury) on September 28, 2006. (Exhibit
3, attached hereto). Court records of the Roxbury District Court
indicate that the Plaintiff was held without bail until the installation of
an electronic monitoring device, which was apparently installed on
October 3, 2006- the day of the McLaughlin deposition. (Exhibit 4, p.4,
annexed hereto).

PAGE   04

3

4.   On or about October 30th, Attorney Koval again requested that the deposition scheduled for November 14th  be postponed due to unavailability of Mr. Cowens' Attorneys. (Exhibit 5, attached)  A new date of December 19, 2006 was selected. (Exhibit 1)

5. On December 18, 2006, Attorney Koval wrote to counsel for both defendants and informed them that Plaintiff would not appear for his scheduled deposition the following day because the defendants had withheld discovery.  (See Exhibit 6, Koval letter). McLaughlin's counsel responded that she did not have any outstanding discovery and was scheduled to and would attend, a second deposition scheduled for December 21, 2006. (Exhibit 7, attached hereto).

6 .Records submitted by counsel for the Plaintiff in the Roxbury District Case indicate that in fact, on December 12, 2006, Attorney Koval had made arrangements for the Plaintiff to be admitted to a facility in Arizona for a long term residential treatment program. This admission was to take place upon the termination of his criminal cases in the Dorchester and Roxbury Courts. (See Exhibit 8, attached hereto).

4

7. In spite of the fact that, at least as early as December 12th, Attorney Koval was not only aware of, but had orchestrated the Plaintiffs' unavailability after his January 24th trial date in Roxbury, she made no attempt to contact either of the attorneys for the defendants and select a date for his deposition that would take place prior to his leaving for Arizona.

8. On January 25, 2007, Defendant LeBlanc's attorney wrote to Plaintiff's counsel and informed her that he was in possession of Plaintiff's criminal history and was aware that the Plaintiff was required to be in the Dorchester District Court on additional charges of Assault and Battery, Breaking and Entering in the Nighttime and others on the date he scheduled to be deposed. Attorney Anderson requested a firm date to depose the Plaintiff. (See Exhibit 9, annexed hereto)

9. Counsel for McLaughlin noticed Plaintiff's deposition for the fourth time. The deposition was scheduled for February 1, 2007. The Notice of Deposition was sent to Plaintiff's counsel on January 9, 2007. At no time after January 9, 2007 did Plaintiff's counsel make the defendants aware of his unavailability on February 1st, despite their

5

knowledge of a scheduled Court date. Nor were the defendants advised
that they had made arrangements for him to depart the jurisdiction on
February 1st.

10.   It was only after learning that the defendants had obtained
the information regarding the Plaintiff's criminal charges that Attorney
Koval informed the defendants that her client was "unavailable" to be
deposed. (Exhibit 10, Letter of Attorney Koval)

It is against this background that the Plaintiff seeks to extend the
deadlines originally agreed to by the parties and the Court

The defendants respectfully submit that the Plaintiff has, for all
practical purposes, refused to be deposed. Federal Rule of Civil
Procedure 37(d) allows this Court, in its discretion, to order any of the
sanctions set forth in 37(b)(2)(A) through (D). Specifically, the Court
can order that the Plaintiff be precluded from opposing certain defenses
or supporting certain claims; the Court can order that designated facts
be taken as established; or the Court can dismiss the action.

The defendants submit that dismissal of this action may be
appropriate in this instance due to the Plaintiffs' actions. The
defendants would specifically call to the Court's attention the fact that
their counsel had to prepare for each of the three cancelled depositions

6

and that the prolonged litigation of this matter is one which has

proceeded against two individuals who are presently unemployed.

Wherefore, the defendants submit that the Plaintiffs' Motion to

Extend Discovery should be denied; and the instant Complaint should

be dismissed.

Respectfully submitted,

Kenneth Anderson (telephonic assent)

Kenneth Anderson, Esq.
Attorney for Dennis LeBlanc
Finneran Byrne & Drechsler
50 Redfield Street
Boston, MA 02122
BBO#
(617)255-3900

Frances Robinson (JWF)

Frances L. Robinson
Attorney for Rosemary McLaughlin
Davis Robinson & White,LLP
One Fanueil Hall Market, 3rd Floor
Boston, MA 02110
BBO#422910
(617)723-7339

## CERTIFICATE OF SERVICE

I, Frances L. Robinson, hereby certify that this document filed
through the ECF system will be sent electronically to the registered
participants as identified on the Notice of Electronic Filing and paper
copies will be sent to those indicated as non resistered participants on
February 1, 2007.

/s/ Frances L. Robinson

# EXHIBIT TWO

Mr. Cowans attend a seven-month rehabilitation and psychological treatment facility in Arizona following the disposition of the matters on February 1. Plaintiff's counsel has informed Defendants of their intention to make Mr. Cowans available for his deposition as soon as possible; however, it is necessary to await approval from the facility he is attending. Due to Mr. Cowans' current unavailability for deposition, it is reasonable and necessary to extend the deadline for fact discovery. Further, because Mr. Cowans has not yet been deposed, the parties are unable to complete expert reports by the current deadlines of Wednesday, January 31, 2007, and February 28, 2007.

For the reasons set forth above, and as set out in the Order accompanying this motion, Plaintiff moves to extend the deadlines three months as follows: Plaintiff's expert reports due April 30, 2007; Defendants' expert reports due May 30, 2007; fact discovery to close on June 1, 2007; expert discovery to close on June 29, 2007 (tentatively, pending the number of experts Plaintiff designates); and, dispositive motions filed by August 16, 2007, with oppositions due fourteen days thereafter.

RESPECTFULLY SUBMITTED,

STEPHAN COWANS

By his attorneys,

/s/ R. David Hosp
Joseph Savage (BBO# 4430.10)
R. David Hosp (BBO# 634091)
Sheryl A. Koval (BBO# 657795)
Goodwin | Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000

Robert N. Feldman (BBO# 630734)
Melissa M. Longo (BBO# 647649)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA 02210
(617) 307-6100

Dated: January 30, 2007

## LOCAL RULE 7.1(A)(2) CERTIFICATION
## AND CERTIFICATE OF SERVICE

I, R. David Hosp, hereby certify that counsel for Plaintiff has conferred with opposing counsel on the matter set forth herein and that opposing counsel has not assented to the relief sought in this motion.

I further certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 30, 2007.

/s/ R. David Hosp
R. David Hosp

# EXHIBIT THREE

February 15, 2007

Attorney Sheryl A. Koval
Goodwin Proctor, LLP
53 State Street
Boston, MA  02109

> RE: *STEPHAN COWANS v. CITY OF BOSTON, ET AL*
> *CIVIL ACTION NO. 05-11574-RGS*

Dear Attorney Koval:

I write regarding the Court's Order on the Plaintiff's Motion to Extend Deadlines.  In the motion, Plaintiff represents that he will be made available for a deposition, "as soon as possible" and that, "approval from the facility he is attending" is necessary.  The Court's Order requires Mr. Cowans to appear for a deposition at the earliest possible date.

I would appreciate hearing from you as to what is required to gain the facility's approval and what the outlook is for the deposition.  As I am sure you can understand both Attorney Anderson and I would like to arrange for the scheduling of Mr. Cowans' deposition as soon as possible in order to meet the June deadline and accommodate our own busy schedules.

I look forward to hearing from you.

Very truly yours,

FRANCES L. ROBINSON

FLR:s

cc: Kenneth H. Anderson, Esquire

# EXHIBIT FOUR

# DAVIS, ROBINSON & WHITE, L.L.P.
## Attorneys at Law
One Faneuil Hall Marketplace, Third Floor
South Market Building
Boston, Massachusetts 02109
Telephone (617) 723-7339
Fax (617) 723-7731

Willie J. Davis
Frances L. Robinson
William M. White, Jr.

April 3, 2007

Attorney Sheryl A. Koval
Goodwin Procter LLP
53 State Street
Boston, MA 02109

RE: *STEPHAN COWANS V. CITY OF BOSTON, ET AL.,*
*CIV. ACTION NO. 05-11574-RGS*

Dear Attorney Koval:

I am working with Attorney Robinson on the above referenced matter. I am writing to follow up on the request she made to you in her letter dated February 15, 2007. Specifically, she asked what is needed to gain the approval of your client's treatment facility so that he can be deposed.

After reviewing the file, I note that in the past it has been difficult to schedule a mutually convenient time to hold the deposition. Given our busy schedules, your attention to this matter is greatly appreciated, as it will help all parties pick a date before the June 1, 2007 fact discovery cut-off.

Very truly yours,

Ian A. McKenny, Esq.

cc: Kenneth H. Anderson, Esq.

# EXHIBIT FIVE

GOODWIN | PROCTER

Sheryl A. Koval
617.570.1147
skoval@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231



April 24, 2007

Ian A. McKenny, Esq.
Davis, Robinson & White, L.L.P.
One Faneuil Hall Market Place
Boston, MA 02109

**Re:** *Cowans v. City of Boston, et al., Civ. A. No. 05-15574 (RGS)*

Dear Ian:

This letter is to inform you that Mr. Cowans is not yet available for deposition. We anticipate that he likely will be available for deposition during the weeks of May 21 and May 28 in Arizona.

Thank you for your attention to this matter.

Very Truly Yours,

Sheryl A. Koval

cc:    Kenneth H. Anderson, Esq.
       Robert N. Feldman, Esq.

# EXHIBIT SIX

**DAVIS, ROBINSON & WHITE, L.L.P.**
Attorneys at Law
One Faneuil Hall Marketplace, Third Floor
South Market Building
Boston, Massachusetts 02109
Telephone (617) 723-7339
Fax (617) 723-7731

Willie J. Davis
Frances L. Robinson
William M. White, Jr.

April 30, 2007

Kari Ann Smith, BSW
Circle Tree Ranch
10500 E. Tanque Verde
Tucson, Arizona 85749

RE:  *STEPHAN COWANS*

Dear Ms. Smith:

I write in connection with the above-named individual.  I represent Ms. Rosemary McLaughlin, who has been sued by Mr. Cowans in a civil rights suit presently pending in the United States District Court for the District of Massachusetts.

Mr. Cowans' deposition needs to be scheduled in order for the litigation brought by him to proceed.  That deposition is to be conducted at the earliest possible date.  I have attached a court order from Judge Stearns of the United States District Court to that effect.  I am informed, through his attorney that Mr. Cowans is residing in your facility and is available to be deposed during the weeks of May 21 and May 28th.

Can you kindly contact me and inform me of the arrangements that need to be made in order that the deposition may be conducted.

Very truly yours,

FRANCES L. ROBINSON

FLR:s

Enclosures
cc: Attorney Sheryl Koval
    Kenneth Anderson, Esquire

Reminder: AOL will never ask you to send us your password or credit card number in an email.   This message has been scanned for known viruses.

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-11574-RGS Cowans v. City of Boston et al "Order on Motion for Miscellaneous Relief" |
| **Date:** | Mon, 5 Feb 2007 3:08 PM |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### United States District Court
### District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Hamilton, Maria Raia entered on 2/5/2007 at 3:08 PM EST and filed on 2/5/2007

**Case Name:**    Cowans v. City of Boston et al
**Case Number:**    1:05-cv-11574
**Filer:**
**Document Number:**

### Docket Text:

Judge Richard G. Stearns: Electronic ORDER entered granting [84] Motion to Extend deadlines. The motion is being allowed based on the representations of plaintiff's counsel that the plaintiff will be produced for his deposition at the earliest possible date. Fact Discovery shall be completed by June 1, 2007. Expert discovery shall be completed by June 29, 2007. Plaintiff's Expert reports due by July 27, 2007. Defendants' expert reports due by August 24, 2007 Dispositive motions shall be filed by September 7, 2007. (Hamilton, Maria Raia)

The following document(s) are associated with this transaction:

### 1:05-cv-11574 Notice will be electronically mailed to:

Kenneth H. Anderson      kanderson@fbdlegal.com

Thomas R Donohue      Thomas.Donohue@cityofboston.gov

Robert N. Feldman      feldman@birnbaumgodkin.com, mcduffee@birnbaumgodkin.com

Mary Jo Harris      mharris@morganbrown.com

Richard D. Hosp      rdhosp@goodwinprocter.com

Sheryl A. Koval      skoval@goodwinprocter.com

Melissa M Longo      longo@birnbaumgodkin.com, stevens@birnbaumgodkin.com

Frances L. Robinson      DRWLLP@aol.com

Joseph F. Savage , Jr      jsavage@goodwinprocter.com

### 1:05-cv-11574 Notice will not be electronically mailed to:

# EXHIBIT SEVEN

**DAVIS, ROBINSON & MOLLOY, L.L.P.**
Attorneys at Law
One Faneuil Hall Marketplace, Third Floor
South Market Building
Boston, Massachusetts 02109
Telephone (617) 723-7339
Fax (617) 723-7731

Willie J. Davis
Frances L. Robinson
Paul J. Molloy

***VIA COURIER***

May 11, 2007

Attorney Sheryl A. Koval
Goodwin Proctor, LLP
Exchange Place
Boston, MA 02109

> *RE: STEPHAN COWANS v. CITY OF BOSTON, ET AL*
> *CIVIL ACTION NO. 05-11574-RGS*

Dear Attorney Koval:

As I am sure you will recall, on January 26, 2007, you represented to the United States District Court for the District of Massachusetts, to Attorney Anderson, and to myself that your client, Stephan Cowans, would be, "available for deposition as soon as possible" and that, "we will need to await approval from the facility he is attending," for him to be deposed. You also represented that Mr. Cowans was attending a Court-ordered, seven-month rehabilitation and psychological treatment facility in Arizona. You further represented to the Dorchester District Court that the facility he would be attending was the Round Tree Ranch in Tucson, Arizona.

On February 15, 2007, and again on April 3, 2007, I attempted to ascertain what arrangements needed to be made for Mr. Cowans' deposition to be taken. I received no response from you until April 24, 2007. At that time you indicated that Mr. Cowans would be available for

Attorney Sheryl A. Koval
Page Two
May 11, 2007

his deposition during the weeks of May 21, 2007 and May 28, 2007 "in Arizona."[1]

Having received no further cooperation from your office, I wrote to the Round Tree Ranch on April 30, 2007 seeking to make arrangements for the Cowans' deposition during the weeks you had given me. I copied you on the letter. I received no response from you, your office, or any of the attorneys at Goodwin Proctor working on this matter or the Roundtree Ranch.

On May 10, 2007, I telephoned the Round Tree Ranch in order to ascertain what arrangements need to be made for Mr. Cowans' deposition to take place during the time periods you indicated he would be available. I was told that Mr. Cowans was not there.

I await a written response from you detailing the information necessary for me to complete Mr. Cowans' deposition. I would appreciate your considering the time that I have set aside on several occasions to depose Mr. Cowans. It seems to me that, as a matter of common courtesy among lawyers, you could summon the ability to deal fairly and honestly in this matter that, unfortunately, has thus far eluded you.

Because of the time constraints that you have placed us both under, I can only await your response until May 15, 2007.

Very truly yours,

*Frances Robinson*

FRANCES L. ROBINSON

FLR:s
cc: Attorney Kenneth Anderson

---

[1] Please be advised that it is my position that Mr. Cowans, having instituted litigation in Massachusetts, should be required to present himself for a deposition in Massachusetts. Because of the time constraints and your representations that Mr. Cowans is in treatment, I have opted to obtain his deposition by traveling to the location where you have consistently represented he could be found. The additional expense of this accommodation clearly should be born by the Plaintiff. While I do not want to allow any contention over this obvious point to further delay the deposition, be advised that I will seek to have Mr. Cowans bear the expense of my travel and lodging in Arizona and any other incidental expenses associated with the distance he has put between the place of the litigation and himself.

# EXHIBIT EIGHT

AFFIDAVIT OF COUNSEL

I, Frances L. Robinson, hereby aver to the truth of the following statements:

1. I am an attorney admitted to the practice of law in all the Courts of the Commonwealth as well as every level of the Federal Court system. My offices are located at One Faneuil Hall Marketplace, 3d Floor, South Market Building, Boston, MA 02109

2. I am also the attorney of record for Rosemary McLaughlin in the matter of Staphan Cowans v. McLaughlin, et al. which is presently pending in the United States District Court for the District of Massachusetts.

3. On April 30, 2007, I wrote to attorney Koval and indicated that I was making arrangements with the Round Tree Ranch to conduct the deposition of Mr. Cowans in Arizona. It was my feeling that the matter of the expenses incurred in traveling to Arizona could be determined at a later date. I had, however, indicated to her that I would seek to have Mr. Cowans pay the additional travel expenses because he had chosen to absent himself from the Commonwealth and then refused to be deposed in any location other than Arizona.

4. I received no response from either Attorney Koval or the Round Tree Ranch.

5. On Thursday, May 10, 2007, I telephoned the Roundtree Ranch in Tucson, Arizona. This was the location that Attorney Koval had indicated to the Dorchester District Court where Mr. Cowans was undergoing his treatment. I was referred to Ms. Rettner, and I left a voicemail for her, identifying myself and indicating the purpose of my call. At about 3 p.m., I received a return telephone call from Ms. Rettner indicating that Mr. Cowens is not at the Round Tree Ranch. I still had received no response from Attorney Koval.

6. On Thursday, May 17, 2007, I traveled to the Roxbury and Dorchester District Courts and reviewed the entire files in the Commonwealth v. Stephan Cowans cases number 07CR0961 and 06CR7868. No mention is made in either Court file of a transfer of Probation pursuant to the Interstate Compact on Probation (M.G.L. C.127 sec.151A-K) Copies of relevant documents located in those Court files are annexed hereto as Exhibits 10 and 11.

Signed under the pains and penalties of perjury this 15th day of May, 2007


_Frances L. Robinson_
Frances L. Robinson

# EXHIBIT NINE

GOODWIN │ PROCTER



MAY 16 2007

Sheryl A. Koval
617.570.1147
skoval@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

May 15, 2007

**VIA FACSIMILE AND FIRST CLASS MAIL**

Frances L. Robinson, Esq.
Davis, Robinson & White, L.L.P.
One Faneuil Hall Market Place
Boston, MA 02109

**Re:**     ***Cowans v. City of Boston*, et al., Civ. A. No. 05-15574 (RGS)**

Dear Ms. Robinson:

I am in receipt of your letter of May 11, 2007. As you are aware, in early February 2007 Mr. Cowans was ordered by both the Dorchester and Roxbury District Courts to attend the Circle Tree Ranch rehabilitation program in Tuscon, Arizona. Since that time, the Office of the Commissioner of Probation from Massachusetts has been working to procure the required approvals from Arizona to have Mr. Cowans' probation transferred there. Unfortunately, Mr. Cowans' transfer was caught up in bureaucratic red tape for an extended period of time. Such a transfer is governed by an interstate compact and required extensive work and oversight by individuals in Massachusetts to facilitate the transfer. Although the paperwork was begun nearly immediately upon the issuance of the court order, Mr. Cowans received permission to transfer his probation to Arizona only last week. This notification did not come until Arizona's deadline to rule on Mr. Cowans' request for transfer had expired on April 29, 2007.

Since February 2007, due to the severe emotional and psychological damage suffered as a result of his nearly seven year wrongful incarceration, Mr. Cowans has been difficult to contact. He has no formal living arrangements at this time and for much of the time was not in possession of a working phone. Mr. Cowans' attempted to enter a rehabilitation facility in Massachusetts, however, the facility he entered could not serve his needs and, in any event, could not have kept him for the entire time the probation office was working through the red tape in Arizona.

We had long hoped and expected that this situation would be resolved in time for Mr. Cowans deposition to occur before June 1, 2007. However, as a result of these developments and the fact that we did not receive notice of his approval to travel to Arizona until just last week, we believe it is unlikely that Mr. Cowans will be available for deposition prior to the June 1 deadline.

GOODWIN | PROCTER

Frances L. Robinson, Esq.
May 15, 2007
Page 2

Accordingly, we will be moving the Court for an extension of the discovery deadline in the coming days.

Please contact me if you have any additional questions. Once Mr. Cowans has begun his recovery at Circle Tree Ranch and we are able to contact the persons overseeing his treatment, we will let you know the earliest date that he can be available for deposition.

Very Truly Yours,

*Sheryl A. Koval*

Sheryl A. Koval

cc:    Kenneth H. Anderson, Esq.
       Robert N. Feldman, Esq.

# EXHIBIT TEN

| CRIMINAL DOCKET | DOCKET NUMBER 0607CR006716 | NO. OF COUNTS 3 | Trial Court of Massachusetts BMC Department |
|---|---|---|---|

| DEFENDANT NAME AND ADDRESS | DOB 09/07/1970 | GENDER Male | COURT NAME & ADDRESS BMC Dorchester 510 Washington Street Dorchester, MA 02124- (617)288-9500 |
|---|---|---|---|
| Stephen Cowans 12 Westminister Avenue Boston, MA 02119 | DATE COMPLAINT ISSUED 10/10/2006 | | |
| | PRECOMPLAINT ARREST DATE 10/10/2006 | | INTERPRETER REQUIRED |

FIRST FIVE OFFENSE COUNTS

| COUNT | CODE | OFFENSE DESCRIPTION | OFFENSE DATE |
|---|---|---|---|
| 1 | 94C/34/C | DRUG, POSSESS CLASS B c94C §34 | 10/07/2006 |
| 2 | 90/20/B | INSPECTION/STICKER, NO * c90 §20 | 10/07/2006 |
| 3 | 90/24I | ALCOHOL IN MV, POSSESS OPEN CONTAINER OF * c90 §24I | 10/07/2006 |

| DEFENSE ATTORNEY Suff at Bail) OC ABelson | OFFENSE CITY/TOWN Boston | POLICE DEPARTMENT Boston PD Area C-11 |
|---|---|---|

| DATE & JUDGE | DOCKET ENTRY | DATE & JUDGE | FEES IMPOSED | |
|---|---|---|---|---|
| 10/10/06 | ☐ Attorney appointed (SJC R. 3:10) ☒ Atty denied & Deft. Advised per 211 D §2A ☐ Waiver of Counsel found after colloquy | | Counsel Fee (211D § 2A¶2) $ | ☐ WAIVED |
| | | | Counsel Contribution (211D § 2) $ | ☐ WAIVED |
| | Terms of release set: ☐ PR ☒ Bail 1,000.00 ☐ See Docket for special condition ☐ Held (276 §58A) | | Default Warrant Fee (276 § 30¶1) $ | ☐ WAIVED |
| | | | Default Warrant Arrest Fee (276 § 30 ¶2) $ | ☐ WAIVED |
| 10/10/06 | Arraigned and advised: ☒ Potential of bail revocation (276 §58) ☒ Right to bail to review (276 §58) ☐ Right to drug exam (111E § 10) | | Probation Supervision Fee (276 § 87A) $ | ☐ WAIVED |
| | | | Bail Order Forfeited | |
| | Advised of right to jury trial ☐ Waiver of jury found after colloquy ☐ Does not waive | | | |
| | Advised of trial rights as pro se (Dist. Ct. Supp.R.4) | | | |
| | Advised of right of appeal to Appeals Ct. (M.R. Crim P.R. 28) | | | |

SCHEDULING HISTORY

| NO. | SCHEDULED DATE | EVENT | RESULT | | JUDGE | TAPE START/ STOP |
|---|---|---|---|---|---|---|
| 1 | 10/10/2006 | Arraignment | ☐ Held ☒ Cont'd 10/24/06 P.TH | Belden | 1J5 113 |
| 2 | 10/19/06 | ADV | ☐ Held ☐ Cont'd 11/13/06 PTH | Belden | 2nd 9:41 |
| 3 | 11 13 06 | PTH | ☐ Held ☒ Cont'd 11 29 06 PTH | McGrath | |
| 4 | | PTH | ☐ Held ☐ Cont'd 2-1-07 JTrial Stated | Ronquillo | 2nd 12:22-12:29 |
| 5 | 2/1/07 | ADM | ☐ Held ☐ Cont'd 2-1-10 rev | Desmond | 5th 114 |
| 6 | | | ☐ Held ☒ Cont'd 11 war | | |
| 7 | | | ☐ Held ☐ Cont'd | | |
| 8 | | | ☐ Held ☐ Cont'd | | |
| 9 | | | ☐ Held ☐ Cont'd | | |
| 10 | | | ☐ Held ☐ Cont'd | | |

APPROVED ABBREVIATIONS
ARR = Arraignment   PTH = Pretrial hearing   DCE = Discovery compliance & jury selection   BTR = Bench trial   JTR = Jury trial   PCH = Probable cause hearing   MOT = Motion hearing   SRE = Status review
SRP = Status review of payments   FAT = First appearance in jury session   SEN = Sentencing   CWF = Continuance-without-finding scheduled to terminate   PRO = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted   WAR = Warrant Issued   WARD = Default warrant issued   WR = Warrant or default warrant recalled   PVH = probation revocation hearing.

| A TRUE COPY ATTEST: | CLERK-MAGISTRATE / ASST CLERK X | | TOTAL NO. OF PAGES | ON (DATE) |
|---|---|---|---|---|

Date/Time Printed: 2006-10-10 09:13:49

| CRIMINAL DOCKET - OFFENSES | DEFENDANT NAME Stephen Cowans | DOCKET NUMBER 0607CR006716 |
|---|---|---|

**COUNT / OFFENSE**
1   DRUG, POSSESS CLASS B c94C §34

DISPOSITION DATE AND JUDGE
*Desmond 2/1/07*

| DISPOSITION METHOD | FINE/ASSESSMENT | SURFINE | COSTS | OUI §24D FEE | OUI VICTIMS ASMT |
|---|---|---|---|---|---|
| ☐ Guilty Plea or ☑ Admission to Sufficient Facts accepted after colloquy and 278 §29D warning ☐ Bench Trial | HEAD INJURY ASMT | RESTITUTION | V/W ASSESSMENT *50.00* | BATTERER'S FEE | OTHER |

| ☐ Jury Trial | SENTENCE OR OTHER DISPOSITION |
|---|---|
| ☐ Dismissed upon: | ☑ Sufficient facts found but continued without a finding until: *2/1/10* |
| ☐ Request of Commonwealth ☐ Request of Victim | ☐ Defendant placed on probation until: |
| ☐ Request of Defendant ☐ Failure to prosecute | ☐ Defendant placed on pretrial probation (276 §87) until: *Random urines* |
| ☐ Other: | ☐ To be dismissed if court costs / restitution paid by: *drug free* |
| ☐ Filed with Defendant's consent | *anger management* |
| ☐ Nolle Prosequi | *complete circle Tree Ravel* |
| ☐ Decriminalized (277 §70 C) | |

| FINDING | | FINAL DISPOSITION | JUDGE | DATE |
|---|---|---|---|---|
| ☐ Guilty | ☐ Not Guilty | ☐ Dismissed on recommendation of Probation Dept. | *Deportation* | |
| ☐ Responsible | ☐ Not Responsible | ☐ Probation terminated: defendant discharged | *warning* | |
| ☐ Probable Cause | ☐ No Probable Cause | ☐ Sentence or disposition revoked (see cont'd page) | | |

**COUNT / OFFENSE**
2   INSPECTION/STICKER, NO * c90 §20

DISPOSITION DATE AND JUDGE
*Desmond 2/1/07*

| DISPOSITION METHOD | FINE/ASSESSMENT | SURFINE | COSTS | OUI §24D FEE | OUI VICTIMS ASMT |
|---|---|---|---|---|---|
| ☐ Guilty Plea or ☐ Admission to Sufficient Facts accepted after colloquy and 278 §29D warning ☐ Bench Trial | HEAD INJURY ASMT | RESTITUTION | V/W ASSESSMENT | BATTERER'S FEE | OTHER |

| ☐ Jury Trial | SENTENCE OR OTHER DISPOSITION |
|---|---|
| ☐ Dismissed upon: | ☐ Sufficient facts found but continued without a finding until: |
| ☐ Request of Commonwealth ☐ Request of Victim | ☐ Defendant placed on probation until: |
| ☐ Request of Defendant ☐ Failure to prosecute | ☐ Defendant placed on pretrial probation (276 §87) until: |
| ☐ Other: | ☐ To be dismissed if court costs / restitution paid by: *50.00 fine* |
| ☐ Filed with Defendant's consent | |
| ☐ Nolle Prosequi | |
| ☐ Decriminalized (277 §70 C) | |

| FINDING | | FINAL DISPOSITION | JUDGE | DATE |
|---|---|---|---|---|
| ☐ Guilty | ☐ Not Guilty | ☐ Dismissed on recommendation of Probation Dept. | | |
| ☑ Responsible | ☐ Not Responsible | ☐ Probation terminated: defendant discharged | | |
| ☐ Probable Cause | ☐ No Probable Cause | ☐ Sentence or disposition revoked (see cont'd page) | | |

**COUNT / OFFENSE**
3   ALCOHOL IN MV, POSSESS OPEN CONTAINER OF * c90 §24I

DISPOSITION DATE AND JUDGE
*Desmond 2/1/07*

| DISPOSITION METHOD | FINE/ASSESSMENT | SURFINE | COSTS | OUI §24D FEE | OUI VICTIMS ASMT |
|---|---|---|---|---|---|
| ☐ Guilty Plea or ☐ Admission to Sufficient Facts accepted after colloquy and 278 §29D warning ☐ Bench Trial | HEAD INJURY ASMT | RESTITUTION | V/W ASSESSMENT | BATTERER'S FEE | OTHER |

| ☐ Jury Trial | SENTENCE OR OTHER DISPOSITION |
|---|---|
| ☐ Dismissed upon: | ☐ Sufficient facts found but continued without a finding until: |
| ☐ Request of Commonwealth ☐ Request of Victim | ☐ Defendant placed on probation until: |
| ☐ Request of Defendant ☐ Failure to prosecute | ☐ Defendant placed on pretrial probation (276 §87) until: |
| Other: | ☐ To be dismissed if court costs / restitution paid by: *500.00 fine* |
| ☐ Filed with Defendant's consent | |
| ☐ Nolle Prosequi | |
| ☐ Decriminalized (277 §70 C) | |

| FINDING | | FINAL DISPOSITION | JUDGE | DATE |
|---|---|---|---|---|
| ☐ Guilty | ☐ Not Guilty | ☐ Dismissed on recommendation of Probation Dept. | | |
| ☑ Responsible | ☐ Not Responsible | ☐ Probation terminated: defendant discharged | | |
| ☐ Probable Cause | ☐ No Probable Cause | ☐ Sentence or disposition revoked (see cont'd page) | | |

Date/Time Printed: 2006-10-10 09:13:49

| CRIMINAL DOCKET DOCKET ENTRIES | DEFENDANT NAME Stephen Cowans | DOCKET NUMBER 0607CR006716 |
|---|---|---|

| DATE | DOCKET ENTRIES |
|---|---|
| 10/10/06 | Comm's motion to revoke bail on A's pending matter denied (-Bolden)/ |
| 10-10-06 | Mitt issued |
| 10/10/06 | Cash Bail $1,000    Bail Date 12/15/06 |
| 10/8-06 | Advanced at request of ~~A's~~ Atty. Abelson |
| 10-19-06 | Motion to A & C allowed; cont'd to 11/13/06 PTH ~~Advanced at request of~~    Bolden, J.; |
| 11/27/06 | Advanced at request of Roberton — New Arrest |
| 11:29:06 | Atty Abelson Ada Walsh Pretrial conf report filed |
|  | 2nd start 12:22 stop 12:29    Ronquillo/th |
|  | Cont'd to 2/1/07 for Jury Trial Status |
| 2/1/07 | ABSTRACT SENT TO REGISTRY |
|  | 2/5/07    1500    36148 |
| MAR 28 2007 | Advanced @ req. of prob.    DC |
| 3/28/07 | D/ Warr. to issue.    Denied |
| (3:10) | WARRANT ISSUED W.M.S. |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

APPROVED ABBREVIATIONS
ARR = Arraignment   PTH = Pretrial hearing   DCE = Discovery compliance & jury selection   BTR = Bench trial   JTR = Jury trial   PCH = Probable cause hearing   MOT = Motion hearing   SRE = Status review
SRP = Status review of payments   FAT = First appearance in jury session   SEN = Sentencing   CWF = Continuance-without-finding scheduled to terminate   PRO = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted   WAR = Warrant issued   WARD = Default warrant issued   WR = Warrant or default warrant recalled   PVH = probation revocation hearing

Date/Time Printed: 2006-10-10 09:13:49

# EXHIBIT ELEVEN

# NOTICE OF PROBATION VIOLATION
## AND HEARING

| | |
|---|---|
| Docket number of criminal case or which probation was ordered: 2CR096106CR4972 06CR7868 06CR4972, 06CR7268, 06CR4972, 06CR7268 | Trial Court of Massachusetts **Boston Municipal Court Department** |

**Name of Probationer** STEPHAN COWANS, Roxbury MA. 02119 12 WESTMINISTER AV.   **Date** 3/23/07

**Court Name** Dorchester Court

## TO THE ABOVE-NAMED PROBATIONER:

YOU ARE HEREBY NOTIFIED of the following alleged violation(s) of the probation order that was issued you in the criminal case identified above:

[ ] You violated a criminal law of the commonwealth, namely:

[X] You failed to attend or successfully complete a required program, specifically: FAILURE to COMPLETE CIRCLE TREE RANCH Program - ARIZONA OR ARBOUR HOUSE - WESTBORO.

[X] You failed a required drug test, specifically: FAILURE to submit to RANDOM DRUG TESTING FOR DRUGS.

[X] You failed to make a required payment, specifically: FAILURE to PAY $45/MO. to $1055 FEES + PROBATION FEES.

[X] You failed to report as required by your probation specifically: FAILURE to REPORT ONCE/2WKS IN PERSON REGULARLY.

[X] Other: DF ROXBURY COURT - 3/16/07. FAILURE to PARTICIPATE IN ANGER MANAGEMENT PROGRAM.

## YOU ARE HEREBY ORDERED as follows:

[X] YOU MUST APPEAR in THIS COURT on April 10, 07 (Date) at 8:30 AM (Time), for a hearing on the allegation(s) listed above.

You are entitled to have a lawyer to represent you at the hearing, and one will be appointed if you cannot afford to hire one. Evidence will be presented against you at the hearing and you will be able to present your own evidence. Speak with your attorney before the hearing to prepare. **If you fail to appear, you may be subject to arrest with or without a warrant.** If the probation violation(s) alleged above is (are) proved, your probation may be modified or revoked.

[X] YOU MUST APPEAR in the Dorchester — COURT at 510 Washington St. Dorchester (Address) on 4/10/07 (Date) at 8:30 AM (Time) for the appointment of counsel, if necessary, and the scheduling of a hearing on the alleged probation violation(s) listed above. **If you fail to appear, you may be subject to arrest with or without a warrant.**

A copy of this Notice has this day been [ ] SERVED IN HAND ON [X] MAILED FIRST CLASS TO THE ADDRESS OF RECORD OF the probationer named above.

3/23/07 Date

X _Mcdonnell_ Signature of Issuing Probation Officer

BMC CR 106

# UNITED STATES DISTRICCT COURT

## FOR THE

## DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \*

STEPHAN COWANS,                     \*
                PLAINTIFF,
                        \*

      V.                                   CIVIL ACTION
                        \*      NO. 05-11574-RGS

ROSEMARY McLAUGHLIN, ET AL,
               DEFENDANTS.      \*

\* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT McLAUGHLIN'S MOTION TO DISMISS

Now come Rosemary McLaughlin and, pursuant to Federal Rule of Civil Procedure (b)(2)(A)-(D) moves that the action against her be dismissed.  As reason therefore, the defendants state that the Plaintiff has, again, failed to make himself available for a deposition.

Factual Background

In July of 2006, the Plaintiff settled the majority of the claims made in this lawsuit with all defendants except for LeBlanc and McLaughlin.  The City of Boston, for reasons that have not been articulated, has refused to include either of these two defendants in the settlement and release documents.  Both were members of the Boston Police Department assigned to the fingerprint laboratory. Defendant LeBlanc is accused by the Plaintiff of misidentifying a

**2**

fingerprint on a glass mug; McLaughlin allegedly verified the misidentification. This evidence, according to the Plaintiff, led to his wrongful incarceration.

Between September of 2006 and February 1, 2007, the defendants Noticed the Plaintiff's deposition on four occasions. On each and every occasion, Plaintiff's counsel either requested or demanded that the deposition not go forward. (See Exhibit 1, Defendant's Opposition to Plaintiffs' Motion to Extend Discovery Deadlines, pp. 1-5 and supporting documents.) Finally, defense counsel learned that the Plaintiff's counsel had orchestrated a plan for the Plaintiff to leave the state and attend a treatment program in Arizona in lieu of criminal sanctions for charges pending in the Roxbury and Dorchester District Courts. (id., pp.3-4) Instead of informing defense counsel of the plan prior to the Plaintiff leaving Massachusetts, Plaintiff's counsel waited until his departure was imminent and moved for an extension of the discovery deadlines. (See Exhibit 2, Plaintiff's Motion to Extend Discovery Deadline). In the Motion, Plaintiff's counsel represented that the Plaintiff "would be made available as soon as possible; however, it is necessary to await approval from the facility he is attending." (Exhibit 2, p.2)

The defendants opposed the extension. On February 5, 2007, this Court granted the Plaintiff's Motion to Extend the deadlines and stated "The motion is being allowed based on the representations of

**3**

plaintiff's counsel that the plaintiff will be produced for his deposition at the earliest possible date. Fact discovery shall be completed by June 1, 2007..." (See Order, dated 2/5/07 annexed to Exhibit 6)

On February 15, 2007, Counsel for Defendant McLaughlin wrote to Plaintiff's counsel and inquired as to what arrangements needed to be made in order to gain the approval of the treatment facility that the Plaintiff was attending and what the outlook was for the deposition.
(See Exhibit 3, attached hereto). No response was forthcoming from Plaintiff's counsel.

On April 3, 2007, Counsel for McLaughlin again wrote to Plaintiff's counsel and inquired again as to what arrangements needed to be made in order to meet the June 1, 2007 deadline. (See Exhibit 4, annexed hereto)

Three weeks later, on April 24, 2007, Plaintiff's counsel responded that the Plaintiff would be available in Arizona during the weeks of May 21st and May 28th. For the first time, some five weeks prior to the June 1, 2007 deadline, and nearly four months after representing that the Plaintiff "would be produced as soon as possible", Plaintiff's counsel also insisted that the deposition would have to take place "in Arizona". (See Exhibit 5, annexed hereto) In spite of defense counsel's repeated attempts to schedule the

4

deposition, and in spite of the obvious additional logistical problems that requiring counsel to travel to Arizona implied, no further information regarding arrangements for the deposition was provided by Plaintiff's counsel.

Although requiring defense counsel to travel to Arizona was clearly inappropriate, defense counsel went about attempting to obtain information as to how to schedule the deposition at the facility that Plaintiff's counsel had, on at least two occasions, represented to the Dorchester District Court was the facility where Mr. Cowans could be located. (See Exhibit Eight annexed to Defendant's Opposition to Motion to Extend Deadlines) On April 30, 2007, defense counsel wrote to the facility requesting information on scheduling the deposition of the Plaintiff. ( See Exhibit 6, annexed hereto) Having received no response, on May 10, 2007, counsel for defendant McLaughlin telephoned the treatment facility to inquire as to what arrangements needed to be made. She was told that Mr. Cowans is not there. (See Exhibit 8, affidavit of counsel)

On May 11, 2007, counsel for defendant McLaughlin wrote to Plaintiff's counsel and requested that she be provided with a written response which detailed the necessary information on how the Plaintiff's deposition could be completed. (See Exhibit 7, annexed

5

hereto) Because of the time constraints involved, counsel requested that the response be provided by May 15, 2007.

On May 15, 2007, Plaintiff's counsel sent a letter to Defendants' counsel which is attached hereto as Exhibit 9. The May 15, 2007 letter gives rise to several disquieting observations:

1. In the letter, Plaintiff's counsel represents that *"the Office of the Commissioner of Probation from Massachusetts has been working to procure the required approvals from Arizona to have Mr. Cowans' probation transferred there. Unfortunately, Mr. Cowans' transfer was caught up in bureaucratic red tape for an extended period of time. Such a transfer is governed by interstate compact and required extensive work and oversight by individuals in Massachusetts to facilitate the transfer. Although the paperwork was begun nearly immediately upon the issuance of the court order, Mr. Cowans received permission to transfer his probation to Arizona only last week. This notification did not come until Arizona's deadline to rule on Mr. Cowans' transfer had expired on April 29, 2007".*

In fact the only probation official working on the Cowans case was seeking to have him arrested:

A check of the Roxbury and District Court records reveals:

a.   No evidence that a transfer of probation was sought by the Probation Officer handling Cowans' case. (See Exhibit 8; Affidavit of

6

Counsel). The Court docket simply reflects that on February 1, 2007, the Plaintiff was ordered to submit to urine analysis, complete the Circle Tree Ranch program, remain drug free and attend anger management programs. (See Exhibit 10, p. 2, Docket of the Dorchester District Court)

     b.  After Plaintiff's counsel was given an extension of the discovery deadlines based upon her representation to all counsel and to this Court that the Plaintiff was headed to Arizona on February 1st, 2007, the Probation Officer in the Dorchester District Court requested that the matter be advanced. Plaintiff's counsel was present in Court at that hearing. (See Exhibit 10)

     c.  On March 23, 2007, Probation Officer Micarelli filed a Notice of Probation Violation which alleged that the Plaintiff had:

          1.  Failed to complete the Circle Tree Ranch Program;

          2.  Failed to complete a program at the Arbor House in Westboro;

          3.  Failed to submit to random drug testing;

          4.  Failed to pay $45 per month in Probation fees; and

          5.  Failed to report to Probation once every 2 weeks.

          (Exhibit   11)

Thirty days later, on March 28, 2007, a default warrant was issued for the Plaintiff. (See Exhibit 10). That warrant is still outstanding.

**7**

**Dismissal is Appropriate in This Action**

It seems clear from the history outlined above, that the Plaintiff has either lost interest in the remaining defendants in this action, or simply refuses to be inconvenienced with providing his deposition.  It is equally clear that the defendants have an absolute right to depose the Plaintiff prior to trial.

In these circumstances, Rules 37(d) and 37(b)(2) authorize this Court to Dismiss the action.

Respectfully, the defendants request the Court to exercise its discretion and to dismiss the remaining portions of the lawsuit as well as to make whatever appropriate orders this Court sees fir.

By her attorney,


/s/Frances L. Robinson
Frances L. Robinson
Davis Robinson & Molloy
One Faneuil Hall

Marketplace

South Market Building
Boston, MA 02109
(617)723-7339


**CERTIFICATE OF SERVICE**

I, Frances L. Robinson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants

**8**

as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on May 29, 2007.

/s/Frances L. Robinson